**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AEGEAN MARINE PETROLEUM NETWORK INC., *et al.*,[1] | ) ) ) | Case No. 18-13374 (MEW) |
| | ) | |
| Debtors. | ) ) | (Jointly Administered) |

**INTERIM ORDER (I) AUTHORIZING THE
DEBTORS TO (A) PAY PREPETITION WAGES, SALARIES, OTHER
COMPENSATION, AND REIMBURSABLE EXPENSES AND (B) CONTINUE
EMPLOYEE BENEFITS PROGRAMS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (a) authorizing, but not directing, the Debtors to (i) pay prepetition wages, salaries, other compensation, and reimbursable expenses, and (ii) continue employee benefits programs in the ordinary course of business, including payment of certain prepetition obligations related thereto, and (b) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and

---

[1] Due to the large number of Debtors in these chapter 11 cases, for which the Debtors have requested joint administration, a complete list of the Debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at http://dm.epiq11.com/aegean. The location of Debtor Aegean Bunkering (USA) LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 52 Vanderbilt Avenue, Suite 1405, New York, New York 10017.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held at a date and time determined by the Court. The Debtors will serve notice of the Final Hearing as soon as practicable following the scheduling of the Final Hearing. Any objections or responses to entry of a final order on the Motion shall be filed by the date and time set forth in such notice, and shall be served on: (a) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Jonathan S. Henes, P.C. and Cristine Pirro Schwarzman, and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Marc Kieselstein, P.C., Ross M. Kwasteniet, P.C., Adam C. Paul, P.C., and W. Benjamin Winger; (b) the Office of The United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Brian S. Matsumoto and Andrew Velez-Rivera; (c) counsel to any statutory committee appointed in these cases; (d) counsel to the agents for each of the Debtors' secured credit facilities; (e) counsel to the Stalking Horse Bidder, Millbank, Tweed, Hadley &

McCloy LLP, 28 Liberty Street, New York, New York 10005 (Attn: Abhilash Raval, Esq. and Lauren C. Doyle, Esq.); (f) counsel to the agent under the Debtors' debtor-in-possession financing facility, Norton Rose Fulbright US LLP, 1301 McKinney, Suite 5100, Houston, Texas 77010-3095 (Attn: Louis Strubeck, Esq. and Josh Agrons, Esq.); and (g) counsel to the indenture trustee for each of the Debtors' unsecured notes. In the event no objections to entry of a final order on the Motion are timely received, the Court may enter such final order without need for the final hearing.

3. The Debtors are authorized, but not directed, to continue the Employee Compensation and Benefits in the ordinary course of business, in accordance with the Debtors' prepetition policies and practices, and, in the Debtors' discretion, to pay and honor prepetition amounts related thereto in an aggregate interim amount not to exceed $4.75 million; *provided* that, pending entry of the Final Order, the Debtors shall not honor any Employee Compensation and Benefits obligations that exceed the priority amounts set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code and shall not pay any prepetition amounts on account of Reimbursable Expenses that exceed the priority amounts set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code; *provided*, *further*, that pending entry of the Final Order, nothing herein shall be deemed to authorize the payment of any prepetition Director Compensation or any prepetition amounts on account of the Non-Insider Severance Programs; *provided*, *further*, that nothing in this Interim Order shall be deemed to authorize the payment of any amounts which are subject to section 503(c) of the Bankruptcy Code.

4. Pursuant to section 362(d) of the Bankruptcy Code: (a) Employees are authorized to proceed with their workers' compensation claims in the appropriate judicial or administrative forum under the Workers' Compensation Programs and the Debtors are authorized to pay all prepetition amounts relating thereto in the ordinary course of business and (b) the notice

requirements pursuant to Bankruptcy Rule 4001(d) with respect to clause (a) are waived. This modification of the automatic stay pertains solely to claims under the Workers' Compensation Program.

5. The Debtors are authorized to forward any unpaid amounts on account of Deductions or Withholding Obligations to the appropriate third-party recipients or taxing authorities in accordance with the Debtors' prepetition policies and practices.

6. The Debtors are authorized to pay costs and expenses incidental to payment of the Employee Compensation and Benefits obligations, including all administrative and processing costs and payments to outside professionals.

7. Nothing contained herein is intended or should be construed to create an administrative priority claim on account of the Employee Compensation and Benefits obligations.

8. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights or the rights of any other Person under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserves their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

9. Nothing in the Motion or this Interim Order shall impair the ability of the Debtors to contest the validity or amount of any payment made pursuant to this Interim Order.

10. Notwithstanding the relief granted herein or any action taken hereunder, nothing contained in this Interim Order shall create any rights in favor of, or enhance the status of any claim held by, any Employee, Contractor, or other person or entity.

11. The banks and financial institutions on which checks were drawn or electronic fund transfer requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic fund transfer requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic fund transfer request as approved by this Interim Order.

12. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Employee Compensation and Benefits.

13. Nothing in this Interim Order authorizes the Debtors to accelerate any payments not otherwise due prior to the date of the Final Hearing.

14. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

15. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

16. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

17. Notwithstanding the relief granted in this Interim Order, any payment made or to be made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with any orders entered by the Court approving the Debtors' entry into any postpetition debtor-in-possession financing facility and any budget in connection therewith and/or authorizing the Debtors' use of cash collateral and any budget in connection therewith (in either case, the "<u>DIP Order</u>"). To the extent there is any inconsistency between the terms of the DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

18. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

19. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

New York, New York  
Dated: **November 9th, 2018**

                                          **/s/ STUART M. BERNSTEIN**  
                                          UNITED STATES BANKRUPTCY JUDGE