**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AEGEAN MARINE PETROLEUM NETWORK | ) | Case No. 18-13374 (MEW) |
| INC., *et al*.,[1] | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO
(A) CONTINUE TO OPERATE THEIR CASH MANAGEMENT SYSTEM AND
MAINTAIN EXISTING BANK ACCOUNTS AND (B) CONTINUE TO PERFORM
INTERCOMPANY TRANSACTIONS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an interim order (this "Interim Order") (a) authorizing the Debtors to (i) continue to operate their cash management system and maintain their existing bank accounts, including honoring certain prepetition obligations related thereto and (ii) continue intercompany transactions and funding consistent with historical practice, as modified as set forth herein and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this

---

[1] Due to the large number of Debtors in these chapter 11 cases, for which the Debtors have requested joint administration, a complete list of the Debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at http://dm.epiq11.com/aegean. The location of Debtor Aegean Bunkering (USA) LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 52 Vanderbilt Avenue, Suite 1405, New York, New York 10017.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis only as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held at a date and time determined by the Court. The Debtors will serve notice of the Final Hearing as soon as practicable following the scheduling of the Final Hearing. Any objections or responses to entry of a final order on the Motion shall be filed by the date and time set forth in such notice, and shall be served on: (a) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Jonathan S. Henes, P.C. and Cristine Pirro Schwarzman, and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Marc Kieselstein, P.C., Ross M. Kwasteniet, P.C., Adam C. Paul, P.C., and W. Benjamin Winger; (b) the Office of The United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Brian S. Matsumoto and Andrew Velez-Rivera; (c) counsel to any statutory committee appointed in these cases; (d) counsel to the agents for each of the Debtors' secured credit facilities; (e) counsel to the Stalking Horse Bidder, Millbank, Tweed, Hadley &

McCloy LLP, 28 Liberty Street, New York, New York 10005 (Attn: Abhilash Raval, Esq. and Lauren C. Doyle, Esq.); (f) counsel to the agent under the Debtors' debtor-in-possession financing facility, Norton Rose Fulbright US LLP, 1301 McKinney, Suite 5100, Houston, Texas 77010-3095 (Attn: Louis Strubeck, Esq. and Josh Agrons, Esq.); and (g) counsel to the indenture trustee for each of the Debtors' unsecured notes. In the event no objections to entry of a final order on the Motion are timely received, the Court may enter such final order without need for the final hearing.

3. Subject to the limitations of this Interim Order, the Debtors are authorized, but not directed, to: (a) continue using the Cash Management System as described in the Motion and honor any prepetition obligations related to the use thereof; (b) designate, maintain, close, and continue to use on an interim basis any or all of their existing Bank Accounts, including, but not limited to, the Bank Accounts identified on **Exhibit C** attached to the Motion, in the names and with the account numbers existing immediately before the Petition Date; (c) deposit funds in and withdraw funds from the Bank Accounts by all usual means, including checks, electronic fund transfers, ACH transfers, and other debits or electronic means; (d) treat their prepetition Bank Accounts for all purposes as debtor in possession accounts; and (e) open new debtor in possession Bank Accounts.

4. The Debtors are authorized, but not directed, to continue using the Purchase Cards and the Purchase Card Program in the ordinary course of business and consistent with prepetition practices, including by paying obligations outstanding with respect thereto, subject to the limitations of this Interim Order and any interim and final order(s) of this Court granting the *Debtors' Motion For Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs and (II) Granting Related Relief [Docket No [●]]*.

5. The Debtors are authorized, but not directed, to continue using, in their present form, the Business Forms (including Purchase Cards), as well as checks and other documents related to the Bank Accounts existing immediately before the Petition Date, and maintain and continuing using, in their present form, the Books and Records *provided, however*, that once the Debtors have exhausted their existing stock of U.S. Business Forms, they shall ensure that any new Business Forms are clearly labeled "Debtor In Possession" and *provided, further*, that with respect to any U.S. Business Forms that are generated electronically, the Debtors shall ensure that such electronic Business Forms are clearly labeled "Debtor In Possession."

6. Except as otherwise provided in this Interim Order and only to the extent funds are available in each applicable Bank Account, all Cash Management Banks at which the Bank Accounts are maintained are directed to continue to service and administer the Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course, and to receive, process, honor, and pay any and all checks, drafts, electronic fund transfers, and ACH transfers issued, whether before or after the Petition Date, and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be.

7. The Cash Management Banks are authorized to charge, and the Debtors are authorized to pay, honor, or allow any Bank Fees or charges associated with the Bank Accounts, and charge back returned items to the Bank Accounts in the ordinary course.

8. As soon as practicable after entry of this Interim Order, the Debtors shall serve a copy of this Interim Order on the Cash Management Banks.

9. The Debtors are authorized, but not directed to: (a) pay undisputed prepetition amounts outstanding as of the Petition Date, if any, owed in the ordinary course to the Cash Management Banks as service charges for the maintenance of the Cash Management System; and

(b) reimburse the Cash Management Banks for any claims arising before or after the Petition Date in connection with customer checks deposited with the Cash Management Banks that have been dishonored or returned as a result of insufficient funds in the Bank Accounts in the ordinary course of business, to the same extent the Debtors were responsible for such items prior to the Petition Date.

