# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AEGEAN MARINE PETROLEUM NETWORK INC., *et al.*,[1] | ) | Case No. 18-13374 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## INTERIM ORDER (I) AUTHORIZING THE PAYMENT OF FOREIGN CLAIMS, LIEN CLAIMS, 503(B)(9) CLAIMS, AND HSE AND OTHER CLAIMS, (II) CONFIRMING ADMINISTRATIVE EXPENSE PRIORITY OF OUTSTANDING PURCHASE ORDERS, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Interim Order") (a) authorizing, but not directing, the Debtors to pay in the ordinary course of business all prepetition and postpetition amounts owing on account of (i) Foreign Claims, (ii) Lien Claims, (iii) 503(b)(9) Claims, and (iv) HSE and Other Claims; (b) confirming the administrative expense priority of Outstanding Purchase Orders and authorizing the payment of such obligations in the ordinary course of business; and (c) granting certain related relief, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; this Court having

---

[1] Due to the large number of Debtors in these chapter 11 cases, for which the Debtors have requested joint administration, a complete list of the Debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at http://dm.epiq11.com/aegean. The location of Debtor Aegean Bunkering (USA) LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 52 Vanderbilt Avenue, Suite 1405, New York, New York 10017.

[2] Capitalized terms used but not immediately defined herein have the meanings given to such terms in the Motion.

found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.     The Motion is granted on an interim basis as set forth herein.

2.     The final hearing (the "Final Hearing") on the Motion shall be held at a date and time determined by the Court.  The Debtors will serve notice of the Final Hearing as soon as practicable following the scheduling of the Final Hearing.  Any objections or responses to entry of a final order on the Motion shall be filed by the date and time set forth in such notice, and shall be served on:  (a) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn:  Jonathan S. Henes, P.C. and Cristine Pirro Schwarzman, and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Marc Kieselstein, P.C., Ross M. Kwasteniet, P.C., Adam C. Paul, P.C., and W. Benjamin Winger; (b) the Office of The United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn:  Brian S. Matsumoto and Andrew Velez-Rivera; (c) counsel to any statutory committee appointed in these cases; (d) counsel to the agents for each of the Debtors'

secured credit facilities; (e) counsel to the Stalking Horse Bidder, Millbank, Tweed, Hadley & McCloy LLP, 28 Liberty Street, New York, New York 10005 (Attn: Abhilash Raval, Esq. and Lauren C. Doyle, Esq.); (f) counsel to the agent under the Debtors' debtor-in-possession financing facility, Norton Rose Fulbright US LLP, 1301 McKinney, Suite 5100, Houston, Texas 77010-3095 (Attn: Louis Strubeck, Esq. and Josh Agrons, Esq.); and (g) counsel to the indenture trustee for each of the Debtors' unsecured notes. In the event no objections to entry of a final order on the Motion are timely received, the Court may enter such final order without need for the final hearing.

3.    The Debtors are authorized, but not directed, to pay prepetition Specified Trade Claims on account of the following, if they determine in their business judgement that such payments are necessary to prevent **immediate** harm to the business, up to the aggregate corresponding amounts:**[SMB: 11/9/18]**

      a.      Foreign Claims up to $3 million;

      b.      Lien Claims up to $4.3 million;

      c.      503(b)(9) Claims up to $11.1 million; and

      d.      HSE and Other Claims in the ordinary course of business.

4.    As a condition to receiving payment on account of Specified Trade Claims, the Debtors at their discretion may require, by written agreement, such parties to (a) continue supplying goods and services to the Debtors on trade terms that are at least as favorable to the Debtors as those in effect prior to the Petition Date and (b) agree that they shall not be permitted to cancel on less than 90 days' notice any contract or agreement pursuant to which they provide services to the Debtors (the "<u>Agreed Terms</u>"). The Debtors' reserve the right to require more favorable trade terms with any Specified Trade Claimant as a condition to payment of any prepetition claim.

5.      If any Specified Trade Claimant accepts payment pursuant to this Interim Order for a prepetition obligation of the Debtors premised on compliance with paragraph 4 above, and thereafter fails to comply with the Agreed Terms, or such other terms agreed to by the Debtors (including, for the avoidance of doubt, any prepetition arrangement), any payments made pursuant to this Interim Order shall be deemed an avoidable post-petition transfer under section 549 of the Bankruptcy Code, and the Specified Trade Claimant shall be required to immediately repay to the Debtors any payment made to it on account of its asserted claim to the extent the aggregate amount of such payments exceeds the post-petition obligations then outstanding, without the right of any setoffs, claims, provision for payment of reclamation or trust fund claims or otherwise.  Upon recovery by the Debtors, the Specified Trade Claims shall be reinstated as a prepetition claim in the amount so recovered.  The Debtors shall provide a copy of this Interim Order to the applicable party prior to such party's acceptance of any payment hereunder.  Any party that accepts payment from the Debtors on account of a Specified Trade Claim under this paragraph shall be deemed to have agreed to the terms and provisions hereof.

6.      All undisputed obligations related to the Outstanding Purchase Orders are granted administrative expense priority in accordance with section 503(b)(1)(A) of the Bankruptcy Code. The Debtors are authorized to pay all undisputed amounts related to the Outstanding Purchase Orders in the ordinary course of business consistent with the parties' customary practices in effect prior to the Petition Date.

7.      The banks and financial institutions on which checks were drawn or electronic fund transfer requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic fund transfer requests when presented for payment, and all such banks and financial institutions are authorized to rely on the

Debtors' designation of any particular check or electronic fund transfer request as approved by this Interim Order.

8.        Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Interim Order or any payment made pursuant to this Interim Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtors, a waiver of the Debtors' rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

9.        Nothing in this Interim Order authorizes the Debtors to accelerate any payments not otherwise due prior to the date of the Final Hearing.

10.        The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Specified Trade Claim.

11.        The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

12.        Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

13.        Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

14.        The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

15.     Notwithstanding the relief granted in this Interim Order, any payment made or to be made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with any orders entered by the Court approving the Debtors' entry into any postpetition debtor-in-possession financing facility and any budget in connection therewith and/or authorizing the Debtors' use of cash collateral and any budget in connection therewith (in either case, the "DIP Order").  To the extent there is any inconsistency between the terms of the DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

16.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

New York, New York
Dated: **November 9th, 2018**

 **/s / STUART M. BERNSTEIN**
  UNITED STATES BANKRUPTCY JUDGE