**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re:                                                          )
                                                                )   **Chapter 11**
**AEGEAN MARINE PETROLEUM NETWORK**   )
**INC.,** *et al.*,[1]                                           )   **Case No. 18-13374 (MEW)**
                                                                )
            Debtors.                                            )   **(Jointly Administered)**
------------------------------------------------------------------x

### ORDER ESTABLISHING CERTAIN NOTICE, CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES

Upon the motion (the "Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order") approving and implementing certain notice, case management, and administrative procedures; and it appearing that the modified version of the proposed procedures that are annexed hereto as **Exhibit 1** (the "Case Management Procedures") will assist in the efficient handling of these cases,

**IT IS HEREBY ORDERED:**

1. The Case Management Procedures, as set forth in **Exhibit 1** attached hereto, shall govern all applicable aspects of these chapter 11 cases, except as otherwise ordered by this Court.

2. The first four Omnibus Hearings are scheduled as follows:

- 11:00 a.m. on the 16th day of January;
- 11:00 a.m. on the 13th day of February
- 11:00 a.m. on the 13th day of March.
- 11:00 a.m. on the 17th day of April;

---

[1] Due to the large number of Debtors in these chapter 11 cases, which are being jointly administered, a complete list of the Debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at http://dm.epiq11.com/aegean. The location of Debtor Aegean Bunkering (USA) LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 52 Vanderbilt Avenue, Suite 1405, New York, New York 10017.

3. The Debtors' claims and noticing agent, Epiq, is authorized to establish the Case Website, available at http://dm.epiq11.com/aegean, where, among other things, electronic copies of all Court Filings will be posted and viewable free of charge.

4. Any notice sent by the Debtors or any other party in interest that includes the disclosure contained at footnote 1 of Exhibit 1 shall be deemed to comply with the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5. All time periods set forth in this Order or in the Case Management Procedures shall be calculated in accordance with Bankruptcy Rule 9006.

6. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
        November 27, 2018

                                       **s/Michael E. Wiles**
                                       HONORABLE MICHAEL E. WILES
                                       UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT 1**

**Case Management Procedures**

# **EXHIBIT 1**

**Case Management Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
In re:                                                          )
                                                                )   **Chapter 11**
**AEGEAN MARINE PETROLEUM NETWORK**                             )
**INC.**, *et al.*,[1]                                          )   **Case No. 18-13374 (MEW)**
                                                                )
              Debtors.                                          )   **(Jointly Administered)**
----------------------------------------------------------------x

## CASE MANAGEMENT PROCEDURES

All notices, motions, applications, briefs, memoranda, affidavits, declarations, objections, responses, and other documents filed in these chapter 11 cases are subject to these Case Management Procedures. *Accordingly, all parties in interest are strongly encouraged to review these Case Management Procedures in their entirety and consult their own legal counsel with respect to any of the matters discussed herein before filing any documents in these chapter 11 cases.*

**I.    Hearing and Motion Procedures.**

1.    *Matters to be Heard at Omnibus Hearings*.  Except as set forth in paragraphs 4, 17 and 32, all notices, motions, applications, and other requests for relief and documents filed in support of such papers seeking relief (collectively, the "Requests for Relief"), and all objections and responses to such Requests for Relief (collectively, the "Objections," and together with the Requests for Relief and all other filed documents, the "Court Filings"), shall be considered at periodic omnibus hearings (the "Omnibus Hearings").

---

[1] Due to the large number of Debtors in these chapter 11 cases, which are being jointly administered, a complete list of the Debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at http://dm.epiq11.com/aegean.  The location of Debtor Aegean Bunkering (USA) LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 52 Vanderbilt Avenue, Suite 1405, New York, New York 10017.

2. ***Omnibus Hearing Dates***. The first four Omnibus Hearings are scheduled as follows:

- 11:00 a.m. on the 16th day of January;
- 11:00 a.m. on the 13th day of February;
- 11:00 a.m. on the 13th day of March; and
- 11:00 a.m. on the 17th day of April.

