**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| AEGEAN MARINE PETROLEUM NETWORK INC., *et al.*,[1] | ) Case No. 18-13374 (MEW) |
|  | ) |
| Debtors. | ) (Jointly Administered) |

**ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), authorizing the Debtors to retain and compensate professionals utilized in the ordinary course of business, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief

---

[1] Due to the large number of Debtors in these chapter 11 cases, a complete list of the Debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at http://dm.epiq11.com/aegean. The location of Debtor Aegean Bunkering (USA) LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 52 Vanderbilt Avenue, Suite 1405, New York, New York 10017.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized to retain and compensate the professionals identified on the OCP List (collectively, the "OCPs"), attached as **Exhibit B** to the Motion, in the ordinary course of business, pursuant to the following OCP Procedures:

    a. Within 30 days of the date on which an OCP commences work for the Debtors, such OCP shall cause a declaration of disinterestedness, substantially in the form annexed as **Exhibit 1** to the Order (each, a "Declaration of Disinterestedness"), to be filed with the Bankruptcy Court and served upon: (i) Aegean Marine Petroleum Network Inc., 52 Vanderbilt Avenue, Suite 1405, New York, New York 10017, Attn: Spyros Fokas; (ii) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Jonathan S. Henes, P.C. and Cristine Pirro; Kirkland & Ellis LLP 300 North LaSalle, Chicago, Illinois 60654, Attn: Marc Kieselstein, P.C., Ross M. Kwasteniet, P.C., Adam C. Paul, P.C., and W. Benjamin Winger; (iii) the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Brian S. Masumoto and Andrew Velez-Rivera; (iv) counsel to the Committee, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, Bank of America Tower, New York, New York 10036, Attn: Ira S. Dizengoff, Philip C. Dublin, and Kevin Zuzolo; and (v) to the extent not listed herein those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").

    b. The Notice Parties shall have until 12:00 p.m., prevailing Eastern time, on the date that is 14 days after the date of filing of each OCP's Declaration of Disinterestedness (the "Objection Deadline") to object to the retention of such OCP. The objecting party shall file any such objection and serve such objection upon the Notice Parties and the respective OCP on or before the Objection Deadline. If any such objection cannot be resolved within 14 days of its receipt, the matter shall be scheduled for hearing before the Bankruptcy Court at the next regularly scheduled omnibus hearing date that is no less

than 14 days from that date or on a date otherwise agreeable to the parties. The Debtors shall not be authorized to retain and compensate such OCP until all outstanding objections have been withdrawn, resolved, or overruled by order of the Bankruptcy Court.

c. If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular OCP, the Debtors shall be authorized to: (i) retain such OCP as of the date such OCP commenced providing services to the Debtors; and (ii) compensate such OCP as set forth herein.

d. The Debtors shall be authorized to pay, without formal application to the Bankruptcy Court by any OCP, 100% of fees and disbursements to each of the OCPs retained by the Debtors pursuant to the OCP Procedures upon submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Commencement Date; *provided* that while these chapter 11 cases are pending, the fees of each OCP set forth on **Exhibit B** attached hereto, excluding costs and disbursements, may not exceed $50,000 per month on average over a rolling three month period (the "OCP Cap") with an overall case cap of $350,000 (the "Individual Case Cap"); *provided further*, that while these chapter 11 cases are pending, the fees of all OCPs, excluding costs and disbursements, may not exceed $4 million in the aggregate (the "Aggregate Case Cap").

e. To the extent an OCP seeks compensation in excess of the OCP Cap (the "Excess Fees"), the OCP will file with the Bankruptcy Court a Notice of Fees in Excess of the OCP Cap (the "Notice of Excess Fees") and an invoice setting forth, in reasonable detail, the nature of the services rendered and disbursements actually incurred. Interested parties shall then have 14 days to file an objection to the Notice of Excess Fees with the Bankruptcy Court. If after 14 days no objection is filed, the Excess Fees shall be deemed approved without the need for a hearing before the Bankruptcy Court, and the OCP may be paid 100% of its fees and 100% of its expenses without the need to file a fee application.

f. To the extent an OCP seeks compensation while these chapter 11 cases are pending that exceeds the Individual Case Cap, the Debtors must file a retention application with respect to such OCP, and such OCP must file fee applications with the Court in a manner that complies with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the procedures outlined by any interim compensation order entered by the Court in these chapter 11 cases.

g. To the extent the Debtors wish to pay OCPs in the aggregate during these chapter 11 cases in excess of the Aggregate Case Cap, the Debtors must seek and receive written consent of the Committee (such consent not to be unreasonably withheld) to increase the amount of the Aggregate Case Cap.

