**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AEGEAN MARINE PETROLEUM NETWORK INC., *et al.*,[1] | ) Case No. 18-13374 (MEW) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**ORDER (I) PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AUTHORIZING AND APPROVING EMPLOYMENT AND RETENTION OF KOBRE & KIM LLP AS SPECIAL COUNSEL TO THE DEBTORS EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE AND (II) GRANTING RELATED RELIEF**

Upon the application (the "Application")[2] of Aegean Marine Petroleum Network Inc. ("Aegean") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), for entry of an order (this "Order"), authorizing and approving the employment and retention of Kobre & Kim LLP ("K&K") as special counsel for the Debtors effective *nunc pro tunc* to the Petition Date, pursuant to section 327(e) of the Bankruptcy Code; and the Court having reviewed the Application, the Declaration of D. Farrington Yates (the "Yates Declaration"), and the Supplemental Declaration of D. Farrington Yates (the "Supplemental Yates Declaration"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated December 1, 2016 and this Court having found that the Application

---

[1] Due to the large number of Debtors in these chapter 11 cases, a complete list of the Debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at http://dm.epiq11.com/aegean. The location of Debtor Aegean Bunkering (USA) LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 52 Vanderbilt Avenue, Suite 1405, New York, New York 10017.

[2] Capitalized terms used in this Order and not immediately defined have the meanings given to such terms in the Application.

is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this District is proper pursuant to 28 U.S.C. § 1408; and this Court having found based on the representations made in the Application and in the Yates Declaration and the Supplemental Yates Declaration that K&K does not hold or represent an interest adverse to the Debtors' estates with respect to the matters on which K&K is to be retained as required by section 327(e) of the Bankruptcy Code; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and good and proper notice of the Application under the circumstances having been provided, and no other or further notice needing to be provided; it is hereby ORDERED that:

1. The Application is granted *nunc pro tunc* to the Petition Date to the extent provided herein.

2. The Debtors are authorized to employ K&K as special asset recovery counsel in accordance with section 327(e) of the Bankruptcy Code, Rule 2014 of the Bankruptcy Rules, and Rule 2014-1 of the Local Rules on the terms and conditions set forth in the Engagement Letter, *nunc pro tunc* to the Petition Date.

3. K&K shall be compensated for fees and reimbursed for reasonable and necessary expenses and shall file interim and final fee applications for allowance of its compensation and expenses pursuant to sections 330 and 331 of the Bankruptcy Code and in accordance with the Bankruptcy Rules, Local Bankruptcy Rule 2016-1, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated January 29, 2013 and effective February 5, 2013, the Amended Order Establishing Procedures for Monthly

Compensation and Reimbursement of Expenses of Professionals, dated December 21, 2010, and such other procedures as may be fixed by order of this Court.

4. Prior to any increases in K&K's rates, K&K shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee and any official committee, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court.

5. Notwithstanding any provision to the contrary in the Engagement Letter, any dispute relating to the services provided by K&K shall be referred to arbitration consistent with the terms of the Engagement Letter only to the extent that this Court does not have, retain or exercise jurisdiction over the dispute, and 28 U.S.C. § 1334(e)(2) shall govern the forum for resolving fee disputes.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

7. The requirements set forth in Local Rule 9013-1(a) are satisfied.

8. To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

New York, New York
Dated: December 6, 2018

                                        **s/Michael E. Wiles**
                                        THE HONORABLE MICHAEL E. WILES
                                        UNITED STATES BANKRUPTCY JUDGE