**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| AEGEAN MARINE PETROLEUM NETWORK INC., *et al.*,[1] | ) Case No. 18-13374 (MEW) |
| Debtors. | ) (Jointly Administered) |

**DECLARATION OF DISINTERESTEDNESS**
**OF GIBSON, DUNN & CRUTCHER LLP PURSUANT TO THE ORDER**
**AUTHORIZING THE DEBTORS FOR THE RETENTION AND COMPENSATION**
**OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

I, M. Kendall Day, declare under penalty of perjury:

1. I am a partner of the firm Gibson, Dunn & Crutcher, LLP (the "Firm"), which maintains offices located at 1050 Connecticut Avenue NW, Washington, D.C. 20036.

2. Aegean Marine Network Petroleum Inc. ("AMPNI" or the "Company") and the other above-captioned debtors and debtors in possession (collectively, the "Debtors"), have requested that the Firm continue to provide legal services to the Debtors regarding general corporate matters, including matters on which the Firm has been advising the Company since prior to the filing of the above-captioned matters, as well as regarding certain securities and employment litigations currently pending in state and federal courts, in which matters the Firm has also represented the Company since before the filing of these chapter 11 cases. The Firm has consented to continue to provide the foregoing services.

---

[1] Due to the large number of Debtors in these chapter 11 cases, a complete list of the Debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at http://dm.epiq11.com/aegean. The location of Debtor Aegean Bunkering (USA) LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 52 Vanderbilt Avenue, Suite 1405, New York, New York 10017.

3. The Firm may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to these chapter 11 cases for persons that are parties in interest in the Debtors' chapter 11 cases. The Firm, however, does not perform services for any such person in connection with these chapter 11 cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or its estates.

4. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

5. Neither I nor any partner, counsel, associate, or other employee of the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the partners and regular employees of the Firm.

6. Neither I nor any partner, counsel, associate, or other employee of the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matters upon which the Firm is to be employed.

7. The Debtors do not owe the Firm for prepetition services. Prior to the Commencement Date, which was the date on which the Debtors commenced these chapter 11 cases, the Firm received a retainer for professional services to be rendered and expenses to be incurred by the Firm on behalf of the Debtors on a go-forward basis, to be applied against invoices submitted to the Debtors by the Firm. As of the Commencement Date, $411,969.14 of the retainer remained on account.

8.  As of the Commencement Date, the Firm was not party to an agreement for indemnification with any of the Debtors, other than the standard indemnification clause contained in the Firm's engagement letter with AMPNI. That clause obligates AMPNI to

> indemnify the Firm and each current, former and future partner, associate and employee of the Firm, to the full extent permitted by law, from and against all claims, actions, liabilities or damages related to or arising out of our representation of you and [to] reimburse us for all expenses as they are incurred by us in connection with investigating, preparing to defend or defending against such claims or actions (including attorneys' fees, experts' fees, disbursements and compensations for the time expended by attorneys of the Firm in connection with any such action or claim, calculated at the hourly rate for the particular individuals involved), whether or not in connection with pending or threatened litigation in which we are a party or potential party; provided, however, that you will not be responsible for any claims, actions, liabilities, damages, losses or expenses which are finally judicially determined to have resulted from our professional malpractice, gross negligence or willful misconduct.

9.  The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: December 6, 2018                           /s/ M. Kendall Day
                                                 _____
                                                 M. Kendall Day