**Hearing Date and Time: January 16, 2019 at 11:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: January 9, 2019 at 4:00 p.m. (prevailing Eastern Time)**

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone:  (212) 872-1000
Facsimile:  (212) 872-1002
Ira S. Dizengoff
Philip C. Dublin
Kevin Zuzolo

*Proposed Counsel to the Official Committee of*
*Unsecured Creditors of Aegean Marine*
*Petroleum Network Inc., et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | Chapter 11 |
| | : | |
| **AEGEAN MARINE PETROLEUM** | : | Case No. 18-13374 (MEW) |
| **NETWORK INC.,** *et al.*, | : | |
| | : | (Jointly Administered) |
| **Debtors.**[1] | : | |
| | : | |

### NOTICE OF HEARING ON MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF AEGEAN MARINE PETROLEUM NETWORK INC., *ET AL.*, FOR ENTRY OF AN ORDER CLARIFYING THE REQUIREMENT TO PROVIDE ACCESS TO CONFIDENTIAL OR PRIVILEGED INFORMATION AND APPROVING A PROTOCOL REGARDING CREDITOR REQUESTS FOR INFORMATION

**PLEASE TAKE NOTICE** that on January 2, 2019, the Official Committee of Unsecured

Creditors of Aegean Marine Petroleum Network, Inc., *et al.*, (the "Committee") filed the *Motion*

*of the Official Committee of Unsecured Creditors of Aegean Marine Petroleum Network Inc., et*

*al., for Entry of an Order Clarifying the Requirement to Provide Access to Confidential or*

---

[1]    A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at http://dm.epiq11.com/aegean.

*Privileged Information and Approving a Protocol Regarding Creditor Requests for Information,*
(the "Motion").

**PLEASE TAKE NOTICE** that a hearing to consider the Motion will be held before the
Honorable Michael E. Wiles, United States Bankruptcy Judge, United States Bankruptcy Court
for the Southern District of New York (the "Court"), One Bowling Green, Courtroom No. 617,
New York, New York 10004-1408, on **January 16, 2019, at 11:00 a.m. (prevailing Eastern
Time)**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (each, an
"Objection") to the relief requested in the Motion shall: (a) be in writing; (b) conform to the Federal
Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New
York, all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for
the Southern District of New York, and the *Order Establishing Certain Notice, Case Management
and Administrative Procedures* [Docket No. 109] (the "Case Management Order") approved by
the Court; (c) be filed electronically with the Court on the docket of *In re Aegean Marine
Petroleum Network Inc.*, Case 18-13374 (MEW) by registered users of the Court's electronic filing
system and in accordance with the General Order M-399 (which is available on the Court's website
at http://www.nysb.uscourts.gov); and (d) be served so as to be actually received by **January 9,
2019, at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline"), on (i) the entities on
the Master Service List (as defined in the Case Management Order and available on the Debtors'
case website at http://dm.epiq11.com/aegean) and (ii) any person or entity with a particularized
interest in the subject matter of the Application.

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served
with respect to the Motion, the Committee may, on or after the Objection Deadline, submit to the

Court an order substantially in the form annexed as **Exhibit A** to the Motion, which order the

Court may enter without further notice or opportunity to be heard.

<div style="margin-left: 1em;">

New York, New York                          AKIN GUMP STRAUSS HAUER & FELD LLP
Dated: January 2, 2019

                                            */s/ Ira S. Dizengoff*
                                            Ira S. Dizengoff
                                            Philip C. Dublin
                                            Kevin Zuzolo
                                            One Bryant Park
                                            New York, New York 10036
                                            Telephone: (212) 872-1000
                                            Facsimile: (212) 872-1002
                                            idizengoff@akingump.com
                                            pdublin@akingump.com
                                            kzuzolo@akingump.com

                                            *Proposed Counsel to the Official Committee of*
                                            *Unsecured Creditors of Aegean Marine*
                                            *Petroleum Network Inc., et al.*

