UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | : | |
|---|---|---|
| **In re** | : | Chapter 11 |
| | : | |
| **AEGEAN MARINE PETROLEUM NETWORK INC.**, *et al.*, | : | Case No. 18-13374 (MEW) |
| | : | |
| | : | (Jointly Administered) |
| **Debtors.**[1] | : | |

---

### ORDER CLARIFYING THE REQUIREMENT TO PROVIDE ACCESS TO CONFIDENTIAL OR PRIVILEGED INFORMATION AND APPROVING A PROTOCOL REGARDING CREDITOR REQUESTS FOR INFORMATION

Upon the motion (the "Motion")[2] of the Official Committee of Unsecured Creditors (the "Committee") of Aegean Marine Petroleum Network Inc., *et al.* (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to sections 105(a), 107(b), and 1102(b)(3)(A) and (B) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") clarifying the requirements of the Committee to provide access to confidential or privileged information to creditors and approving a protocol regarding the same; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at http://dm.epiq11.com/aegean.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The relief requested in the Motion is granted, effective *nunc pro tunc* to the Committee Formation Date, as set forth herein.

2. The Committee shall implement the following protocol for providing access to information for creditors (the "Creditor Information Protocol") in accordance with Bankruptcy Code sections 1102(b)(3)(A) and (B):

    a. Privileged and Confidential Information: The Committee shall not be required to disseminate to any entity (all references to "entity" herein shall be as defined in Bankruptcy Code section 101(15)) (i) without further order of the Court, Confidential Information or (ii) any Privileged Information. The Debtors shall assist the Committee in identifying any Privileged Information or Confidential Information concerning the Debtors that is provided by the Debtors or their agents or professionals, or by any third party, to the Committee and its agents and professionals. Any documents, information, or other materials designated by the Debtors as confidential or privileged shall be treated as "Confidential Information" or "Privileged Information," as applicable, for purposes of this Creditor Information Protocol. In addition, the Committee shall not be required to provide access to information for or solicit comments from any entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds a claim of the kind described in Bankruptcy Code section 1102(b)(3).

    b. Information Obtained Through Discovery: Any information received (formally or informally) by the Committee pursuant to Bankruptcy Rule 2004 or in connection with any formal or informal discovery in any contested matter, adversary proceeding, or other litigation shall not be governed by this Order but, rather, by any order governing such discovery. The Committee shall not be obligated to provide any information the Committee obtains from third parties.

c. <u>Creditor Information Requests</u>: If a creditor (a "Requesting Creditor") submits a written request to the Committee or the Committee Professionals for the Committee to disclose information (an "Information Request"), pursuant to Bankruptcy Code section 1102(b)(3)(A), the Committee shall, as soon as reasonably practicable, but no more than thirty (30) days after receipt of the Information Request, provide a response to the Information Request (a "Response"), including by providing access to the information requested or stating the reason(s) why the Committee cannot disclose the information requested by such Information Request. If the Response is to deny the Information Request because the Committee believes that the Information Request implicates Confidential Information or Privileged Information that should not be disclosed, including, but not limited to, (i) pursuant to the terms of this Order or otherwise under Bankruptcy Code section 1102(b)(3)(A), (ii) because such disclosure is prohibited under applicable law, (iii) because such information was obtained by the Committee pursuant to an agreement to maintain it as confidential, or (iv) that the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion. Such motion shall be properly served, including on the Debtors and the Committee Professionals, and the hearing on such motion shall be noticed and scheduled. Nothing shall preclude the Requesting Creditor from requesting (or the Committee objecting to such request) that the Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Information or Privileged Information. Further, the Requesting Creditor will be permitted to request that the Court conduct an *in camera* review of information that the Committee sets forth in the Response that it cannot share.

