Hearing Date and Time: March 13, 2019 at 11:00 a.m. (prevailing Eastern Time)
Objection Deadline: March 6, 2019 at 4:00 p.m. (prevailing Eastern Time)

| | |
|---|---|
| Marc Kieselstein, P.C.<br>Cristine Pirro<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:  (212) 446-4800<br>Facsimile:  (212) 446-4900 | James H.M. Sprayregen, P.C.<br>Adam C. Paul, P.C. (admitted *pro hac vice*)<br>W. Benjamin Winger (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:  (312) 862-2000<br>Facsimile:  (312) 862-2200 |

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| AEGEAN MARINE PETROLEUM NETWORK INC., *et al.*,[1] | ) ) ) ) | Case No. 18-13374 (MEW) |
| Debtors. | ) ) ) | (Jointly Administered) |

**NOTICE OF DEBTORS' MOTION FOR**
**ENTRY OF AN ORDER (I) EXTENDING THE DEBTORS'**
**EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND**
**SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121**
**OF THE BANKRUPTCY CODE, AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that on February 26, 2019, the above-captioned debtors and debtors in possession (collectively, the "Debtors"), filed the *Debtors' Motion For Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code, and (II) Granting Related Relief* (the "Motion"). A hearing on the Motion will be held before the Honorable Michael E.

---

[1] Due to the large number of Debtors in these chapter 11 cases, a complete list of the Debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/aegean. The location of Debtor Aegean Bunkering (USA) LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 52 Vanderbilt Avenue, Suite 1405, New York, New York 10017.

Wiles of the United States Bankruptcy Court for the Southern District of New York (the "Court") in Room 617, One Bowling Green, New York, New York 10004, on **March 13, 2019 at 11:00 a.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion (each, an "Objection") shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the Bankruptcy Court (a) by registered users of the Bankruptcy Court's case filing system, electronically in accordance with General Order M–399 (which can be found at http://www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M–399, to the extent applicable, and served—so as to be actually received no later than **March 6, 2019, at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline")—on (a) the Debtors, (b) the Master Service List (available on the website of the Debtors' claims and noticing agent), (c) any party that has requested notice pursuant to Bankruptcy Rule 2002, and (d) any other entities with a particularized interest in the subject matter of the Motion.

**PLEASE TAKE FURTHER NOTICE** that if no Objections or other responses are timely filed and served with respect to the Motion, the Debtors shall, on or after the Objection Deadline, submit to the Court an order substantially in the form annexed as **Exhibit A** to the Motion, which order the Court may enter without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion may be obtained free of charge by visiting the website of Epiq Corporate Restructuring, LLC at http://dm.epiq11.com/aegean. You may also obtain copies of any pleadings by visiting the

Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

| | |
|---|---|
| New York, New York<br>Dated: February 26, 2019 | */s/ Marc Kieselstein*<br>Marc Kieselstein, P.C.<br>Cristine Pirro<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:    (212) 446-4800<br>Facsimile:    (212) 446-4900<br><br>- and -<br><br>James H.M. Sprayregen, P.C.<br>Adam C. Paul, P.C. (admitted *pro hac vice*)<br>W. Benjamin Winger (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:    (312) 862-2000<br>Facsimile:    (312) 862-2200<br><br>*Counsel to the Debtors and Debtors in Possession* |

Hearing Date and Time: March 13, 2019 at 11:00 a.m. (prevailing Eastern Time)
Objection Deadline: March 6, 2019 at 4:00 p.m. (prevailing Eastern Time)

| | |
|---|---|
| Marc Kieselstein, P.C. | James H.M. Sprayregen, P.C. |
| Cristine Pirro | Adam C. Paul, P.C. (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS LLP** | W. Benjamin Winger (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | **KIRKLAND & ELLIS LLP** |
| 601 Lexington Avenue | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| New York, New York 10022 | 300 North LaSalle Street |
| Telephone: (212) 446-4800 | Chicago, Illinois 60654 |
| Facsimile: (212) 446-4900 | Telephone: (312) 862-2000 |
| | Facsimile: (312) 862-2200 |

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AEGEAN MARINE PETROLEUM NETWORK INC., *et al*.,[1] | ) | Case No. 18-13374 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF
AN ORDER (I) EXTENDING THE DEBTORS'
EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND
SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121
OF THE BANKRUPTCY CODE, AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state as follows in support of this motion (this "Motion").

**Preliminary Statement**

1.  Less than four months from the Petition Date, the Debtors have made substantial

progress towards achieving a successful turnaround and taking the steps necessary to implement

---

[1]  Due to the large number of Debtors in these chapter 11 cases, a complete list of the Debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/aegean. The location of Debtor Aegean Bunkering (USA) LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 52 Vanderbilt Avenue, Suite 1405, New York, New York 10017.

the transactions contemplated by the restructuring support agreement (the "RSA," and the parties thereto, the "RSA Parties"). Indeed, in compliance with the milestones set forth in the RSA, the Debtors have filed the Plan and Disclosure Statement, which enjoy broad support from the Debtors' key constituents. Additionally, upon the Court's approval of the adequacy of the Disclosure Statement, the Debtors commenced solicitation of votes to accept or reject the Plan as of February 15, 2019. The compromises set forth in the RSA have enabled the Debtors to stabilize these chapter 11 cases and expand the distance between their current reorganizational prospects and the imminent, disorderly liquidation they faced last summer.

2. Among numerous other steps the Debtors have made toward a successful restructuring, the Debtors have:

- stabilized operations and smoothly transitioned into chapter 11 through the approval of approximately 15 first day motions, including garnering crucial authority to pay certain taxes, continue important insurance programs, honor wages and certain employee benefit programs in the ordinary course of business, and maintain their cash management system;

- extensively negotiated competing proposals and obtained final approval for $535 million in aggregate debtor in possession financing (the "DIP Financing") and consensual use of cash collateral [Docket No. 290], including five adequate protection stipulations [Docket Nos. 241 - 245];

- consensually resolved several objections to the foregoing operational relief and DIP Financing;

- negotiated multiple restructuring support agreements and engaged in a competitive bidding process with respect thereto, culminating in execution of the RSA;

- negotiated the definitive documentation necessary to implement the RSA, including a chapter 11 plan [Docket No. 382] (the "Plan") and accompanying disclosure statement [Docket No. 383] (the "Disclosure Statement");

- prepared financial projections, a valuation analysis, and a liquidation analysis in relation to the Disclosure Statement;

5

- prepared a business plan and related materials, which together lay the groundwork for ongoing operations;

- submitted their schedules of assets and liabilities and statements of financial affairs on January 2, 2019, which required review and analysis of thousands of claims, assets, and contracts of each of the Debtors;

- produced a significant amount of documents in response to discovery requests received from the Committee;

- obtained entry of the claims bar date order in these chapter 11 cases to facilitate the timely administration of their claims pool;

- commenced solicitation of votes to accept or reject the Plan; and

- engaged with all key stakeholders and their advisors, including the Committee, with the ultimate goal of achieving consensus and reducing administrative costs.

3. Despite the significant progress that has been made towards achieving the restructuring goals, given the size and complexity of these chapter 11 cases, much work remains to be done. Among other things, the Debtors continue to focus on negotiating and finalizing the other definitive documentation necessary to implement the restructuring, including a litigation trust agreement, evaluating and making decisions regarding the assumption or rejection of executory contracts and leases, completing solicitation of votes to accept or reject the Plan, and addressing and resolving objections to confirmation of the Plan, with the ultimate goal of a fully consensual confirmation process and the Debtors' timely and efficient emergence from chapter 11.

4. The Debtors therefore believe it is prudent to seek a 60-day extension of the Exclusivity Periods to permit the Debtors to finalize the restructuring transactions contemplated by the Plan and proceed toward their goal of confirming a consensual, value-maximizing chapter 11 plan of reorganization in an efficient, organized fashion. Further, the Debtors consulted with and provided the RSA Parties, including the Committee, with an opportunity to review and comment on the Debtors' requested extension.

5.  The Debtors' progress to date has been achieved in no small part due to the breathing room provided by chapter 11.  The Debtors believe that maintaining their exclusive right to file and solicit votes on the Plan is critical to their ability to complete a value-maximizing process and achieve their remaining restructuring goals as efficiently and expeditiously as possible without the risk of the substantial additional costs and disruption that could follow an expiration of the Exclusivity Periods.  Accordingly, the Debtors request an extension of the Exclusivity Periods to allow the Debtors to finish the Plan confirmation process without the costly disruption that would occur if competing plans were to be proposed.

## Relief Requested

6.  The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"):  (a) extending the Debtors' exclusive right to file a chapter 11 plan by approximately 60 days through and including May 6, 2019 (the "Filing Exclusivity Period"), and to solicit votes thereon by approximately 60 days through and including July 5, 2019 (the "Soliciting Exclusivity Period," and together with the Filing Exclusivity Period, the "Exclusivity Periods"), without prejudice to the Debtors' right to seek further extensions to the Exclusivity Periods; and (b) granting related relief.

## Jurisdiction and Venue

7.  The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated December 1, 2016.  The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final

7

orders or judgments in connection herewith consistent with Article III of the United States Constitution.

8.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

9.  The statutory bases for the relief requested herein are section 1121(d) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and Bankruptcy Rule 9006.

**Background**

10.  The Debtors, together with their non-Debtor subsidiaries, are a leading marine fuel logistics company with approximately 850 employees and active operations in 20 countries worldwide. The Debtors' core business involves marketing and physically supplying marine fuel and lubricants to vessels in port, at sea, on rivers and other waterways. The Debtors own and/or operate a fleet of 57 vessels, including 37 owned double hull bunkering tankers, covering more than 50 ports worldwide, including Northern Europe and the Antwerp-Rotterdam-Amsterdam region, the U.S. East and West Coasts, Gibraltar, Greece, Morocco, Canada, Jamaica, Trinidad and Tobago, the Gulf of Mexico, Germany, South Africa, and the U.S. Virgin Islands. The Debtors also own or lease land-based storage facilities—consisting of two terminals and more than 1,000,000 cubic meters of storage capacity—in the United States, Morocco, Canary Islands, Germany, and the United Arab Emirates. The Debtors are headquartered in Athens, Greece, and have a corporate office in New York, New York. As of November 6, 2018 (the "Petition Date"), the Debtors' funded debt obligations totaled approximately $855 million consisting of 12 secured credit facilities and two issuances of unsecured convertible notes.

11.  On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing

8

their properties as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code. On November 6, 2018, the Court entered an order authorizing the joint administration and procedural consolidation of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 19]. No entity has requested the appointment of a trustee or examiner in these chapter 11 cases. On November 15, 2018, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 80].

## Basis for Relief

12. A debtor has the exclusive right to propose a chapter 11 plan for the first 120 days of a chapter 11 case pursuant to section 1121(b) of the Bankruptcy Code. Section 1121(c)(3) of the Bankruptcy Code extends the period of exclusivity for an additional 60 days, to an initial maximum of 180 days, where the debtor has filed a chapter 11 plan and is soliciting votes on such plan. "[T]he point of exclusivity is to promote an environment in which the debtor's business may be rehabilitated and a consensual plan may be negotiated." *In re Burns and Roe Enters., Inc.*, No. 00-41610 RG, 2005 WL 6289213, at *4 (D.N.J. Nov. 2, 2005). In these chapter 11 cases, the Exclusivity Periods set forth in sections 1121(b) and 1121(c) of the Bankruptcy Code will expire on March 6, 2019, and May 5, 2019, respectively, absent further order of the Court. As stated above, the Debtors filed the Plan within the existing Exclusivity Period, however, out of an abundance of caution, the Debtors seek an extension of the Exclusivity Periods to continue working toward their goal of confirming a consensual, value-maximizing chapter 11 plan of reorganization.

13. Section 1121(d)(1) permits a court to extend a debtor's exclusivity "for cause," subject to certain limitations not relevant here. Specifically, section 1121(d) provides that "on request of a party in interest made within the respective periods . . . of this section and after notice

9

and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section." Although the term "cause" is not defined by the Bankruptcy Code, such term should be viewed flexibly in this context "in order to allow the debtor to reach an agreement." H.R. Rep. No. 95, 95th Cong., 1st Sess. 232 (1997); *see also In re Public Serv. Co. of New Hampshire*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("legislative intent . . . [is] to promote maximum flexibility"). Simply put, a debtor should be given a reasonable opportunity to negotiate an acceptable plan with creditors and to prepare adequate financial and nonfinancial information concerning the ramifications of any proposed plan for disclosure to creditors. *See In re Texaco Inc.*, 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987).

14.   Courts within the Second Circuit and in other jurisdictions have held that the decision to extend the Exclusivity Periods is left to the sound discretion of a bankruptcy court and should be based on the totality of circumstances in each case. *See, e.g., In Matter of Excel Mar. Carriers Ltd.*, No. 13-23060-RDD, 2013 WL 5155040, at *2 (Bankr. S.D.N.Y. Sept. 13, 2013); *In re Dow Corning Corp.*, 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997); *In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987); *First Am. Bank of N.Y. v. Sw. Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986). In general, as long as debtors give the court "no reason to believe that they are abusing their exclusivity rights . . . [a] requested extension of exclusivity . . . should be granted." *In re Global Crossing Ltd.*, 295 B.R. 726, 730 (Bankr. S.D.N.Y. 2003); *see also In re Borders Grp., Inc.*, 460 B.R. 818, 822 (noting the debtors' "substantial efforts . . . to stabilize their business and develop a viable exit strategy"). In particular, courts examine a number of factors to determine whether a debtor has had an adequate opportunity to develop, negotiate, and propose a chapter 11 plan and thus whether there is "cause" for extension of the Exclusivity Periods. *See In re Adelphia Commc'ns Corp.*, 336 B.R. 610, 674 (Bankr. S.D.N.Y. 2006); *In re*

10

*Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 183 (Bankr. D.N.J. 2002); *McLean Indus.*, 87 B.R. at 834; *see also Dow Corning*, 208 B.R. at 664 (identifying the below factors and noting that courts generally rely on the same factors to determine whether exclusivity should be extended); *In re Friedman's Inc.*, 336 B.R. 884, 888 (Bankr. D. Ga. 2005) (same). These factors include the following:

    (a)    the size and complexity of the case;

    (b)    the existence of good faith progress toward reorganization;

    (c)    the necessity of sufficient time to negotiate a plan of reorganization and prepare adequate information to allow a creditor to determine whether to accept such plan;

    (d)    whether the debtor is paying its debts as they become due;

    (e)    whether the debtor has demonstrated reasonable prospects for filing a viable plan;

    (f)    whether the debtor has made progress negotiating with creditors;

    (g)    the amount of time which has elapsed in the case;

    (h)    whether the debtor is seeking an extension to pressure creditors; and

    (i)    whether an unresolved contingency exists.

15. Not all of these factors are relevant to every case and courts use only the relevant subset of the above factors to determine whether cause exists to grant an exclusivity extension in a particular chapter 11 case. *See, e.g., Express One*, 194 B.R. at 100 (identifying four of the factors as relevant in determining whether "cause" exists to extend exclusivity); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (finding that the debtor showed "cause" to extend exclusivity based upon three of the factors); *In re Texaco, Inc.*, 76 B.R. at 327 (holding that size and complexity of the chapter 11 case provided sufficient cause to extend exclusivity). For example, both Congress and courts have recognized that the size and complexity of a debtor's case alone may constitute cause for extension of a debtor's exclusive periods to file a plan and solicit

11

acceptances of such a plan. H.R. No. 95-595, at 231-232, 406 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6191 ("[I]f an unusually large company were to seek reorganization under chapter 11, the court would probably need to extend the time in order to allow the debtor to reach an agreement."); *see also Texaco*, 76 B.R. at 326 ("The large size of a debtor and the consequent difficulty in formulating a plan of reorganization for a huge debtor with a complex financial structure are important factors which generally constitute cause for extending the exclusivity periods.").

16. Since the Petition Date, the Debtors have engaged with the Committee, Mercuria, the other RSA Parties, and additional key stakeholders in an effort to reach consensus on the terms of the Debtors' restructuring and ultimate emergence from chapter 11. Over this time, the Debtors have secured DIP Financing, obtained broad-based support for their contemplated restructuring transaction, filed the Plan, received approval of the Disclosure Statement, and commenced solicitation of votes to accept or reject the Plan. An extension of the Exclusivity Periods will thus provide the Debtors with the necessary time and breathing space required to confirm the Plan on the timeline required under the RSA while accounting for potential delays that could occur during the Plan confirmation process.

17. The Debtors submit that sufficient "cause" exists pursuant to section 1121(d) of the Bankruptcy Code to extend the Exclusivity Periods as provided herein. Each of the relevant factors weighs in favor of an extension of the Exclusivity Periods, as follows:

- *The Debtors' Chapter 11 Cases Are Large and Complex.* These chapter 11 cases involve 75 Debtor entities, which have over 850 employees and maintain active operations in 20 countries worldwide in a highly regulated, fuel-based industry. Further, the Debtors have approximately $855 million of prepetition funded debt.

- *The Debtors Have Made Good Faith Progress Towards Exiting Chapter 11.* As noted above, the Debtors have already satisfied several key milestones

necessary for their ultimate reorganization, including the completion and filing of their schedules and statements, the setting of a claims bar date, the negotiation and implementation of the DIP Financing, the filing of the Plan and related Disclosure Statement, and commencement of solicitation thereof.

- *An Extension of the Exclusivity Periods Will Not Prejudice Creditors.* The Debtors are requesting an extension of the Exclusivity Periods in order to maintain focus on completing their restructuring initiatives and to allow the Plan confirmation process to continue unhindered by competing plans. The Plan provides that most of the Debtors' creditors will receive full recoveries. Continued exclusivity will permit the Debtors to maintain flexibility so competing plans do not derail the Debtors' restructuring process. Extending the Exclusivity Periods also will not diminish creditors' recoveries because the RSA preserves the Debtors' ability to entertain and develop competing offers in furtherance of their fiduciary duties. Moreover, throughout these chapter 11 cases, the Debtors have had ongoing and transparent communications with their major creditor groups. Among other things, the Debtors have produced a number of documents in response to discovery requests received from the Committee and have regularly updated creditor groups regarding material developments. Ultimately, extending the Exclusivity Periods will benefit the Debtors' estates, their creditors, and all other key parties in interest especially when, as here, substantially all key creditor constituents support confirmation of the Plan.

- *The Debtors Are Paying Their Bills as They Come Due.* Since the Petition Date, the Debtors have paid their vendors in the ordinary course of business or as otherwise provided by orders of the Court. Importantly, the Debtors maintain their ability to continue to pay their bills throughout these chapter 11 cases in light of the liquidity provided by the DIP Financing and through the consensual use of cash collateral.

- *The Debtors Have Demonstrated Reasonable Prospects for Filing a Viable Plan.* As discussed above, during their short time in chapter 11, the Debtors have already taken significant steps toward reorganization, including the preparation and filing of their schedules of assets and liabilities and statements of financial affairs, entry into the RSA, and ongoing dialogue and communication with the RSA Parties, the Committee, and their advisors regarding the Plan, Disclosure Statement, and related steps in furtherance of emergence.

- *These Cases Are Just Four Months Old.* The Debtors' request for an extension of the Exclusivity Periods is the Debtors' first such request and comes less than four months after the Petition Date. As discussed above, during this short time, the Debtors have accomplished a great deal and continue to work diligently towards their timely emergence from chapter 11.

- *An Extension Will Not Pressure Creditors.* The Debtors are not seeking an extension of the Exclusivity Periods to pressure or prejudice any of their stakeholders. All creditor groups or their advisors have had an opportunity to actively participate in substantive discussions with the Debtors throughout these chapter 11 cases. Further, the Debtors consulted with and provided the RSA Parties, including the Committee, with an opportunity to review and comment on the Debtors' request for an extension of the Exclusivity Periods. The Debtors are seeking an extension of the Exclusivity Periods to preserve and capitalize on the progress made to date in their restructuring negotiations. In fact, the Plan provides for substantial recoveries to stakeholders that may be compromised if the Exclusivity Periods expire and other, competing plans are filed that jeopardize the Debtors' current timeline for emergence. And the Debtors have obtained support from key economic parties in interest with the RSA.

- *Certain Unresolved Contingencies Exist.* As discussed, the Debtors continue to actively negotiate the definitive documentation necessary to implement the restructuring, including the litigation trust agreement, which are key components to confirmation of the Debtors' Plan and maximizing recoveries.

18. An objective analysis of the relevant factors demonstrates that the Debtors are doing everything that they should be doing as chapter 11 debtors to facilitate a successful conclusion to these chapter 11 cases. Accordingly, the Debtors respectfully submit that sufficient cause exists to extend the Exclusivity Periods as provided herein.

**Motion Practice**

19. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Rule 9013-1(a) of the Local Bankruptcy Rules.

**Notice**

20. The Debtors will provide notice of the Motion in accordance with the *Order Establishing Certain Notice, Case Management and Administrative Procedures* [Docket No. 109].

The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

21.  No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request entry of the Order, (a) granting the relief requested herein and (b) granting such other relief as is just and proper.

| | |
|---|---|
| New York, New York<br>Dated:  February 26, 2019 | */s/ Marc Kieselstein*<br>Marc Kieselstein, P.C.<br>Cristine Pirro<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:    (212) 446-4800<br>Facsimile:     (212) 446-4900<br><br>- and -<br><br>James H.M. Sprayregen, P.C.<br>Adam C. Paul, P.C. (admitted *pro hac vice*)<br>W. Benjamin Winger (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:    (312) 862-2000<br>Facsimile:     (312) 862-2200<br><br>*Counsel to the Debtors and Debtors in Possession* |

# **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AEGEAN MARINE PETROLEUM NETWORK INC., *et al.*,[1] | ) ) ) | Case No. 18-13374 (MEW) |
| Debtors. | ) ) ) | (Jointly Administered) |

**ORDER EXTENDING THE DEBTORS' EXCLUSIVE PERIODS
TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES
THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"): (a) extending the Filing Exclusivity Period through and including May 6, 2019, and the Soliciting Exclusivity Period through and including July 5, 2019, without prejudice to the Debtors' right to seek further extensions to the Exclusivity Periods, and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated December 1, 2016; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

---

[1] Due to the large number of Debtors in these chapter 11 cases, a complete list of the Debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/aegean. The location of Debtor Aegean Bunkering (USA) LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 52 Vanderbilt Avenue, Suite 1405, New York, New York 10017.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Any responses or objections to the Motion that have not been previously withdrawn or otherwise resolved are hereby overruled and denied.

3. Pursuant to section 1121(d) of the Bankruptcy Code, the Filing Exclusivity Period pursuant to section 1121(b) of the Bankruptcy Code is hereby extended through and including May 6, 2019.

4. Pursuant to section 1121(d) of the Bankruptcy Code, the Soliciting Exclusivity Period pursuant to section 1121(c) of the Bankruptcy Code is hereby extended through and including July 5, 2019.

5. Nothing herein shall prejudice the Debtors' rights to seek further extensions of the Exclusivity Periods consistent with section 1121(d) of the Bankruptcy Code.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2019

                                        HONORABLE MICHAEL E. WILES
                                        UNITED STATES BANKRUPTCY JUDGE