UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 11 |
| AEGEAN MARINE PETROLEUM NETWORK INC., *et al.*,[1] | ) Case No. 18-13374 (MEW) |
| Debtors. | ) (Jointly Administered) |

# DECLARATION OF JANE SULLIVAN OF
# EPIQ CORPORATE RESTRUCTURING, LLC
# REGARDING VOTING AND TABULATION OF BALLOTS
# CAST ON THE JOINT PLAN OF REORGANIZATION OF
# AEGEAN MARINE PETROLEUM NETWORK INC. AND ITS DEBTOR
# AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

I, Jane Sullivan, declare, under penalty of perjury:

1.  I am Executive Vice President of Epiq Corporate Restructuring, LLC ("Epiq") located at 777 Third Avenue, 12th Floor, New York, New York 10017. I am over the age of 18 years. I do not have a direct interest in the chapter 11 cases and should be considered an impartial party.

2.  I submit this declaration (the "Declaration") with respect to the solicitation and tabulation of votes cast on the *Joint Plan of Reorganization of Aegean Marine Petroleum Network Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or modified from time to time, the "Plan").[2] Except as otherwise indicated herein,

---

[1] Due to the large number of Debtors in these chapter 11 cases, a complete list of the Debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/aegean. The location of Debtor Aegean Bunkering (USA) LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 52 Vanderbilt Avenue, Suite 1405, New York, New York 10017.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan or the Disclosure Statement Order (as defined herein).

all facts set forth herein are based upon my personal knowledge or my review of relevant documents. I am authorized to submit this Declaration on behalf of Epiq. If I were called upon to testify, I could and would testify competently as to the facts set forth herein.

3.  In accordance with (a) the *Order Authorizing the Employment and Retention of Epiq Corporate Restructuring, LLC as Administrative Advisor Nunc Pro Tunc to the Petition Date*, dated December 6, 2018 [Docket No. 162] and (b) the *Order (I) Approving the (A) Adequacy of Information in the Disclosure Statement, (B) Solicitation and Notice Procedures, (C) Forms of Ballots and Notices in Connection Therewith, and (D) Certain Dates with Respect Thereto, and (II) Granting Related Relief,* dated February 15, 2019 [Docket No. 385] (the "Disclosure Statement Order"), Epiq was appointed and authorized to assist the Debtors with, *inter alia*, soliciting, receiving, reviewing, determining the validity of, and tabulating Ballots cast on the Plan by holders of Claims and Interests in the Voting Classes (as defined below).

4.  Pursuant to the Plan and the Disclosure Statement Order, only holders of Claims and Interests in the following Classes (collectively, the "Voting Classes") were entitled to vote to accept or reject the Plan:

| Class | Description |
| --- | --- |
| Class 4A | Aegean Unsecured Claims |
| Class 7 | Section 510(b) Claims |
| Class 8 | Interests in Aegean |

5.  The procedures for the solicitation and tabulation of votes on the Plan are outlined in the Disclosure Statement Order. Epiq was instructed by the Debtors to solicit, review, determine the validity of, and tabulate Ballots submitted to vote to accept or reject the Plan by the holders of Claims and Interests in the Voting Classes.

6. The Disclosure Statement Order established February 12, 2019 as the record date for determining the holders of Claims and Interests in the Voting Classes who would be entitled to vote on the Plan (the "<u>Voting Record Date</u>").

7. In accordance with the Disclosure Statement Order, Epiq solicited the holders of Claims and Interests in the Voting Classes as of the Voting Record Date. Epiq's *Affidavit of Service of Solicitation Materials* was filed with the Court on March 8, 2019 [Docket No. 428].

8. Ballots returned by online submission, mail, hand delivery, overnight courier, or, in the case of Master Ballots, by e-mail, were received by personnel of Epiq at the offices of Epiq in Beaverton, Oregon and New York, New York. All Ballots received by Epiq were date-stamped upon receipt and were processed in accordance with the procedures set forth in the Disclosure Statement Order.

9. For a Ballot to be counted as valid, the Ballot must have been properly completed in accordance with the procedures set forth in the Disclosure Statement Order and executed by the relevant holder, or such holder's authorized representative, and must have been received by Epiq by no later than 4:00 p.m. (prevailing Eastern Time) on March 19, 2019 (the "<u>Voting Deadline</u>")[3].

10. All validly executed Ballots cast by holders of Claims and Interests in the Voting Classes received by Epiq on or before the Voting Deadline were tabulated as outlined in the procedures set forth in the Disclosure Statement Order. I declare that the results of the voting by holders of Claims and Interests in the Voting Classes are as set forth in **Exhibit A** hereto, which

---

[3] Two amended Ballots were received via email on March 19, 2019 within one hour of the Voting Deadline: (i) a timely received Master Ballot was amended to update the amount being voted, and (ii) a timely received Class 7 Ballot was amended to include the voting indication. The Debtors agreed to accept these amended votes, and the two updated Ballots are considered timely and included in the tabulation.

3

is a true and correct copy of the final tabulation of votes cast by timely and properly executed Ballots received by Epiq.

11. A report of all Ballots not included in the tabulation prepared by Epiq and the reasons for exclusion of such Ballots is attached as **Exhibit B** hereto.

12. Epiq was also requested to prepare a report with respect to Class 7 Section 510(b) Claims showing both the Claim amount and the amount used for tabulation. Any Claim filed as unknown or wholly unliquidated is shown with a Claim amount of $1.00. The report is attached as **Exhibit C** hereto.

*[Remainder of page left intentionally blank.]*

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: March 21, 2019

*/s/ Jane Sullivan*
Jane Sullivan
Executive Vice President
Epiq Bankruptcy Solutions, LLC

**Exhibit A**

# EXHIBIT A

## Aegean Marine Petroleum Network Inc., *et al.*

### Tabulation Summary

| VOTING CLASS | TOTAL BALLOTS COUNTED | | | | Class Voting Result |
|---|---|---|---|---|---|
| | ACCEPTING | | REJECTING | | |
| | AMOUNT | NUMBER | AMOUNT | NUMBER | |
| **Class 4A** [1] Aegean Unsecured Claims | $262,480,530.72 **99.994%** | 84 **97.67%** | $15,327.00 **0.006%** | 2 **2.33%** | Accepts |
| **Class 7** [2] Section 510(b) Claims | $8.00 **88.89%** | 6 **85.71%** | $1.00 **11.11%** | 1 **14.29%** | Accepts |
| **Class 8** Interests In Aegean | 20,370,655 **75.36%** | N/A | 6,659,340 **24.64%** | N/A | Accepts |

---

[1] Votes submitted by Mercuria were omitted from the tabulation, based on Mercuria's status as an insider, as defined in 11 U.S.C. §101(a)(31).

[2] Pursuant to the Solicitation and Voting Procedures, "Ballots cast by Holders of Claims who timely file a Proof of Claim in respect of a contingent Claim (for example, a claim based on litigation) or in a wholly-unliquidated or unknown amount that is not the subject of a pending objection based on a reasonable review of the Proof of Claim and supporting documentation by the Debtors or their advisors will count for satisfying the numerosity requirement of section 1126 (c) of the Bankruptcy Code and will count in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code." Accordingly, each Claim voted in Class 7 (Section 510(b) Claims) was tabulated in the amount of $1.00.

**Exhibit B**

18-13374-mew    Doc 470    Filed 03/21/19    Entered 03/21/19 15:41:13    Main Document
Pg 8 of 11
]]>

**Exhibit B**

18-13374-mew    Doc 470    Filed 03/21/19    Entered 03/21/19 15:41:13    Main Document
Pg 8 of 11

# EXHIBIT B

## Aegean Marine Petroleum Network Inc., *et al*.

### Report of Excluded Ballots

| Plan Class | Plan Class Description | Name | Total Voting Amount | Vote Accept / Reject | Ballot Number | Reason for Exclusion |
|---|---|---|---|---|---|---|
| 4A | AEGEAN UNSECURED CLAIMS | AEGEAN BALTIC BANK S.A. (AS AGENT) | $76,223,540.88 | ACCEPT | 10009 | VOTED BY INSIDER |
| 4A | AEGEAN UNSECURED CLAIMS | ANTIPOLLUTION SINGLE MEMBER SA | $133,125.78 | ACCEPT | 4 | SUBJECT TO FILED CLAIM OBJECTION AND DISALLOWED FOR VOTING PURPOSES [DOCKET NO. 434] |
| 8 | INTERESTS IN AEGEAN | BARTOSZEK, RAYMOND | 180,000.000 | ACCEPT | 17 | UNABLE TO VALIDATE POSITION |
| 8 | INTERESTS IN AEGEAN | DONALD MOORE | 360,000.000 | ACCEPT | 8 | UNABLE TO VALIDATE POSITION |
| 8 | INTERESTS IN AEGEAN | JEFFERIES (0019) | 5,333,260.000 | REJECT | BR007 | SUPERSEDED BY LATER RECEIVED BALLOT |
| 4A | AEGEAN UNSECURED CLAIMS | LAM, LISA W | $2,674.95 | ACCEPT | 5 | SUBJECT TO FILED CLAIM OBJECTION AND DISALLOWED FOR VOTING PURPOSES [DOCKET NO. 434] |
| 4A | AEGEAN UNSECURED CLAIMS | MERCURIA ENERGY TRADING S.A. | $5,000,000.00 | ACCEPT | 10008 | VOTED BY INSIDER |
| 4A | AEGEAN UNSECURED CLAIMS | SCOTIA CAPITAL (96) | $1,758,000.00 | ACCEPT | MB17 | LATE - BALLOT WAS RECEIVED ON MARCH 20, 2019 |

**<u>Exhibit C</u>**

# EXHIBIT C

## Aegean Marine Petroleum Network Inc., *et al.*

### Class 7 Detail

| Plan Class | Plan Class Description | Claim Name | Claim Amount | Tabulated Amount | Vote Accept / Reject | Ballot Number |
|---|---|---|---|---|---|---|
| 7 | SECTION 510(B) CLAIMS | AMERI, SATTAR | $60,000.00 | $1.00 | REJECT | 10007 |
| 7 | SECTION 510(B) CLAIMS | BARTOSZEK, RAYMOND | $1.00 | $1.00 | ACCEPT | 18 |
| 7 | SECTION 510(B) CLAIMS | BARON, TAYLOR | $1.00 | $1.00 | ACCEPT | 7 |
| 7 | SECTION 510(B) CLAIMS | BENDER, WILLIAM H AND MAUREEN | $27,131.74 | $1.00 | ACCEPT | 1 |
| 7 | SECTION 510(B) CLAIMS | BLAIR, GREGORY JOHN  (Claim 1) | $1,079.00 | $1.00 | ACCEPT | 2 |
| 7 | SECTION 510(B) CLAIMS | BLAIR, GREGORY JOHN  (Claim 2) | $3,370.00 | $1.00 | ACCEPT | 2 |
| 7 | SECTION 510(B) CLAIMS | BLAIR, GREGORY JOHN  (Claim 3) | $3,479.00 | $1.00 | ACCEPT | 2 |
| 7 | SECTION 510(B) CLAIMS | DONALD MOORE | $1.00 | $1.00 | ACCEPT | 13 |
| 7 | SECTION 510(B) CLAIMS | JENKINSON, CATHY | $1,800.00 | $1.00 | ACCEPT | 6 |