**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AEGEAN MARINE PETROLEUM NETWORK INC., *et al.*,[1] | ) Case No. 18-13374 (MEW) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

### ORDER REGARDING THE APPLICATION OF OAKTREE CAPITAL MANAGEMENT, L.P AND HARTREE PARTNERS, LP FOR ALLOWANCE AND PAYMENT OF PROFESSIONAL FEES AND EXPENSES INCURRED IN MAKING A SUBSTANTIAL CONTRIBUTION

On March 5, 2019, Oaktree Capital Management, L.P. and Hartree Partners, LP ("Oaktree/Hartree") submitted an *Application Pursuant to 11 U.S.C. §§ 503(b)(3)(D) and 503(b)(4) for Allowance and Payment of Professional Fees and Expenses Incurred in Making a Substantial Contribution* (the "Application") [ECF No. 421]. The matter was scheduled for hearing on March 26, 2019, at which time the confirmation of the Debtors' proposed plan of reorganization was also scheduled for hearing. Under the terms of the proposed plan, a fixed pot of money ($40 million) plus certain litigation claims were to be made available for distribution to unsecured creditors of Aegean Marine Petroleum Network Inc. As a result, administrative expenses were to have no effect on the unsecured creditors' recovery; the economic burden of such

---

[1] Due to the large number of Debtors in these chapter 11 cases, which cases are being jointly administered for procedural purposes, a complete list of the Debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at http://dm.epiq11.com/aegean. The location of Debtor Aegean Bunkering (USA) LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 52 Vanderbilt Avenue, Suite 1405, New York, New York 10017.

expenses would be borne by Mercuria US Asset Holdings, LLC ("Mercuria"), who was to acquire ownership of the Debtors under the terms of the plan.

Mercuria objected to the Oaktree/Hartree application [ECF No. 448], as did the Office of the United States Trustee. [ECF No. 451]. On March 25, 2019 (the day before the scheduled hearing) the parties notified the Court that they might reach a settlement of their disputes over the Oaktree/Hartree application. At 8:12 a.m. on March 26, the morning of the scheduled hearing, the debtors filed a description of a proposed settlement, which was set forth in ¶ 115 of the Debtors' *Notice of Filing of Revised Proposed Findings of Fact, Conclusions of Law, and Order Confirming the Joint Plan of Reorganization of Aegean Marine Petroleum Network Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [ECF No. 493]. The proposed settlement provided for two payments to be made to White & Case LLP as counsel to Oaktree & Hartree. One payment, in the amount of $300,000, would be paid by Mercuria. The other payment, in the amount of $450,000, would be paid from "the Aegean Unsecured Claims Cash Pool." The remainder of the Oaktree/Hartree application would be withdrawn with prejudice.

A number of the largest unsecured noteholders of Aegean Marine Network, Inc. participated in the negotiation of the proposed settlement and expressed their support for it. However, no notice of the settlement (or even of the possibility that unsecured creditors might bear the cost of some portion of the Oaktree/Hartree application) was provided to other unsecured creditors.

The Office of the United States Trustee did not join in the proposed settlement and continued to press its opposition to the Oaktree/Hartree Application. This Court considered the arguments of counsel regarding the proposed settlement at the hearing, including statements by counsel to Mercuria and counsel to the Official Committee of Unsecured Creditors in support of

the proposed settlement. The Court informed the parties that it believed that Mercuria was a sophisticated party and that the Court would not interfere if Mercuria wished to make payments, from its own resources, to cover legal expenses that Oaktree and Hartree had incurred. The Court also noted that the noteholders who had participated in the negotiation of the proposed settlement also were sophisticated parties, and that the Court would not interfere if they wished to make payments from their own resources (or from their own recoveries in these cases) to cover portions of the legal expenses that Oaktree and Hartree incurred. However, other unsecured creditors who would be affected by the proposed settlement were entitled to notice and an opportunity to object as to whether the terms of the proposed settlement were reasonable. In this case, they had been given no such notice or opportunity to object. In fact, there was nothing about the original application that even suggested that the application could possibly affect the unsecured creditors. Furthermore, the United States Trustee continued to press its own objection, which squarely raised the issue of whether the proposed settlement was a reasonable one insofar as it affected those persons who had not explicitly consented to it. For the reasons stated by the Court on the record at the hearing on March 26, the Court found that there was merit to the objection posed by the United States Trustee, and that the proposed settlement was not a reasonable one insofar as it would have affected unsecured creditors who had not explicitly consented to it. Accordingly, the Court held that it was willing to approve the proposed settlement insofar as it called for payments by Mercuria, or to the extent that the noteholders who had consented to the settlement wished to pay directly (or had agreed to pay directly) their own shares of the proposed settlement payments to Oaktree/Hartree, but that the Court would not approve the proposed settlement, or the Oaktree/Hartree Application, insofar as it would have

affected unsecured creditors who had not been given notice and an opportunity to object and who had not given their explicit consent to its terms.

The parties disagreed as to whether the partial denial of the proposed settlement had the effect of nullifying all of the proposed terms of the settlement, or whether portions of it might still be enforceable by Oaktree/Hartree against non-debtors as a matter of contract. The Court did not rule on that question and the parties' respective rights in that regard are preserved.

For the foregoing reasons, and as explained on the record on March 26, 2019,

**IT IS HEREBY ORDERED**, that the proposed settlement of the Oaktree/Hartree Application is not approved insofar as it would affect unsecured creditors who did not participate in the negotiation of the proposed settlement and did not affirmatively and explicitly consent to it, and the objection by the United States Trustee is sustained to the extent that the Oaktree/Hartree application would affect those unsecured creditors; and it is further

**ORDERED**, that this Order is without prejudice to contentions by Oaktree/Hartree that the terms of the proposed settlement are enforceable as a matter of contract against Mercuria and/or as to other parties who negotiated the terms of the proposed settlement, and is similarly without prejudice to any contentions by Mercuria and such other parties that since the Court did not approve the entire settlement no portion of the proposed settlement may be enforced.

Dated: New York New York
      March 28, 2019

                                                  <u>s/Michael E. Wiles</u>
                                                  Honorable Michael E. Wiles
                                                  United States Bankruptcy Judge