10. The Debtors are authorized, but not directed, to enter into and engage in the Intercompany Transactions, including Intercompany Transactions with Non-Debtor Affiliates, and to take any actions related thereto on the same terms as, and materially consistent with, the Debtors' operation of the business in the ordinary course during the prepetition period. Each payment (or other transfer of cash) from a Debtor to another Debtor under any Postpetition Intercompany Transaction hereby grants to the applicable transferring Debtor a valid, binding, continuing, enforceable, fully-perfected, non-avoidable first priority security interest in such transferred cash, the bank account where such cash is held, and the receivable held by the transferee Debtor if such cash is further transferred by such Debtor and is hereby accorded administrative expense status under section 503(b) of the Bankruptcy Code.

11. The Debtors are authorized, but not directed, to set off mutual postpetition obligations relating to intercompany receivables and payables through the Cash Management System. In connection therewith, the Debtors shall continue to maintain current records with respect to all transfers of cash so that all transactions, including Intercompany Transactions, may be readily ascertained, traced, and recorded properly on applicable intercompany accounts.

12. Those certain deposit agreements existing between the Debtors and the Cash Management Banks shall continue to govern the postpetition cash management relationship between the Debtors and the Cash Management Banks and, subject to applicable bankruptcy or

other law, all of the provisions of such agreements, including the termination, fee provisions, rights, benefits, offset rights and remedies afforded under such agreements shall remain in full force and effect absent further order of the Court or, with respect to any such agreement with any Cash Management Bank (including, for the avoidance of doubt, any rights of a Cash Management Bank to use funds from the Bank Accounts to remedy any overdraft of another Bank Account to the extent permitted under the applicable deposit agreement), unless the Debtors and such Cash Management Bank agree otherwise, and any other legal rights and remedies afforded to the Cash Management Banks under applicable law shall be preserved, subject to applicable bankruptcy law.

13. Except as otherwise set forth herein, the Debtors and the Cash Management Banks may, without further order of the Court, agree and implement changes to the Cash Management System and procedures in the ordinary course of business.

14. The Debtors are authorized to open new bank accounts so long as the Debtors provide notice to the U.S. Trustee and the Notice Parties of the opening of such account; *provided* that all accounts opened by any of the Debtors on or after the Petition Date at any bank shall, for purposes of this Interim Order, be deemed a Bank Account as if it had been listed on **Exhibit C** attached to the Motion.

15. The relief granted in this Interim Order is extended to any new bank account opened by the Debtors after the date hereof, which account shall be deemed a Bank Account, and to the bank at which such account is opened, which bank shall be deemed a Cash Management Bank.

16. In the event that any third party deposits funds (whether before, on or after, the Petition Date) into a Bank Account other than the Bank Account identified by the Debtors to such third party, such funds shall as soon as reasonably practicable be swept into the correct account.

17. Section 345 of the Bankruptcy Code and any provision of the U.S. Trustee Guidelines requiring that the Bank Accounts be U.S. Trustee authorized depositories is waived with respect to the Bank Accounts existing as of the Petition Date; provided, however, that, pending entry of a Final Order, the Debtors will consult in good faith with the U.S. Trustee regarding the operation of the Cash Management System and potential arrangements (if any) for bringing the Bank Accounts into compliance with section 345.

18. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Interim Order or any payment made pursuant to this Interim Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtors (other than as provided for herein), a waiver of the Debtors' rights to subsequently dispute such claim or lien (other than such claim or lien provided for herein), or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

19. Notwithstanding any other provision of this Interim Order, should a Cash Management Bank honor a prepetition check or other item drawn on any account that is the subject of this Interim Order (a) at the direction of the Debtors to honor such prepetition check or item, (b) in a good faith belief that the Court has authorized such prepetition check or item to be honored, or (c) as the result of an innocent mistake made despite implementation of customary item handling procedures, the Cash Management Bank shall not be deemed to be nor shall be liable to the Debtors or their estates or otherwise be in violation of this Interim Order. Without limiting the foregoing, any of the Cash Management Banks may rely on the representations of the Debtors with respect to whether any check or other payment order drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this or any other order of the Court, and such Cash

Management Bank shall not have any liability to any party for relying on such representations by the Debtors as provided for herein.

20. Nothing contained herein shall prevent the Debtors from closing any Bank Accounts as they may deem necessary and appropriate, to the extent consistent with any orders of this Court relating thereto, any relevant bank is authorized to honor the Debtors' requests to close such Bank Accounts, and the Debtors shall give written notice of the closure of any account to the U.S. Trustee.

21. Notwithstanding entry of this Interim Order, nothing herein shall create, or is intended to (i) create, any rights in favor of or enhance the status of any claim held by any party or (ii) alter or impair any security interest or perfection thereof, in favor of any person or entity, that existed as of the Petition Date.

22. Notwithstanding the relief granted in this Interim Order, any relief granted herein or payment made or to be made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with any orders entered by the Court approving the Debtors' entry into any postpetition debtor-in-possession financing facility and any budget in connection therewith and/or authorizing the Debtors' use of cash collateral and any budget in connection therewith (in either case, the "<u>DIP Order</u>"). To the extent there is any inconsistency between the terms of the DIP Order and any relief granted or action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

23. If no objections to the relief granted herein on a permanent basis are timely served and filed in accordance with this Interim Order, the Court may enter a final order granting the relief herein without further notice or hearing.

24. All time periods set forth in this Interim Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

25. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

26. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

27. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

28. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

29. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

New York, New York
Dated: **November 9th, 2018**

                                                     **/s/ STUART M. BERNSTEIN**
                                                     UNITED STATES BANKRUPTCY JUDGE