At or before the Omnibus Hearing held on March 13, 2018, the Debtors shall request that the Bankruptcy Court schedule additional Omnibus Hearings. The Bankruptcy Court shall schedule such Omnibus Hearings and, upon scheduling, Epiq shall post the dates of the additional Omnibus Hearings on http://dm.epiq11.com/aegean (the "Case Website"). Parties may contact Epiq for information concerning all scheduled Omnibus Hearings.

3. ***Requests for Relief to Be Heard at Omnibus Hearing***. In accordance with Local Rule 9006-1(b), in the event that a party files and serves a Request for Relief at least fourteen (14) days before the next Omnibus Hearing, the matter shall be set for hearing at such Omnibus Hearing. If a Request for Relief is served by overnight delivery, it must be filed and served at least fifteen (15) calendar days before the next Omnibus Hearing. If a Request for Relief is served by U.S. mail only, it must be filed and served at least seventeen (17) calendar days before the next Omnibus Hearing. If a Request for Relief is filed by a party other than the Debtors and purports to set a hearing date inconsistent with these Case Management Procedures, the Request for Relief shall be heard, without the necessity of a Court order, at the first Omnibus Hearing after the applicable notice period has expired.

4. ***Emergency Scheduling Procedures***. If a movant or applicant other than the Debtors determine that a Request for Relief requires emergency or expedited relief, the movant or

applicant shall contact attorneys for: (a) the Debtors and (b) the official committee of unsecured creditors (if any) appointed in these chapter 11 cases (the "Committee"), if applicable, by telephone and request that the Request for Relief be considered on an expedited basis. Thereafter, the movant or applicant shall (a) inform the Bankruptcy Court by telephone of the request for expedited relief; (b) explain whether the Debtors or the Committee disagrees with the request; and (c) if such disagreement exists, arrange for a chambers conference, telephonic or in-person, to discuss the disagreement. If the Bankruptcy Court agrees with the movant or applicant regarding the necessity for expedited consideration, the movant or applicant may, by order to show cause, request an expedited hearing.

5. *Notices of Requests for Relief*. A notice shall be affixed to the front of each Request for Relief and shall set forth: (a) the title of the Request for Relief; (b) the time and date of the objection deadline; (c) the parties on whom any objection is to be served; and (d) the Omnibus Hearing date at which the party intends to present the Request for Relief. The notice may also include a statement that the relief requested therein may be granted, pursuant to Local Bankruptcy Rule 9074-1, without a hearing if no objection is timely filed and served in accordance with the Case Management Procedures (each, a "Presentment Notice"). If the notice filed with a Request for Relief includes a Presentment Notice, after the objection deadline has passed and if no objection has been filed and served in accordance with these Case Management Procedures, counsel to the party who filed the Request for Relief may file a certification that no objection has been filed or served on them, and may request that the Bankruptcy Court grant the relief and enter an order without a hearing.

6. ***Requests for Relief to Include Proposed Order***. Parties submitting written motions or other Requests for Relief shall be required to include a proposed order with such Request for Relief.

7. ***Deadline for Objections***. Any Objection to a Request for Relief must be filed with the Bankruptcy Court and served upon the party filing the Request for Relief and those parties on the Service List by the following deadlines (each, as applicable, the "Objection Deadline"):

   a. in the case of a Request for Relief filed more than 21 days before the applicable hearing, 4:00 p.m. (prevailing Eastern Time), ten calendar days before the applicable hearing;

   b. in the case of a Request for Relief filed 14 or more days before the applicable hearing, 4:00 p.m. (prevailing Eastern Time), seven calendar days before the applicable hearing;

   c. in the case of a Request for Relief set for hearing on an expedited basis and filed fewer than 10 days before the applicable hearing, at such time as the Bankruptcy Court shall specify in the Order permitting the Request for Relief to be filed on expedited notice; or

   d. in any case, at such other date as is specified in an Order issued by the Bankruptcy Court.

8. ***Extension of Objection Deadline***. The Objection Deadline for a particular matter may be extended without order of the Bankruptcy Court upon the consent of the party filing the Request for Relief, which consent may be granted via email; *provided, however*, that an Objection Deadline may not be extended to a date that is less than 3 calendar days prior to the scheduled return date without the approval of the Bankruptcy Court.

9. ***Replies to Objections***.  If a Court Filing is a reply to an Objection, such reply shall be filed with the Bankruptcy Court and served so as to actually be received by not later than 12:00 p.m. (prevailing Eastern Time) on the second business day prior to the applicable hearing date, unless otherwise directed by the Bankruptcy Court.

10. ***Certificate of No Objection***.  If no Objection to a Request for Relief is filed and served in a timely fashion in accordance with the applicable Objection Deadline, the movant may submit a proposed order granting the Request for Relief to the Bankruptcy Court along with a certificate of no objection ("Certificate of No Objection") stating that no Objection has been filed or served on the movant.  By filing such certification, counsel for the movant represents to the Bankruptcy Court that the movant is unaware of any Objection to the Request for Relief and that counsel has reviewed the Bankruptcy Court's docket and no Objection appears thereon.  Upon receipt of a Certificate of No Objection, the Bankruptcy Court may enter an order granting the Request for Relief without further pleading, hearing, or request.  After a Certificate of No Objection has been filed, the Request for Relief may be heard at the next Omnibus Hearing if the Bankruptcy Court does not enter an order granting the Request for Relief before such Omnibus Hearing.

11. ***Settlements***.  In the event that relevant parties come to an agreement on a proposed settlement resolving a dispute before the Bankruptcy Court and the Bankruptcy Court determines that the notice of the dispute and the hearing is adequate notice of the effects of such settlement (*i.e.*, that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Bankruptcy Court may approve the settlement at the scheduled hearing without further notice of the terms of the settlement.  **Parties shall contact**

**the Bankruptcy Court's chambers as soon as possible in the event that a matter that is properly noticed for hearing is settled prior to the scheduled hearing.**

12. *Proposed Omnibus Hearing Agenda*. Three business days before each Omnibus Hearing, the Debtors' counsel shall file a proposed agenda with regard to the matters scheduled to be heard at such Omnibus Hearing (the "Proposed Hearing Agenda"). The Proposed Hearing Agenda may include notice of matters that have been consensually adjourned to a later Omnibus Hearing in lieu of parties filing a separate notice of adjournment; *provided* that for all matters adjourned to a later Omnibus Hearing or some other future date, the Debtors also will electronically file (but need not serve) a notice of adjournment with respect to such matters.

13. *Content of Proposed Hearing Agenda*. The Proposed Hearing Agenda will include, to the extent known by the Debtors' counsel: (a) the docket number and title of each matter scheduled to be heard at such Omnibus Hearing, including the initial filing and any objections, replies, or documents related thereto; (b) whether the matters are contested or uncontested; (c) whether the matters have settled or are proposed to be continued; (d) a suggestion for the order in which the matters should be addressed; and (e) any other comments that will assist the Bankruptcy Court.

14. *Evidentiary Hearings*. Any Court Filing requesting or requiring the Bankruptcy Court to make a factual finding must be supported by competent evidence (*e.g.*, declarations, affidavits, and exhibits). However, with respect to any Court Filing, if Objections are filed, the Omnibus Hearing shall not be deemed an evidentiary hearing at which witnesses may testify unless the Court notifies the parties, in advance of the hearing, that evidence will be received at the hearing.

6

15. ***Telephonic Appearances***.  A party desiring to participate in a hearing telephonically must consult chambers' rules regarding telephonic appearances, which discourage such appearances if counsel intends to make substantive argument, and request permission from chambers and notify the Debtors' counsel at least 48 hours before the applicable hearing.  If chambers permits telephonic participation, the party participating telephonically must arrange such participation with CourtCall, adhering to the procedures for telephonic participation applicable in the Bankruptcy Court.  Those parties participating by phone may not use speakerphones unless expressly authorized by the Bankruptcy Court.[2]  Parties participating by phone must put their phones on "mute," except when they need to be heard, and are not to put their phones on "hold" in any circumstances.

16. ***Listen-Only Lines***.  Any party may attend hearings through a listen-only line (each, a "Listen-Only Line") by arranging such Listen-Only Line with CourtCall.  For the avoidance of doubt, any party wishing to use a Listen-Only Line need not seek prior permission from the Debtors or the Bankruptcy Court.

17. ***Matters that May Be Heard at Non-Omnibus Hearings***.  The following matters may be considered on dates other than Omnibus Hearing Dates:

- hearings in connection with applications for professional compensation and reimbursement;

- pre-trial conferences (*provided however*, that initial pre-trial conferences scheduled in connection with adversary proceedings involving the Debtors shall

---

[2] Because of technical limitations of the equipment and the way speakerphones disrupt proceedings in the courtroom, speakerphone authorizations usually will not be granted.

7

   be set on the next available Omnibus Hearing date that is at least 45 days after the filing of the complaint);

- trials of adversary proceedings; or

- motions seeking approval of a disclosure statement or confirmation of a plan.

**II. Filing Procedures.**

18. *Filings*. All Court Filings filed in these chapter 11 cases shall be filed electronically with the Bankruptcy Court on the docket of *In re Aegean Marine Petroleum Network Inc.*, Case No. 18-13374 (MEW), in accordance with the Bankruptcy Court's General Order M-399, by registered users of the Bankruptcy Court's electronic case filing system (the "Electronic Filing System").

19. ***Courtesy Copies to the U.S. Trustee***. Pursuant to Local Rule 9070-1, at least one hard copy of any Court Filing (other than proofs of claim) shall be delivered by first class mail to the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Brian S. Masumoto and Andrew Velez-Rivera.

20. ***No Courtesy Copies to Court.*** Parties should **NOT** submit hard copies of Court Filings to chambers, unless otherwise directed.

**III. Service Lists.**

21. *Master Service List*. Epiq shall maintain a master service list (the "Master Service List"). The Master Service List shall be made available by (i) accessing the Case Website, (ii) contacting the Claims and Noticing Agent directly, or (iii) contacting the Debtors' counsel directly. The Master Service List shall include the following parties:

  a) the Office of the U.S. Trustee for the Southern District of New York;

  b) the Debtors and their counsel;

c)     the Committee and its counsel;

d)     holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis);[3]

e)     the agents under the Debtors' prepetition secured credit facilities and their counsel;

f)     the agents under the Debtors' proposed postpetition debtor-in-possession financing facilities and their respective counsel (if any);

g)     counsel to the ad hoc group of certain holders of the Debtors' prepetition convertible unsecured notes;

h)     counsel to any entity that is anticipated to serve as the stalking horse bidder in any contemplated postpetition auction for the Debtors' assets;

i)     the indenture trustees under the Debtors' prepetition convertible unsecured notes and their counsel;

j)     the United States Attorney's Office for the Southern District of New York;

k)     the Internal Revenue Service;

l)     the United States Securities and Exchange Commission;

m)     the office of the attorneys general for the states in which the Debtors operate; and

n)     any party that has requested notice pursuant to Bankruptcy Rule 2002.

---

[3] Once the Committee is appointed and counsel is retained, holders of the 30 largest unsecured claims against the Debtors shall not be included in the Master Service List.

9

22. ***Rule 2002 List***. Epiq shall maintain a list of all parties that have filed a request to receive service of Court Filings pursuant to Bankruptcy Rule 2002 (each, a "2002 Notice Request") (the "2002 List"). Requests for notice shall comply with the following requirements:

a) ***Certification Opting Out of Email Service***. Parties who file 2002 Notice Requests should specify email addresses at which service may be made. Any party filing a 2002 Notice Request who does not maintain (and cannot practicably obtain) an email address and thereafter cannot receive service by email must include in the 2002 Notice Request a certification to that effect (each, a "Certification"). A Certification shall include a statement certifying that the party (a) does not maintain an email address and (b) cannot practicably obtain an email address at which the party could receive service. Such party will thereafter receive paper service in accordance with the Case Management Procedures.

b) ***Failure to Specify an Email Address***. If a 2002 Notice Request fails to include an email address or a Certification, the Debtors shall forward a copy of the Case Management Procedures to such party within five business days requesting an email address. If no email address or Certification is provided in response to such request, such party shall not be added to the 2002 List or served with copies of Court Filings unless such Court Filings directly affect such party.

c) ***Changes in Information***. Each party submitting a 2002 Notice Request is responsible for filing with the Bankruptcy Court an updated 2002 Notice Request as necessary to reflect changes to any notice information and must serve a copy of such updated 2002 Notice Request upon the Debtors.

23. *Maintenance of the Service List*. At least every 15 days during the first 60 days of these chapter 11 cases, and at least every 30 days thereafter, Epiq shall update the Service List by making any additions and deletions and post the updated Service List on the Case Website.

**IV. Service Procedures.**

24. *Parties Entitled to Service*. All Court Filings (other than proofs of claim) shall be served on the parties listed on the Master Service List and, to the extent not already included on the Master Service List, the following additional persons and entities:

    a. in the case of any use, sale, lease, or abandonment of substantially all of the Debtors' property, on each party asserting an interest in that property;

    b. in the case of any relief from or modification of the automatic stay, on each party asserting a lien or other encumbrance on the affected property;

    c. in the case of the use of cash collateral or obtaining of credit, on each party asserting an interest in the cash collateral or a lien or other interest in property upon which a lien or encumbrance is proposed to be granted;

    d. in the case of a motion under Bankruptcy Rule 9019, on all parties to the relevant compromise and settlement, or that may be directly affected by such compromise or settlement;

    e. in the case of assumption, assignment, or rejection of an executory contract or an unexpired lease, on each party to the executory contract or the unexpired lease;

    f. in the case of any Objection, opposition, response, reply, or further document filed directly in response to another party's Court Filing, on such other party;

  g. on all other persons with a particularized interest in the subject matter of a specific Court Filing;

  h. on all parties as required by the Bankruptcy Rules, unless otherwise directed by the Bankruptcy Court; and

  i. in any case, on any other party as directed by the Bankruptcy Court.

25. ***Electronic Service***.  All Court Filings (other than service of a summons and complaint in an adversary proceeding or documents filed under seal) shall be served via email except as to those parties who have filed Certifications opting out of email service as specified in paragraph 22(a).  Email service shall be deemed to constitute proper service for all parties who have not opted out of email service pursuant to the terms of paragraph 22(a).  Subject to the limited exclusions, each party that files a notice of appearance and a 2002 Notice Request shall be deemed to have consented to electronic service of all Court Filings.

  a. ***Email Subject Line***.  With respect to the service of any Court Filing, the subject line of the email shall include (i) the Debtors' case name and number *In re Aegean Marine Petroleum Network Inc.*, Case No. 18-13374 (MEW), (ii) the name of the party filing such Court Filing, and (iii) the title of the Court Filing being served.  If the title of the Court Filing is too long to fit within the subject line of the email, the subject line shall contain a shortened version of such title, and the text of the email shall contain the full title of such Court Filing.

  b. ***Email Attachments***.  All Court Filings served by email shall include the entire document, including any proposed forms of order and exhibits, attachments, or other materials, in PDF, readable by Adobe Acrobat or other equivalent document reader programs commonly available without cost.  The relevant Court Filing shall either be

12

attached to the email in a format specified above or the email shall contain a link to such filing in such format. Notwithstanding the foregoing, if a Court Filing cannot be attached to an email (because of its size, technical difficulties, or other concerns), the filing party may serve the Court Filing by U.S. mail, including the proposed forms of order and any exhibits, attachments, and other relevant materials; *provided* that the Court Filing is served by hand or overnight delivery on the Service List.

26. ***Paper Service of Certain Affected Entities***. To the extent an Affected Entity's email address is not available, the Debtors (or any other party filing a Court Filing) shall serve such Affected Entity with paper copies by first class mail or private mail service.

27. ***No Additional Time Based on Electronic Service***. If any Court Filing is filed and served electronically via the Electronic Filing System, for the avoidance of doubt, the filing deadlines requiring three additional days' notice set forth in Rule 9006(f) of the Federal Rules of Bankruptcy Procedure where service is effected by mail, by leaving with the clerk, or by other means consented to, do not apply.

28. ***Certificates of Service***. Certificates of service for all Court Filings, including the Service List, need only be filed with the Bankruptcy Court.

29. ***Right to Request Special Notice Procedures***. Nothing in the Case Management Procedures shall prejudice the right of any party to seek an amendment or waiver of the provisions of the Case Management Procedures upon a showing of good cause including, without limitation, the right to file a motion seeking emergency *ex parte* relief or relief upon shortened notice.

**V.    Form of Papers.**

30. ***Length***. Unless granted prior permission, motions, applications, and objections are limited to 40 pages and replies and statements are limited to 15 pages. All Court Filings (other

13

than exhibits) shall be double-spaced, 12-point font, with one-inch margins. This provision is subject to the Local Rules and any individual Rules of the Judge.

31.  ***Section 342 Notice Requirements***.  Any notice sent by the Debtors or any other party in interest that includes the disclosure contained at footnote 1 of these Case Management Procedures shall be deemed to comply with the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

**VI.  Excluded Matters.**

32.  ***Notice Provisions Not Applicable to Certain Matters***.  Except as set forth in the Case Management Procedures or otherwise provided by order of the Bankruptcy Court, the notice provisions of the Case Management Procedures shall not apply to notices of the matters or proceedings described in the following Bankruptcy Rules:

    a.    Bankruptcy Rule 2002(a)(1) (meeting of creditors pursuant to section 341 of the Bankruptcy Code);

    b.    Bankruptcy Rule 2002(a)(2) (any proposed use, sale, or lease of property of the estate other than in the ordinary course of business, to the extent that such use, sale, or lease concerns all or substantially all of the Debtors' assets);

    c.    Bankruptcy Rule 2002(a)(4) (hearing on the dismissal of a case or cases or the conversion of a case to another chapter);

    d.    Bankruptcy Rule 2002(a)(5) (time fixed to accept or reject a proposed modification of a chapter 11 plan);

    e.    Bankruptcy Rule 2002(a)(7) (time fixed for filing a proof of claim pursuant to Bankruptcy Rule 3003(c));

  f.  Bankruptcy Rule 2002(b)(1) (time fixed for filing objections to and any hearing to consider approval of a disclosure statement);

  g.  Bankruptcy Rule 2002(b)(2) (time fixed for filing objections to and any hearing to consider confirmation of a chapter 11 plan);

  h.  Bankruptcy Rule 2002(d) (certain matters for which notice is to be provided to equity security holders);

  i.  Bankruptcy Rule 2002(f)(1) (entry of an order for relief);

  j.  Bankruptcy Rule 2002(f)(2) (dismissal or conversion of a case to another chapter of the Bankruptcy Code);

  k.  Bankruptcy Rule 2002(f)(3) (time allowed for filing claims pursuant to Bankruptcy Rule 3002);

  l.  Bankruptcy Rule 2002(f)(6) (waiver, denial, or revocation of a discharge as provided in Bankruptcy Rule 4006);

  m.  Bankruptcy Rule 2002(f)(7) (entry of an order confirming a chapter 11 plan); and

  n.  Bankruptcy Rule 2002(f)(8) (summary of the trustee's final report and account should a case be converted to chapter 7 of the Bankruptcy Code).

## VII. Miscellaneous.

33. *Motions for Summary Judgment*.  Pursuant to Local Rules 7056-1, no motion for summary judgment may be made without first seeking a pre-motion conference.  A request for such conference should be made by email, filed and served in accordance with the Case Management Procedures, setting forth the issues to be presented under the summary judgment motion.

34. ***Promulgation of the Case Management Procedures.*** As soon as practicable after the entry of the proposed Order, a copy of the Case Management Procedures shall be served by the Debtors on each of the parties on the Master Service List. In addition, shortly after the end of each calendar month, Epiq or counsel to the Debtors shall serve a copy of the Case Management Procedures upon any party filing a 2002 Notice Request within such calendar month. To help ensure that all parties who may participate in these chapter 11 cases are aware of the terms of the Case Management Procedures, the Debtors will post the Case Management Procedures on the Case Website.