h. Beginning on the quarter ending December 31, 2018, and for each quarter thereafter during which these chapter 11 cases are pending, the Debtors shall within 30 days thereof file with the Bankruptcy Court and serve on the Notice Parties a statement with respect to each OCP paid during the immediately preceding quarterly period (the "Quarterly Statement"). Each Quarterly Statement shall include: (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported quarter; and (iii) a general description of the services rendered by that OCP.

i. The Debtors reserve the right to retain additional OCPs from time to time during these chapter 11 cases by: (i) including such OCPs on an amended version of the OCP List that is filed with the Bankruptcy Court and served on the Notice Parties; and (ii) having such OCPs comply with the OCP Procedures.

3. The Debtors are authorized to supplement the OCP List as necessary to add or remove OCPs, from time to time in its sole discretion, without the need for any further hearing and without the need to file individual retention applications for newly added OCPs. In such event, the Debtors shall file the amended OCP List with this Court and serve such list on the Notice Parties. Each additional OCP listed in the OCP List shall file with this Court and serve a Declaration of Disinterestedness on the Notice Parties as provided in the OCP Procedures. If no objections are filed within 14 days of any such additional OCP's Declaration of Disinterestedness, then retention of such OCPs shall be deemed approved by this Court pursuant to this Order without a hearing or further order.

4. Nothing contained herein shall affect the Debtors or any appropriate party in interest's ability to dispute any invoice submitted by an OCP, and nothing contained herein shall

preclude the Debtors from seeking authority to pay any OCP in an amount greater than the applicable OCP Cap, subject to the rights of any party in interest to oppose any such request.

5. This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Bankruptcy Court.

6. Notwithstanding the relief granted in this Order, any payment made or to be made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with any orders entered by the Court approving the Debtors' entry into any postpetition debtor-in-possession financing facility and any budget in connection therewith and/or authorizing the Debtors' use of cash collateral and any budget in connection therewith (in either case, the "DIP Order"). To the extent there is any inconsistency between the terms of the DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8. Notwithstanding anything to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: December 6, 2018

                                             s/Michael E. Wiles
                                           THE HONORABLE MICHAEL E. WILES
                                           UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

**Declaration of Disinterestedness**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|                                                        |   |                          |
|--------------------------------------------------------|---|--------------------------|
| In re:                                                 | ) | Chapter 11               |
|                                                        | ) |                          |
| AEGEAN MARINE PETROLEUM NETWORK INC., *et al.*,[1]     | ) | Case No. 18-13374 (MEW)  |
|                                                        | ) |                          |
|                                                        | ) |                          |
| Debtors.                                               | ) | (Jointly Administered)   |
|                                                        | ) |                          |

**DECLARATION OF DISINTERESTEDNESS
OF [ENTITY] PURSUANT TO THE ORDER AUTHORIZING
THE DEBTORS FOR THE RETENTION AND COMPENSATION
OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

I, [NAME], declare under penalty of perjury:

1. I am a [POSITION] of [ENTITY], located at [STREET, CITY, STATE, ZIP CODE] (the "Firm").

2. Aegean Marine Network Petroleum Inc. and the other above-captioned debtors and debtors in possession (collectively, the "Debtors"), has requested that the Firm provide [SPECIFIC DESCRIPTION] services to the Debtors, and the Firm has consented to provide such services.

3. The Firm may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to these chapter 11 cases for persons that are parties in interest in the Debtors' chapter 11 cases. The Firm, however, does not perform services for any such person in connection with these chapter 11 cases, or have any relationship

---

[1] Due to the large number of Debtors in these chapter 11 cases, a complete list of the Debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at http://dm.epiq11.com/aegean. The location of Debtor Aegean Bunkering (USA) LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 52 Vanderbilt Avenue, Suite 1405, New York, New York 10017.

with any such person, their attorneys, or accountants that would be adverse to the Debtors or its estates.

4. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

5. Neither I nor any principal, partner, director, officer, [etc.] of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

6. Neither I nor any principal, partner, director, officer, [etc.] of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or its estates with respect to the matter(s) upon which the Firm is to be employed.

7. The Debtors owe the Firm $[___] for prepetition services, the payment of which is subject to limitations contained in title 11 of the United States Code, 11 U.S.C. §§ 101–1532.

8. As of the Commencement Date, which was the date on which the Debtors commenced these chapter 11 cases, the Firm [was/was not] party to an agreement for indemnification with certain of the debtor entities. [A copy of such agreement is attached as **Exhibit 1** to this Declaration.]

9. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: _____, 2018

                                          **[DECLARANT'S NAME]**