</div>

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Ira S. Dizengoff
Philip C. Dublin
Kevin Zuzolo

*Proposed Counsel to the Official Committee
of Unsecured Creditors of Aegean Marine
Petroleum Network Inc., et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------
|                                        | :  |                          |
| **In re**                              | :  | Chapter 11               |
|                                        | :  |                          |
| **AEGEAN MARINE PETROLEUM NETWORK INC., et al.,** | :  | Case No. 18-13374 (MEW)  |
|                                        | :  |                          |
|                                        | :  | (Jointly Administered)   |
|                                        | :  |                          |
| **Debtors.[1]**                        | :  |                          |
|                                        | :  |                          |
---------------------------------------------------------------------

**MOTION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF AEGEAN MARINE
PETROLEUM NETWORK INC., *ET AL*., FOR ENTRY OF AN
ORDER CLARIFYING THE REQUIREMENT TO PROVIDE ACCESS
TO CONFIDENTIAL OR PRIVILEGED INFORMATION AND APPROVING
A PROTOCOL REGARDING CREDITOR REQUESTS FOR INFORMATION**

The Official Committee of Unsecured Creditors (the "Committee") of Aegean Marine

Petroleum Network Inc. and its affiliated debtors and debtors in possession (collectively, the

"Debtors"), by and through its undersigned proposed counsel, hereby files this motion (the

"Motion"), pursuant to sections 105(a), 107(b) and 1102(b)(3)(A) of title 11 of the United States

Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the

---

[1]    A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at http://dm.epiq11.com/aegean.

"Bankruptcy Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), clarifying the requirements of the Committee to provide access to confidential or privileged information to creditors and approving a protocol regarding creditor requests for information. In support of the Motion, the Committee respectfully states as follows.

## JURISDICTION AND VENUE

1.  The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012.

2.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The legal bases for the relief requested herein are Bankruptcy Code sections 105(a), 107(b), and 1102(b)(3)(A) and (B) and Bankruptcy Rule 9018.

## BACKGROUND

4.  On November 6, 2018, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. The Debtors' chapter 11 cases (the "Chapter 11 Cases") have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 19].

5.  On November 15, 2018 (the "Committee Formation Date"), the United States Trustee for the Southern District of New York appointed the Committee pursuant to Bankruptcy Code section 1102(a). The Committee currently comprises: (i) American Express Travel Related Services Company, Inc.; (ii) Deutsche Bank Trust Company Americas; and (iii) U.S. Bank National Association.

5

6.      The Committee selected Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") as its counsel and PJT Partners LP ("PJT") as its investment banker on November 15, 2018, and AlixPartners. LLP as its financial advisor on November 16, 2018, each subject to Court approval (collectively, the "Committee Professionals").

7.      The Committee has adopted bylaws, which contain numerous provisions designed to, among other things, protect confidential information, materials, and communications produced by or related to the Committee, its members, and its professionals, as well as privileged information (collectively, the "Confidential Committee Information").   Confidential Committee Information includes any and all written and oral correspondence, reports, and memoranda prepared by the Committee Professionals for the benefit of the Committee as well as all related communications received by any of the members of the Committee, including reports disseminated by Committee members among themselves and/or the Committee Professionals.  The Committee also has its own obligations regarding the Committee's use and disclosure of non-public business information provided to the Committee by or on behalf of the Debtors, as well as non-public information of the Debtors that is limited or prohibited from disclosure by applicable law (collectively, the "Confidential Debtor Information").

**RELIEF REQUESTED**

8.      Pursuant to this Motion, the Committee requests entry of the Proposed Order, effective as of the Committee Formation Date, authorizing the Committee to establish and implement a protocol (the "Creditor Information Protocol") in accordance with Bankruptcy Code sections 1102(b)(3)(A) and (B) to facilitate the Committee's obligation to provide information to the Debtors' unsecured creditor constituency.

9.      Additionally, the Committee seeks express authority to maintain a website for the benefit of the Debtors' creditors to the extent that the Committee determines such website is necessary.   This website, if necessary, will be used to make non-confidential and non-privileged information available to the Debtors' unsecured creditors that is either not otherwise readily available or that the Committee determines should be further highlighted for unsecured creditors.

## BASIS FOR RELIEF REQUESTED

10.     Bankruptcy Code section 1102(b)(3) provides, in relevant part, that a creditors' committee appointed under Bankruptcy Code section 1102(a) shall "provide access to information for creditors who (i) hold claims of the kind represented by that committee; and (ii) are not appointed to the committee." 11 U.S.C. § 1102(b)(3)(A).  Bankruptcy Code section 1102(b)(3)(A) does not indicate how a creditors' committee should provide "access to information" to creditors, nor does the associated legislative history provide any guidance.

11.     As Bankruptcy Code section 1102(b)(3)(A) simply requires a creditors' committee to "provide access to information," yet sets forth no guidelines as to the type, kind and extent of the information to be provided, the statute could be read as requiring a creditors' committee to provide access to all information provided to it by any party, or developed through the exercise of its investigative function, regardless of whether the information is confidential, privileged, proprietary or material non-public information and regardless of whether disseminating such information implicates securities law disclosure requirements (where applicable).  The legislative history for Bankruptcy Code section 1102 does not provide any further guidance on this point and merely reiterates that language of section 1102(b)(3).  *See* H.R. REP. NO. 109-31(I), at 87 (2005) ("Section 405(b) requires the committee to give creditors having claims of the kind represented by the committee access to information.   In addition, the committee must solicit and receive

comments from these creditors and, pursuant to court order, make additional reports or disclosures available to them.").

12.    The lack of specificity in Bankruptcy Code section 1102(b)(3)(A) is a potential source of confusion for creditors and creditors' committees.  Here, as is typical in most chapter 11 cases, the Committee already has received and expects to continue to receive confidential and other non-public proprietary information from the Debtors and other parties in interest.  This information likely will be used for, among other things, valuing assets, understanding the Debtors' operations, analyzing potential claims and causes of action, and consideration of restructuring proposals.  A creditor taking an extreme view of Bankruptcy Code section 1102(b)(3)(A), however, might argue that section 1102(b)(3)(A) requires the Committee to share another party's (including the Debtors') confidential information that such creditor would not be able to obtain otherwise.  Such an interpretation has a strong potential to chill information sharing between and among stakeholders and the Committee and hinder the restructuring process to the detriment of all parties in interest.

13.    Moreover, Bankruptcy Code section 1102(b)(3)(A) also could be read to permit the disclosure of attorney-client privileged information or information protected by any other applicable privilege or doctrine.  Such a reading of the statute raises the question of whether the Committee could be required to disclose another party's or its own privileged information.  An obligation to disseminate privileged information or Confidential Committee Information would limit the Committee Professionals' ability to communicate effectively with and advise the Committee, thereby reducing the benefit that active Committee engagement brings to the administration of these Chapter 11 Cases.  The need for the Creditor Information Protocol is particularly important in these Chapter 11 Cases given the continuing investigation of various

claims and causes of action relating to accounting irregularities, misappropriation of funds, and other alleged fraudulent activities as described in the Debtors' first day declaration and press releases issued on June 4, 2018 an November 2, 2018.  Pursuant to the Restructuring Support Agreement dated as of December 15, 2018, such claims and causes of action will be transferred to a litigation trust and monetized for the benefit of unsecured creditors of Aegean Marine Petroleum Network, Inc.  Accordingly, it is anticipated that unsecured creditors will be highly interested in information relating to such claims and the Committee seeks appropriate procedures to ensure that confidential or privileged information is not disseminated in a manner that could jeopardize recoveries for unsecured creditors.[2]

14.     The Committee seeks to avoid the foregoing issues as well as any other potential issues that could arise by implementing the following Creditor Information Protocol through the Proposed Order:

a. Privileged and Confidential Information: The Committee shall not be required to disseminate to any entity (all references to "entity" herein shall be as defined in Bankruptcy Code section 101(15)) (i) without further order of the Court, Confidential Debtor Information, Confidential Committee Information or confidential and non-public proprietary information from other parties, including non-public information the disclosure of which is limited or prohibited by applicable law ("Confidential Non-Debtor Information" and, collectively with Confidential Debtor Information and Confidential Committee Information, the "Confidential Information") or (ii) any information subject to attorney-client or some other state, federal, or other jurisdictional law privilege (including attorney-work product), whether such privilege is solely controlled by the Committee or is a joint or common interest privilege with the Debtors or some other party (collectively, the "Privileged Information").  In addition, the Committee shall not be required to provide access to information for or solicit comments from any entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion,

---

[2]  Prior to the filing of the Chapter 11 Cases, Akin Gump and PJT served as advisors to an ad hoc group of certain unaffiliated holders (the "Holders") of the 4.00% Convertible Senior Notes due 2018 and the 4.25% Convertible Senior Notes due 2021 issued by Aegean Marine Petroleum Network, Inc. The Committee believes that this prior representation of the Holders by certain of the Committee Professionals makes it more likely that non-Committee members will request information from Committee Professionals and further underscores the need for the relief requested in this Motion.

or to the Court, that it holds a claim of the kind described in Bankruptcy Code section 1102(b)(3).

b.  <u>Information Obtained Through Discovery</u>: Any information received (formally or informally) by the Committee pursuant to Bankruptcy Rule 2004 or in connection with any formal or informal discovery in any contested matter, adversary proceeding, or other litigation shall not be governed by any order entered with respect to this Motion but, rather, by any order governing such discovery.  The Committee shall not be obligated to provide any information the Committee obtains from third parties.

c.  <u>Creditor Information Requests</u>: If a creditor (a "<u>Requesting Creditor</u>") submits a written request to the Committee or the Committee Professionals for the Committee to disclose information (an "<u>Information Request</u>"), pursuant to Bankruptcy Code section 1102(b)(3)(A), the Committee shall, as soon as reasonably practicable, but no more than thirty (30) days after receipt of the Information Request, provide a response to the Information Request (a "<u>Response</u>"), including by providing access to the information requested or stating the reason(s) why the Committee cannot disclose the information requested by such Information Request.  If the Response is to deny the Information Request because the Committee believes that the Information Request implicates Confidential Information or Privileged Information that should not be disclosed, including, but not limited to, (i) pursuant to the terms of this Order or otherwise under Bankruptcy Code section 1102(b)(3)(A), (ii) because such disclosure is prohibited under applicable law, (iii) because such information was obtained by the Committee pursuant to an agreement to maintain it as confidential, or (iv) that the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion.  Such motion shall be properly served, including on the Debtors and the Committee Professionals, and the hearing on such motion shall be noticed and scheduled. Nothing shall preclude the Requesting Creditor from requesting (or the Committee objecting to such request) that the Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Information or Privileged Information.  Further, the Requesting Creditor will be permitted to request that the Court conduct an *in camera* review of information that the Committee sets forth in the Response that it cannot share.

d.  <u>Release of Confidential Information of Third Parties</u>: If the Information Request implicates Confidential Debtor Information or Confidential Non-Debtor Information and the Committee agrees that such request should be satisfied, or if the Committee without a third party request wishes to disclose such Confidential Information to creditors, the Committee may request (a "<u>Demand</u>") for the benefit of the Debtors' creditors: (i) if the Confidential Information is Confidential Debtor Information, by submitting a written request to counsel for the Debtors requesting that such information be disclosed; and (ii) if the Confidential Information is

10

Confidential Non-Debtor Information, by submitting a written request to such third party and its counsel of record (if any), with a copy to the Debtors' counsel, requesting that such information be disclosed. If the Debtors or such other entity do not agree in writing within ten (10) days after receipt of the Demand to disclose such information, the Committee or the Requesting Creditor may file a motion seeking a ruling with respect to the Demand, and the Debtors or such other entity, as applicable, may file an objection to such motion on any basis. Demands submitted to counsel to the Debtors pursuant to this clause (d) shall be submitted by email to: Marc Kieselstein (mkieselstein@kirkland.com), Adam C. Paul (apaul@kirkland.com), and W. Benjamin Winger (benjamin.winger@kirkland.com). The Committee will not be authorized to disclose Confidential Debtor Information or Confidential Non-Debtor Information absent an agreement in writing from the Debtors (or their professional advisors) or such third party, as applicable, or further order of the Court.

e. The Committee (or its members and representatives) will not be precluded from discussing commonly-received Confidential Information (and sharing analyses or other documents generated by the Committee based on such commonly-received Confidential Information) with any other party in interest in the Debtors' chapter 11 cases and/or its advisor(s) that have signed a confidentiality agreement similar to the confidentiality agreement entered into between the Committee and the Debtors or any other party; *provided*, *however*, that the Committee shall not share or discuss any Confidential Information pursuant to this sub-paragraph (e) that is or may be subject to a joint or common interest privilege with the Debtors without obtaining the Debtors' prior written consent.

15.     The Proposed Order would also permit, but not require, the Committee to provide access to Privileged Information to any party so long as the relevant privilege is held and controlled solely by the Committee and does not include Confidential Debtor Information or Confidential Non-Debtor Information.

16.     The Committee believes that granting the relief requested herein will ensure efficient administration of these Chapter 11 Cases and active Committee engagement. Moreover, the requested relief is consistent with the language of the Bankruptcy Code. Congress did not intend for a creditors' committee to be required to provide unfettered access to every type and kind of information that a creditors' committee receives from another party as that would result in Bankruptcy Code section 1102(b)(3) frustrating other provisions of the Bankruptcy Code and Bankruptcy Rules, including Bankruptcy Code section 107(b) and Bankruptcy Rule 9018.

11

17.    Bankruptcy Code section 107(b)(1) provides that, "on request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information."  11 U.S.C. § 107(b)(1).  The language of Bankruptcy Code section 107(b)(1) is mandatory, not permissive.  *Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 27 (2d Cir. 1994) (providing that the protections of section 107(b)(1) are mandatory upon request).  The plain language of this section of the Bankruptcy Code mandates that confidential information be protected.

18.    Bankruptcy Rule 9018 further supports an interpretation of Bankruptcy Code section 1102(b)(3) that does not require creditors' committees to disseminate confidential or privileged information or materials.  Bankruptcy Rule 9018 states, in relevant part, that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ."  Fed. R. Bankr. P. 9018.  Bankruptcy Rule 9018 goes a step further than Bankruptcy Code section 107(b)(1); the rule expressly allows a court to act on its own initiative.

19.    Finally, Bankruptcy Code section 105(a) empowers the Court to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  The Committee submits that the requested relief is both necessary for the Committee to fulfill its obligations as set forth under Bankruptcy Code section 1103(c) and appropriate in light of Bankruptcy Code section 107(b)(1), Bankruptcy Rule 9018, and the equitable considerations of efficient case administration.

20.    The Creditor Information Protocol sets forth narrowly tailored rules designed to protect the interests of the Debtors, the Committee, and affected creditors while permitting

reasonable access to information for the Debtors' unsecured creditors.  The relief requested also ensures the proper functioning of the chapter 11 process and open informal discovery and due diligence.  Bankruptcy courts in this district routinely grant relief substantially similar to the relief requested by this Motion.  *See, e.g., In re Nine West Holdings, Inc.*, No. 18-10947 (SCC) (Bankr. S.D.N.Y. June 5, 2018) [Docket No. 353]; *In re BCBG Max Azria Global Holdings, LLC,* No. 17-10466 (SCC) (Bankr. S.D.N.Y. April 5, 2017) [Docket No. 277]; *In re Avaya Inc.,* No. 17-10089 (SMB) (Bankr. S.D.N.Y. March 16, 2017) [Docket No. 249]; *In re AOG Entm't, Inc.,* No. 16-11090 (SMB) (Bankr. S.D.N.Y. June 30, 2016) [Docket No. 188]; *In re SunEdison, Inc.,* No. 16-10992 (SMB) (Bankr. S.D.N.Y. June 8, 2016) [Docket No. 507]; *In re Sabine Oil & Gas Corp.,* No. 15-11835 (SCC) (Bankr. S.D.N.Y. Sept. 10, 2015) [Docket No. 321]; *In re MPM Silicones, LLC,* No. 14-22503 (RDD) (Bankr. S.D.N.Y. June 2, 2014) [Docket No. 298]; *In re Ambac Fin. Grp., Inc.* No. 10-15973 (SCC) (Bankr. S.D.N.Y. Dec. 21, 2010) [Docket No. 76]; *In re Neff Corp.,* No. 10-12610 (SCC) (Bankr. S.D.N.Y. July 13, 2010) [Docket No. 269].

## NO PRIOR REQUEST

21.    No prior request for the relief sought in this Motion has been made to this or any other court.

## NOTICE

22.    Notice of this Motion will be provided in accordance with the *Order Establishing Certain Notice, Case Management and Administrative Procedures* (Docket No. 109).  The Committee respectfully submits that no further notice is required.

WHEREFORE, the Committee respectfully requests that the Court (i) enter the Proposed

Order, substantially in the form attached hereto as **Exhibit A** and (ii) grant the Committee such

other and further relief as is just, proper and equitable.

New York, New York                                    AKIN GUMP STRAUSS HAUER & FELD LLP
Dated:  January 2, 2019

                                                                By: /s/  *Ira S. Dizengoff*
                                                                        Ira S. Dizengoff
                                                                        Philip C. Dublin
                                                                        Kevin Zuzolo
                                                                        One Bryant Park
                                                                        New York, New York 10036
                                                                        Telephone: (212) 872-1000
                                                                        Facsimile: (212) 872-1002
                                                                        idizengoff@akingump.com
                                                                        pdublin@akingump.com
                                                                        kzuzolo@akingump.com

                                                                        *Proposed Counsel to the Official Committee of*
                                                                        *Unsecured Creditors of Aegean Marine Petroleum*
                                                                        *Network Inc., et al.*

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------

|  | : |  |
|---|---|---|
| **In re** | : | Chapter 11 |
|  | : |  |
| **AEGEAN MARINE PETROLEUM NETWORK** | : | Case No. 18-13374 (MEW) |
| **INC.**, ***et al.**,* | : |  |
|  | : | (Jointly Administered) |
| **Debtors.**[1] | : |  |

-------------------------------------------------------------------

## ORDER CLARIFYING THE REQUIREMENT TO PROVIDE ACCESS TO CONFIDENTIAL OR PRIVILEGED INFORMATION AND APPROVING A PROTOCOL REGARDING CREDITOR REQUESTS FOR INFORMATION

Upon the motion (the "Motion")[2] of the Official Committee of Unsecured Creditors (the "Committee") of Aegean Marine Petroleum Network Inc., *et al*. (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to sections 105(a), 107(b), and 1102(b)(3)(A) and (B) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") clarifying the requirements of the Committee to provide access to confidential or privileged information to creditors and approving a protocol regarding the same; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best

---

[1]    A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at http://dm.epiq11.com/aegean.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having

found that the notice of the Motion and opportunity for a hearing on the Motion were appropriate

under the circumstances and no other notice need be provided; and this Court having reviewed the

Motion; and this Court having determined that the legal and factual bases set forth in the Motion

establish just cause for the relief granted herein; and upon all of the proceedings had before this

Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY**

**ORDERED THAT**:

1. The relief requested in the Motion is granted, effective *nunc pro tunc* to the

Committee Formation Date, as set forth herein.

2. The Committee shall implement the following protocol for providing access to

information for creditors (the "Creditor Information Protocol") in accordance with Bankruptcy

Code sections 1102(b)(3)(A) and (B):

   a. Privileged and Confidential Information: The Committee shall not be required to disseminate to any entity (all references to "entity" herein shall be as defined in Bankruptcy Code section 101(15)) (i) without further order of the Court, Confidential Information or (ii) any Privileged Information. The Debtors shall assist the Committee in identifying any Privileged Information or Confidential Information concerning the Debtors that is provided by the Debtors or their agents or professionals, or by any third party, to the Committee and its agents and professionals. Any documents, information, or other materials designated by the Debtors as confidential or privileged shall be treated as "Confidential Information" or "Privileged Information," as applicable, for purposes of this Creditor Information Protocol. In addition, the Committee shall not be required to provide access to information for or solicit comments from any entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds a claim of the kind described in Bankruptcy Code section 1102(b)(3).

   b. Information Obtained Through Discovery: Any information received (formally or informally) by the Committee pursuant to Bankruptcy Rule 2004 or in connection with any formal or informal discovery in any contested matter, adversary proceeding, or other litigation shall not be governed by this Order but, rather, by any order governing such discovery. The Committee shall not be obligated to provide any information the Committee obtains from third parties.

2

c.  <u>Creditor Information Requests</u>: If a creditor (a "<u>Requesting Creditor</u>") submits a written request to the Committee or the Committee Professionals for the Committee to disclose information (an "<u>Information Request</u>"), pursuant to Bankruptcy Code section 1102(b)(3)(A), the Committee shall, as soon as reasonably practicable, but no more than thirty (30) days after receipt of the Information Request, provide a response to the Information Request (a "<u>Response</u>"), including by providing access to the information requested or stating the reason(s) why the Committee cannot disclose the information requested by such Information Request.  If the Response is to deny the Information Request because the Committee believes that the Information Request implicates Confidential Information or Privileged Information that should not be disclosed, including, but not limited to, (i) pursuant to the terms of this Order or otherwise under Bankruptcy Code section 1102(b)(3)(A), (ii) because such disclosure is prohibited under applicable law, (iii) because such information was obtained by the Committee pursuant to an agreement to maintain it as confidential, or (iv) that the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion.  Such motion shall be properly served, including on the Debtors and the Committee Professionals, and the hearing on such motion shall be noticed and scheduled. Nothing shall preclude the Requesting Creditor from requesting (or the Committee objecting to such request) that the Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Information or Privileged Information.  Further, the Requesting Creditor will be permitted to request that the Court conduct an *in camera* review of information that the Committee sets forth in the Response that it cannot share.

d.  <u>Release of Confidential Information of Third Parties</u>: If the Information Request implicates Confidential Debtor Information or Confidential Non-Debtor Information and the Committee agrees that such request should be satisfied, or if the Committee without a third party request wishes to disclose such Confidential Information to creditors, the Committee may request (a "<u>Demand</u>") for the benefit of the Debtors' creditors: (i) if the Confidential Information is Confidential Debtor Information, by submitting a written request to counsel for the Debtors requesting that such information be disclosed; and (ii) if the Confidential Information is Confidential Non-Debtor Information, by submitting a written request to such third party and its counsel of record (if any), with a copy to the Debtors' counsel, requesting that such information be disclosed.  If the Debtors or such other entity do not agree in writing within ten (10) days after receipt of the Demand to disclose such information, the Committee or the Requesting Creditor may file a motion seeking a ruling with respect to the Demand, and the Debtors or such other entity, as applicable, may file an objection to such motion on any basis.  Demands submitted to counsel to the Debtors pursuant to this clause (d) shall be submitted by email to: Marc Kieselstein (<u>mkieselstein@kirkland.com</u>), Adam C. Paul (<u>apaul@kirkland.com</u>), and W. Benjamin Winger (benjamin.winger@kirkland.com).  The Committee will not be authorized to

3

disclose Confidential Debtor Information or Confidential Non-Debtor Information absent an agreement in writing from the Debtors (or their professional advisors) or such third party, as applicable, or further order of the Court.

e.  The Committee (or its members and representatives) will not be precluded from discussing commonly-received Confidential Information (and sharing analyses or other documents generated by the Committee based on such commonly-received Confidential Information) with any other party in interest in the Debtors' chapter 11 cases and/or its advisor(s) that have signed a confidentiality agreement similar to the confidentiality agreement entered into between the Committee and the Debtors or any other party; *provided*, *however*, that the Committee shall not share or discuss any Confidential Information pursuant to this sub-paragraph (e) that is or may be subject to a joint or common interest privilege with the Debtors without obtaining the Debtors' prior written consent.

3.    The Committee shall not be required pursuant to Bankruptcy Code section 1102(b)(3)(A) to provide access to any Confidential Information to any creditor with a claim of the kind represented by the Committee except as provided in the Creditor Information Protocol.

4.    The Committee shall not be required pursuant to Bankruptcy Code section 1102(b)(3)(A) to provide access to any Privileged Information to any creditor with a claim of the kind represented by the Committee.   Nonetheless, the Committee shall be permitted, but not required, to provide access to Privileged Information or Confidential Committee Information to any party so long as (a) such Privileged Information or Confidential Committee Information does not include any Confidential Debtor Information or Confidential Non-Debtor Information and (b) any relevant privilege is held and controlled solely by the Committee.

5.    Nothing in this Order shall diminish or modify the rights and obligations of the Committee or its members and representatives under the Committee bylaws or any confidentiality agreement entered into with the Debtors or any other party (including the Committee's or its member's and representative's rights to disclose Confidential Information as permitted under such confidentiality agreement), which rights and obligations shall remain in full force and effect notwithstanding any provision of this Order.

4

6.      None of the Debtors, the Committee, or any of their respective directors, officers, employees, members, attorneys, consultants, advisors, and agents (acting in such capacity) (collectively, the "Exculpated Parties"), shall have to incur any liability to any entity (including the Debtors and their affiliates) for any act taken or omitted to be taken pursuant to the Creditor Information Protocol set forth herein; *provided*, *however*, that the foregoing shall not affect the liability of any Exculpated Party protected pursuant to this paragraph that otherwise would result from any such act or omission to the extent that such act or omission is determined in a final non-appealable order to have constituted a breach of fiduciary duty, the breach of any confidentiality agreement or order, actual fraud, willful misconduct, or gross negligence, but in all respects such Exculpated Parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Creditor Information Protocol and this Order. Without limiting the foregoing, the exculpation provided in this paragraph shall be coextensive with any Exculpated Party's qualified immunity under applicable law.

7.      The Committee is hereby authorized to establish and maintain a website as described in the Motion.

8.      The Committee is further authorized to use Epiq Corporate Restructuring, LLC ("Epiq") in connection with any such website for the benefit of creditors. Any costs, expenses, or fees charged by Epiq on account of such website will be included in the invoices submitted by Epiq to the Debtors pursuant to the *Order Authorizing Employment and Retention of Epiq Corporate Restructuring, LLC as Claims and Noticing Agent* [Docket No. 84] and shall be paid according to the procedures therein.

5

9.      Nothing in this Order shall expand, restrict, affirm, or deny the right or obligation, if any, of the Committee to provide access or not provide access to any information of the Debtors to any party except as explicitly provided herein.

10.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2019

_____
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE

6