d. <u>Release of Confidential Information of Third Parties</u>: If the Information Request implicates Confidential Debtor Information or Confidential Non-Debtor Information and the Committee agrees that such request should be satisfied, or if the Committee without a third party request wishes to disclose such Confidential Information to creditors, the Committee may request (a "Demand") for the benefit of the Debtors' creditors: (i) if the Confidential Information is Confidential Debtor Information, by submitting a written request to counsel for the Debtors requesting that such information be disclosed; and (ii) if the Confidential Information is Confidential Non-Debtor Information, by submitting a written request to such third party and its counsel of record (if any), with a copy to the Debtors' counsel, requesting that such information be disclosed. If the Debtors or such other entity do not agree in writing within ten (10) days after receipt of the Demand to disclose such information, the Committee or the Requesting Creditor may file a motion seeking a ruling with respect to the Demand, and the Debtors or such other entity, as applicable, may file an objection to such motion on any basis. Demands submitted to counsel to the Debtors pursuant to this clause (d) shall be submitted by email to: Marc Kieselstein (mkieselstein@kirkland.com), Adam C. Paul (apaul@kirkland.com), and W. Benjamin Winger

(benjamin.winger@kirkland.com). The Committee will not be authorized to disclose Confidential Debtor Information or Confidential Non-Debtor Information absent an agreement in writing from the Debtors (or their professional advisors) or such third party, as applicable, or further order of the Court.

e. The Committee (or its members and representatives) will not be precluded from discussing commonly-received Confidential Information (and sharing analyses or other documents generated by the Committee based on such commonly-received Confidential Information) with any other party in interest in the Debtors' chapter 11 cases and/or its advisor(s) that have signed a confidentiality agreement similar to the confidentiality agreement entered into between the Committee and the Debtors or any other party; *provided*, *however*, that the Committee shall not share or discuss any Confidential Information pursuant to this sub-paragraph (e) that is or may be subject to a joint or common interest privilege with the Debtors without obtaining the Debtors' prior written consent.

3. The Committee shall not be required pursuant to Bankruptcy Code section 1102(b)(3)(A) to provide access to any Confidential Information to any creditor with a claim of the kind represented by the Committee except as provided in the Creditor Information Protocol.

4. The Committee shall not be required pursuant to Bankruptcy Code section 1102(b)(3)(A) to provide access to any Privileged Information to any creditor with a claim of the kind represented by the Committee. Nonetheless, the Committee shall be permitted, but not required, to provide access to Privileged Information or Confidential Committee Information to any party so long as (a) such Privileged Information or Confidential Committee Information does not include any Confidential Debtor Information or Confidential Non-Debtor Information and (b) any relevant privilege is held and controlled solely by the Committee.

5. Nothing in this Order shall diminish or modify the rights and obligations of the Committee or its members and representatives under the Committee bylaws or any confidentiality agreement entered into with the Debtors or any other party (including the Committee's or its member's and representative's rights to disclose Confidential Information as permitted under such

confidentiality agreement), which rights and obligations shall remain in full force and effect notwithstanding any provision of this Order.

6. None of the Committee, the members of the Committee or their respective representatives, agents, advisors, or counsel of the Committee or the members of the Committee (each a "Committee Party," and collectively, the "Committee Parties") nor the Debtors or their respective representatives, agents, advisors, or counsel shall have or incur any liability to any entity (including to the Committee Parties or the Debtors) for acts taken or omitted to be taken so long as the Committee Parties and the Debtors have acted in compliance with the Creditor Information Protocol, or any provisions of this Order; provided, however, that the foregoing shall not preclude or abridge the right of any creditors to move the Court for an order requiring the production of other or further information.

7. The Committee is hereby authorized to establish and maintain a website as described in the Motion.

8. The Committee is further authorized to use Epiq Corporate Restructuring, LLC ("Epiq") in connection with any such website for the benefit of creditors. Any costs, expenses, or fees charged by Epiq on account of such website will be included in the invoices submitted by Epiq to the Debtors pursuant to the *Order Authorizing Employment and Retention of Epiq Corporate Restructuring, LLC as Claims and Noticing Agent* [Docket No. 84] and shall be paid according to the procedures therein.

9. Nothing in this Order shall expand, restrict, affirm, or deny the right or obligation, if any, of the Committee to provide access or not provide access to any information of the Debtors to any party except as explicitly provided herein.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: January 17, 2019

s/Michael E. Wiles
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE