**Hearing Date: November 19, 2019 at 10:00 a.m. (prevailing Eastern Time)**
**Response Deadline: November 12, 2019 at 4:00 p.m. (prevailing Eastern Time)**

> **PLEASE TAKE NOTICE THAT THIS OBJECTION SEEKS TO MODIFY, RECLASSIFY, DISALLOW, AND/OR EXPUNGE CERTAIN FILED PROOFS OF CLAIM. YOU SHOULD LOCATE YOUR NAME AND YOUR CLAIM(S) ON THE SCHEDULES ATTACHED HERETO. AS A RESULT OF THIS OBJECTION, YOUR CLAIM(S) MAY BE DISALLOWED, EXPUNGED, RECLASSIFIED, OR OTHERWISE AFFECTED. THEREFORE, PLEASE READ THIS NOTICE AND THE ACCOMPANYING OBJECTION VERY CAREFULLY.**

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Philip C. Dublin
Abid Qureshi
Brian T. Carney
Kevin Zuzolo

*Counsel to the Litigation Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>AEGEAN MARINE PETROLEUM NETWORK INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-13374 (MEW)<br><br>Jointly Administered |

**NOTICE OF HEARING ON LITIGATION TRUST'S FIRST OMNIBUS OBJECTION TO CLAIMS (AMENDED AND SUPERSEDED CLAIMS, DUPLICATE CLAIMS, DUPLICATE NOTEHOLDER CLAIMS, AND INSUFFICIENT DOCUMENTATION CLAIMS)**

PLEASE TAKE NOTICE that, on October 18, 2019, the litigation trust (the "Litigation

Trust") established to facilitate the implementation of the *Joint Plan of Reorganization of Aegean*

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/aegean.

*Marine Petroleum Network, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code*, dated March 22, 2019, filed the *Litigation Trust's First Omnibus Objection to Claims (Amended and Superseded Claims, Duplicate Claims, Duplicate Noteholder Claims, and Insufficient Documentation Claims)* (the "Objection").

**PLEASE TAKE FURTHER NOTICE that a hearing to consider the Objection shall be held before the Honorable Michael E. Wiles, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on November 19, 2019, at 10:00 a.m. (prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that any responses to the Objection must be made in writing; shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York; shall be filed with the Bankruptcy Court with a hard copy delivered to Chambers, and served so as to be actually received by: (i) Province, Inc., 2360 Corporate Circle, Suite 330, Henderson NV, 89074, Attn: Peter Kravitz and Amanda Demby, Email: ademby@provincefirm.com; (ii) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: Philip C. Dublin and Kevin Zuzolo, counsel to the Litigation Trust; and (iii) those parties on the Service List (as defined in the *Order Establishing Certain Notice, Case Management, and Administrative Procedures* [Docket No. 109]), no later than **November 12, 2019 at 4:00 p.m. (prevailing Eastern Time)**.

[*Remainder of Page Intentionally Left Blank*]

Dated:  New York, New York
       October 18, 2019

AKIN GUMP STRAUSS HAUER & FELD LLP

By: /s/  *Philip C. Dublin*

Philip C. Dublin
Abid Qureshi
Brian T. Carney
Kevin Zuzolo
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

*Counsel to the Litigation Trust*

**Hearing Date: November 19, 2019 at 10:00 a.m. (prevailing Eastern Time)**
**Response Deadline: November 12, 2019 at 4:00 p.m. (prevailing Eastern Time)**

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Philip C. Dublin
Abid Qureshi
Brian T. Carney
Kevin Zuzolo

*Counsel to the Litigation Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| AEGEAN MARINE PETROLEUM NETWORK INC., *et al.*,[1] | ) ) ) | 18-13374 (MEW) |
| Debtors. | ) ) ) | Jointly Administered |

**LITIGATION TRUST'S FIRST OMNIBUS OBJECTION TO CLAIMS (AMENDED AND SUPERSEDED CLAIMS, DUPLICATE CLAIMS, DUPLICATE NOTEHOLDER CLAIMS, AND INSUFFICIENT DOCUMENTATION CLAIMS)**

The litigation trust (the "<u>Litigation Trust</u>") established to facilitate the implementation of

the *Joint Plan of Reorganization of Aegean Marine Petroleum Network Inc. and Its Debtor*

*Affiliates Pursuant to Chapter 11 of the Bankruptcy Code*, dated March 22, 2019 [Docket No. 503-

1] (the "<u>Plan</u>"),[2] hereby files this omnibus objection (the "<u>Objection</u>") for entry of an order,

substantially in the form annexed hereto as **<u>Exhibit A</u>** (the "<u>Proposed Order</u>"), disallowing and

expunging each of the claims listed in the column titled "Claim to be Disallowed and Expunged"

---

[1] A complete list of the Debtors in the chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/aegean.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan..

on **Schedules 1-4** to the Proposed Order (the "Disputed Claims") pursuant to Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Objection, the Litigation Trust relies on the *Declaration of Peter Kravitz in Support of the Litigation Trust's First Omnibus Objection to Claims (Amended and Superseded Claims, Duplicate Claims, Duplicate Noteholder Claims, and Insufficient Documentation Claims)* (the "Kravitz Declaration"), attached hereto as **Exhibit B**. In further support of this Objection, the Litigation Trust respectfully states as follows:

## JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are section 502 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

**A.      General Case Background**

4.      On November 6, 2018 (the "Petition Date"), Aegean Marine Petroleum Network Inc. ("Aegean") and certain of its affiliates (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5.      On March 29, 2019, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Joint Plan of Reorganization of Aegean Marine Petroleum Network Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 503]

(the "<u>Confirmation Order</u>").  On April 3, 2019, the Plan was substantially consummated and the effective date of the Plan occurred (the "<u>Effective Date</u>").[3]

6.    On the Effective Date, the Litigation Trust was created pursuant to the Plan and the Litigation Trust Agreement, dated as of April 3, 2019 (the "<u>Litigation Trust Agreement</u>"), by and among Aegean, the other Debtors and the Non-Debtor Subsidiaries, as settlors, and Peter Kravitz, as trustee of the Litigation Trust (the "<u>Litigation Trustee</u>").  Pursuant to Article VIII.B.2. of the Plan, the Litigation Trust has the sole authority to file, withdraw or litigate to judgment objections to Disputed Aegean Unsecured Claims in Class 4A, Disputed Section 510(b) Claims in Class 7, and Disputed Aegean Interests in Class 8.

**B.    Schedules, Bar Date, and Notice**

7.    On December 11, 2018, the Debtors filed the *Debtors' Motion for Entry of an Order (I) Setting Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, and (III) Approving Notice Thereof* [Docket No. 199] (the "<u>Bar Date Motion</u>"). On December 18, 2018, the Bankruptcy Court entered an order granting the relief set forth in the Bar Date Motion [Docket No. 240] (the "<u>Bar Date Order</u>"), which established certain procedures and deadlines for filing proofs of claim against the Debtors and approved the form and manner of the bar date notice (the "<u>Bar Date Notice</u>").  Pursuant to the Bar Date Order and the Bar Date Notice, the deadline for certain persons and entities to file proofs of claim in these chapter 11 cases was February 21, 2019 at 5:00 p.m. Eastern Time (the "<u>General Bar Date</u>") and the deadline for governmental units to file proofs of claim in the Debtors' chapter 11 cases was May 6, 2019 at 5:00 p.m. Eastern Time.  The Bar Date Notice was served on January 3, 2019 and published in *The*

---

[3] *See Notice of (A) Entry of Order Confirming the Joint Plan of Reorganization of Aegean Marine Petroleum Network Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code and (B) Occurrence of the Effective Date* [Docket No. 514].

*New York Times* (national and international editions), *Financial Times* (international edition), and *Tradewinds* on January 7, 2019, January 8, 2019, and January 11, 2019, respectively.

8.     On January 2, 2019, the Debtors filed their Schedules of Assets and Liabilities and Statements of Financial Affairs. *See, e.g.*, Docket Nos. 262-63.

**C.     Claims Resolution Process**

9.     The Litigation Trustee and the Litigation Trust's advisors are in the process of reviewing proofs of claim filed in these cases, including any supporting documentation attached thereto, and reconciling the proofs of claim with the Debtors' books and records to determine the validity of the proofs of claim.  The Litigation Trustee and the Litigation Trust's advisors are also comparing the proofs of claim with the Schedules to determine the validity of the asserted claims.

10.     The reconciliation process includes identifying particular categories of claims that the Litigation Trustee believes should be disallowed.  To avoid possible multiple recoveries or otherwise improper recoveries by claimants, the Litigation Trust intends to file omnibus objections to such categories of claims if and where warranted.  This Objection is one such omnibus objection.

<u>**RELIEF REQUESTED**</u>

11.     Pursuant to Bankruptcy Code section 502(b) and Bankruptcy Rule 3007, the Litigation Trust respectfully requests entry of the Proposed Order attached hereto as **<u>Exhibit A</u>** disallowing and expunging the Disputed Claims listed in the column titled "Claims To Be Disallowed & Expunged" on **<u>Schedules 1-4</u>** to the Proposed Order.

<u>**CLAIM OBJECTIONS**</u>

12.     When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant.  *See In re Marino*, 90 B.R. 25, 29 (Bankr. D. Conn. 1988); *Matter of Int'l Match Corp.*, 69 F. 2d 73, 76 (2d Cir. 1934) (finding that a proof of claim should at least allege facts from which legal liability

4

can be seen to exist).  Where the claimant alleges sufficient facts to support its claim, its claim is

afforded *prima facie* validity.  *In re Vanegas*, 290 B.R. 190, 193 (Bankr. D. Conn. 2003); Fed. R.

Bankr. P. 3001(f).

13.    As a result, a party wishing to dispute such a claim must produce evidence in

sufficient force to negate the claim's *prima facie* validity.  *In re Vanegas*, 290 B.R. 190, 193

(Bankr. D. Conn. 2003).  The objecting party must produce evidence that would refute at least one

of the allegations essential to the claim's legal sufficiency.  *Id.*  Once the objecting party produces

such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a

preponderance of the evidence.  *In re Rockefeller Ctr. Properties*, 241 B.R. 804, 817 (Bankr.

S.D.N.Y. 1999).

A.    **Amended and Superseded Claims (Schedule 1)**

14.    As a result of his review of the claims filed in these chapter 11 cases, the Litigation

Trustee has identified two (2) proofs of claim (the "Amended and Superseded Claims") listed in

the column titled "Claim To Be Disallowed and Expunged" on **Schedule 1** that have been amended

or superseded by the claimant through a subsequently-filed proof of claim.  The Litigation Trustee

has identified the Amended and Superseded Claims in **Schedule 1** along with the identity of the

claimant, the Debtor against which the Amended and Superseded Claim was filed, and certain

information regarding each Amended and Superseded Claim, including the claim amount.  The

subsequently-filed proofs of claim that amended and superseded the Amended and Superseded

Claims are identified on **Schedule 1** in the column entitled "Surviving Claim" (the "Surviving

Claims").

15.    As the Amended and Superseded Claims have been superseded by the Surviving

Claims, the Litigation Trust requests that the Court disallow and expunge the Amended and

Superseded Claims. The relief requested by this Objection will have no effect on the Surviving Claims, which shall remain subject to allowance or subsequent objections thereto.

16. The claimants holding the Amended and Superseded Claims will not be prejudiced by having their respective Amended and Superseded Claims disallowed and expunged because their Surviving Claims—asserting the same liability on account of the same underlying claim— will remain on the claims register after the corresponding Amended and Superseded Claims are expunged, albeit subject to further objection on any other basis. Moreover, should the Amended and Superseded Claims not be disallowed and expunged, the holders of such claims may receive multiple distributions on account of a single liability, thus prejudicing other similarly situated creditors. Multiple recoveries of this sort are not permitted under the Bankruptcy Code and the Litigation Trust should not be required to satisfy the same obligation twice. *See*, *e.g.*, *In re Handy Andy Home Improvement Ctrs.*, Inc., 222 B.R. 571, 575 (Bankr. N.D. Ill. 1998) ("[I]t is axiomatic that one cannot recover for the same debt twice"). Accordingly, the Litigation Trust (a) objects to the Amended and Superseded Claims listed on **Schedule 1** and (b) requests entry of an order disallowing and expunging the Amended and Superseded Claims in their entirety.

**B.    Duplicate Claims (Schedule 2)**

17. As a result of his review of the claims filed in these chapter 11 cases, the Litigation Trustee has identified eight (8) proofs of claim (the "Duplicate Claims") listed in the column titled "Claim To Be Disallowed and Expunged" on **Schedule 2** that the Litigation Trustee believes are duplicative of other proofs of claim filed in these cases because such proofs of claim were filed by the same creditor, assert claims in the same amounts against the same Debtor, and do not otherwise contain any documentation or other indication that such proofs of claim are on account of different claims. The Litigation Trustee has identified the Duplicate Claims on **Schedule 2** along with the identity of the claimant, the Debtor against which the Duplicate Claim was filed, and certain

6

information regarding the Duplicate Claim, including claim amount.  The Litigation Trustee has also identified the surviving claims that will remain if the Duplicate Claims are expunged under the column on **Schedule 2** labeled "Surviving Claim Number."

18.    The claimants holding Duplicate Claims will not be prejudiced by having their respective Duplicate Claims disallowed and expunged because their surviving claims—asserting the same liability on account of the same underlying claim—will remain on the claims register after the corresponding Duplicate Claims are expunged, albeit subject to further objection on any other basis.  Moreover, should the Duplicate Claims not be disallowed and expunged, the holders of such claims may receive multiple distributions on account of a single liability, thus prejudicing other similarly situated creditors.  Multiple recoveries of this sort are not permitted under the Bankruptcy Code and the Litigation Trust should not be required to satisfy the same obligation twice.  Accordingly, the Litigation Trust (a) objects to the Duplicate Claims listed on **Schedule 2** and (b) requests entry of an order disallowing and expunging the Duplicate Claims in their entirety.

C.    **Duplicate Noteholder Claims (Schedule 3)**

19.    As a result of his review of the claims filed in these chapter 11 cases, the Litigation Trustee has identified sixty-seven (67) proofs of claim (the "Duplicate Noteholder Claims") listed on **Schedule 3** that are duplicative of Unsecured Notes Claims that were Allowed pursuant to the Plan.  The Litigation Trustee has identified the Duplicate Noteholder Claims on **Schedule 3** along with the identity of the claimant and certain information regarding the Duplicate Noteholder Claim, including claim amount.

20.    The claimants holding Duplicate Noteholder Claims will not be prejudiced by having their respective Duplicate Noteholder Claims disallowed and expunged because such

claims under the Unsecured Notes Indentures have already been Allowed pursuant to the Plan.[4]

*See* Plan Art. III.A.4 ("The Unsecured 4.00% Notes Claims shall be Allowed in the aggregate

principal amount of $94,550,000.00, plus accrued and unpaid interest, as of the Petition Date. The

Unsecured 4.25% Notes Claims shall be Allowed in the aggregate principal amount of

$172,500,000.00, plus accrued and unpaid interest, as of the Petition Date.").  Further, the Plan

provides that the Unsecured Notes Indentures remain in effect for the purposes of enabling holders

of Allowed Unsecured Notes Claims to receive distributions as set forth in the Plan.  *Id.* Art. IV.H.

Accordingly, should the Duplicate Noteholder Claims not be disallowed and expunged, the holders

of such claims may receive multiple distributions on account of a single liability, thus prejudicing

other similarly situated creditors.  Multiple recoveries of this sort are not permitted under the

Bankruptcy Code and the Litigation Trust should not be required to satisfy the same obligation

twice.  Accordingly, the Litigation Trust (a) objects to the Duplicate Noteholder Claims listed on

**Schedule 3** and (b) requests entry of an order disallowing and expunging the Duplicate Noteholder

Claims in their entirety.

**D.     Insufficient Documentation Claims (Schedule 4)**

21.     As a result of his review of the claims filed in these chapter 11 cases, the Litigation

Trustee has identified two (2) proofs of claim listed in the column titled "Claims To Be Disallowed

and Expunged" on **Schedule 4** that do not contain sufficient information to ascertain the validity

of such claims (the "Insufficient Documentation Claims").

---

[4] Pursuant to the Bar Date Order, creditors asserting "any Claim for principal, interest, or applicable fees or charges on account of any note, bond, or debenture issued by the Debtors pursuant to an indenture or a credit agreement with respect to such Claim" were not required to file proofs of claim.  Bar Date Order ¶ 9(d).  In reviewing the supporting documentation attached to each Noteholder Claim, the Litigation Trustee has determined that each Duplicate Noteholder Claim was filed exclusively on account of the Unsecured Notes Claims.

22.     A proof of claim must "set forth the facts necessary to support the claim." *In re Chain*, 255 B.R. 278, 280 (Bankr. D. Conn. 2000).  Moreover, where a claim is based on a writing, a copy of the writing must be filed with the proof of claim.  *See* Fed. R. Bankr. P. 3001(c).  If a claim fails to comply with the documentation requirements of Bankruptcy Rule 3001(c), it is not entitled to *prima facie* validity. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996); *In re Minbatiwalla*, 424 B.R. 104, 112 (Bankr. S.D.N.Y. 2010).  Where creditors fail to provide adequate documentation supporting the validity of their claims consistent with Bankruptcy Rule 3001(c), courts in this Circuit have held that such claims can be disallowed. *See Minbatiwalla*, 424 B.R. at 119 ("[I]n certain circumstances, claims can be disallowed for failure to support the claim with sufficient evidence . . . because absent adequate documentation, the proof of claim is not sufficient for the objector to concede the validity of a claim."); *In re Porter*, 374 B.R. 471, 480 (Bankr. D. Conn. 2007); *Feinberg v. Bank of N.Y. (In re Feinberg)*, 442 B.R. 220-22 (Bankr. S.D.N.Y. 2010).

23.     Each of the Insufficient Documentation Claims failed to assert a claim or provide sufficient documentation to ascertain the validity of such claims because such claims failed to (a) indicate on the proof of claim form the amount and/or the basis of the claim being asserted or (b) include any supporting documentation to indicate the existence of a claim, as required by Bankruptcy Rule 3001(c).  Additionally, each Insufficient Documentation Claim was compared to the Debtors' books and records to ensure that no prepetition amounts were outstanding.  The Insufficient Documentation Claims, however, do not contain enough information to allow the Litigation Trustee to determine from the proofs of claims themselves what amount, if any, is owed to the claimant.

24.     Based on the foregoing, the Insufficient Documentation Claims should be disallowed and expunged.  Accordingly, the Litigation Trust (a) objects to the Insufficient Documentation Claims listed on **Schedule 4** and (b) requests entry of an order disallowing and expunging the Insufficient Documentation Claims in their entirety.

## COMPLIANCE WITH THE BANKRUPTCY RULES

25.     The Litigation Trust respectfully submits that the content of this Objection complies with the Bankruptcy Rules for the following reasons:

(a)     the Objection conspicuously states on the first page that claimants receiving the objection should locate their names and claims in the Schedules to the Objection;

(b)     **Schedules 1-4** state the grounds of the objection to each claim and provide a cross-reference to the pages in the Objection pertinent to the stated grounds;

(c)     the title of the Objection states the identity of the objecting party and the grounds for the objection;

(d)     each schedule to the Proposed Order includes only the claims to which there is a common basis for the Objection;

(e)     claimants subject to the Objection are listed alphabetically by claimant name, with a cross-reference to claim numbers in the applicable Schedules;

(f)     the Objection contains no more than 100 objections; and

(g)     the Objection will be set for hearing at least 30 days after the filing of this Objection.

*See*  Fed. R. Bankr. P. 3007.

## SEPARATE CONTESTED MATTERS

26.     To the extent a response is filed regarding any claim listed in the Objection and the Litigation Trust is unable to resolve the Response, the Objection by the Litigation Trust to such claim shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim subject thereto.

## RESERVATION OF RIGHTS

27.    The Litigation Trust hereby reserves the right to (i) file subsequent objections to any claims subject hereto on any ground, (ii) amend, modify, and/or supplement this Objection, including, without limitation, the filing of objections to further amended or newly-filed claims, (iii) seek expungement or reduction of any claim to the extent all or a portion of such claim has been paid; and (iv) settle any claim for less than the asserted amount.  Nothing in this Objection should be construed as a waiver of the rights of the Litigation Trust with regard to any rights the Litigation Trust may have with respect to the foregoing.  Separate notice and a hearing will be provided in respect of any such additional objections.

## NOTICE

28.    Notice of this Objection will be provided by electronic mail, facsimile, regular or overnight mail, and/or hand delivery to (a) each of the claimants listed on **Schedules 1-4** of the Proposed Order and (b) all parties listed on the Master Service List, as defined in the *Order Establishing Certain Notice, Case Management, and Administrative Procedures* [Docket No. 109].  In light of the nature of the relief requested, the Litigation Trust respectfully submits that no further notice is necessary.

## NO PREVIOUS REQUEST

29.    No previous request for the relief sought herein has been made by the Litigation Trust to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Litigation Trust respectfully requests entry of an order, substantially in the form annexed hereto as **Exhibit A**: (i) disallowing and expunging the Disputed Claims, and (ii) granting the Litigation Trust such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        October 18, 2019

**AKIN GUMP STRAUSS HAUER & FELD LLP**

By: _/s/ Philip C. Dublin_
Philip C. Dublin
Abid Qureshi
Brian T. Carney
Kevin Zuzolo
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
pdublin@akingump.com
bcarney@akingump.com
aqureshi@akingump.com
kzuzolo@akingump.com

_Counsel to the Litigation Trust_

## EXHIBIT A

**Proposed Order**

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Philip C. Dublin
Abid Qureshi
Brian T. Carney
Kevin Zuzolo

*Counsel to the Litigation Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| AEGEAN MARINE PETROLEUM NETWORK INC., *et al.*,[1] | Case No. 18-13374 (MEW) |
| Debtors. | Jointly Administered |

## <u>ORDER DISALLOWING AND EXPUNGING CLAIMS</u>

Upon the *Litigation Trust's First Omnibus Objection to Claims (Amended and Superseded Claims, Duplicate Claims, Duplicate Noteholder Claims, and Insufficient Documentation Claims)* (the "<u>Objection</u>"),[2] pursuant to Bankruptcy Code section 502(b) and Bankruptcy Rule 3007; and the Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice

---

[1] A complete list of the Debtors in the chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/aegean.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

of the Objection being adequate and appropriate under the particular circumstances; and the Court

having considered the Kravitz Declaration and found and determined that the legal and factual

bases set forth in the Objection establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor, it is hereby **ORDERED**:

1.      The Objection is sustained to the extent provided herein.

2.      The Disputed Claims listed on **<u>Schedules 1-4</u>** annexed hereto under the heading

labeled "Claim to be Disallowed and Expunged" are disallowed and expunged in their entirety.

3.      The form of the Objection as an omnibus objection is approved.

4.      The Litigation Trust's rights, to (i) file subsequent objections to any claims on any

ground; (ii) amend, modify, or supplement the Objection, including, without limitation, the filing

of objections to further amended or newly-filed claims; (iii) seek to expunge or reduce any claim

to the extent all or a portion of such claim has been paid; and (iv) settle any claim for less than the

asserted amount are expressly preserved.

5.      The objection by the Litigation Trust to each claim, as addressed in the Objection

and as set forth in **<u>Schedules 1-4</u>** attached hereto, constitutes a separate contested matter as

contemplated by Bankruptcy Rule 9014.  This Order shall be deemed a separate Order with respect

to each claim that is the subject of the objection.  Any stay of this Order pending appeal by any

claimants whose claims are subject to this Order shall only apply to the contested matter that

involves such claimant and shall not act to stay the applicability and/or finality of this Order with

respect to any other contested matters addressed in the objection and this Order.

6.      The terms and conditions of this order shall be immediately effective and

enforceable upon its entry.

7.    The Court retains jurisdiction with respect to all matters arising from or related to

the interpretation or implementation of this order.


Dated: _____, 2019
          New York, New York

_____
The Honorable Michael E. Wiles
United States Bankruptcy Judge

3

**Schedule 1**

Amended and Superseded Claims (*see* Objection ¶¶ 14-16)

| Name of Claimant | Claim to be Disallowed and Expunged | Surviving Claim | Claim Amount | Debtor Name | Reason for Disallowance |
|---|---|---|---|---|---|
| GALLOWAY, LINDA | 10004 | 10062 | $255.82 General Unsecured | AEGEAN MARINE PETROLEUM NETWORK INC. | Claim was amended and superseded by surviving claim. |
| RATLIFF, JEFFREY | 10018 | 10203 | Unliquidated General Unsecured | AEGEAN MARINE PETROLEUM NETWORK INC. | Claim was amended and superseded by surviving claim. |

**Schedule 2**

Duplicate Claims (*see* Objection ¶¶ 17-18)

| Name of Claimant | Claim to be Disallowed and Expunged | Surviving Claim | Claim Amount | Debtor Name | Reason for Disallowance |
|---|---|---|---|---|---|
| AMERICAN EXPRESS TRAVEL RELATED SERVICES | 10103 | 284 | $22,466,292.32 General Unsecured | AEGEAN MARINE PETROLEUM NETWORK INC. | Duplicate Claim |
| CHOCHLAKIS, EMMANOUIL | 13 | 6 | $12,850.00 Priority $1,387,150.00 General Unsecured | AEGEAN MARINE PETROLEUM NETWORK INC. | Duplicate Claim |
| HATCHER, BERNARD M | 159 | 160 | $15,000.00 General Unsecured | AEGEAN MARINE PETROLEUM NETWORK INC. | Duplicate Claim |
| KISLING, GENE A, TTEE OF | 184 | 185 | $84,000.00 General Unsecured | AEGEAN MARINE PETROLEUM NETWORK INC. | Duplicate Claim |
| PATEL, SANJAY & SNEHA | 323 | 10061 | $39,438.82 General Unsecured | AEGEAN MARINE PETROLEUM NETWORK INC. | Duplicate Claim |
| SZKILUK, ADRIANA P | 10096 | 285 | $83,019.71 General Unsecured | AEGEAN MARINE PETROLEUM NETWORK INC. | Duplicate Claim |
| TUNG, LIZA CHEUNG | 83 | 84 | $23,000.00 General Unsecured | AEGEAN MARINE PETROLEUM NETWORK INC. | Duplicate Claim |
| WOODRUM, PAMELA | 29 | 108 | $4,619.90 General Unsecured | AEGEAN MARINE PETROLEUM NETWORK INC. | Duplicate Claim |

## Schedule 3

Duplicate Noteholder Claims (*see* Objection ¶¶ 19–20)

| Claimant | Claim to be Disallowed and Expunged | Claim Amount | Priority Status | Reason For Disallowance |
|---|---|---|---|---|
| BALL, DAVID M | 239 | $9,480.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| BARBARA A. SENGSTAKEN TTEE | 132 | $19,193.89 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| BATHON, FRED A | 130 | $10,000.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| BERNICK, HERBERT J | 270 | $50,000.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| BLACK, GERALD J | 80 | $16,000.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| BONNY L RISEN IRA | 90 | $15,000.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| BONNY L RISEN ROTH IRA | 88 | $3,000.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| BREDAHL, TIMOTHY D | 76 | $9,996.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| BURNETT FAMILY TRUST, THE | 33 | $20,000.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| CARRIL, JOHN J | 109 | $25,000.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| CARROLL, MARY | 175 | Unliquidated | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| CREAMER, JEFFREY | 162 | $10,000.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| DAVIS, ROBERT M & PATTY A. JTWROS | 188 | $9,000.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| DAZER, SANDRA K | 281 | $7,505.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| DURDEN, SHIRLEY G | 163 | Unliquidated | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| DZIAK, JAMES AND SUSAN | 236 | Unliquidated | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| ESKRIDGE, GEORGE H | 169 | $10,000.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |

| Claimant | Claim to be Disallowed and Expunged | Claim Amount | Priority Status | Reason For Disallowance |
|---|---|---|---|---|
| FRANCISCO, DAVID AND KIMBERLEY | 10147 | $90,000.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| FROHM, DONNA | 52 | $5,000.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| GARDNER, LINDA | 167 | $5,000.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| GEORGE F & JAYNEE L SCHADE LIVING TRUST | 135 | $24,661.25 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| HARTIN, WILLIAM E | 247 | $15,000.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| HELLBERG, CHARLES | 126 | $14,667.50 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| HELLBERG, JOANN F | 125 | $14,667.50 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| HENDERSON, RITA A | 41 | $14,480.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| JAMES J KEOUGH IRREVOCABLE TRUST | 68 | $10,000.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| JOCKENHOEFER, DAVID F | 172 | $121,000.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| JOHNSON, JOAN D | 144 | $8,117.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| KATHLEEN A KADICH TRUST DTD 10-8-96 | 191 | $11,315.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| KELLY, LETITIA A | 155 | $6,075.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| KENNETH R OLSON TRUST | 10014 | $25,000.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| KINGDON, V SCOTT | 63 | $10,000.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| KISLING, GENE A, TTEE OF | 185 | $84,000.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| KITA, TERESA A | 10026 | $6,801.53 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| LAI HOLDINGS INC | 171 | $500,000.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| LANGAN, EDITH J | 161 | $15,000.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| LEVINE, NAOMI | 118 | $5,000.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| LI, WEI-KANG | 10008 | $132,000.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| MARNI COHEN REVOCABLE TRUST | 182 | $24,692.50 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| MCELLIGOTT, JAMES | 274 | $24,661.25 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| MELLO, MICHAEL R & SANDRA T | 271 | $511.95 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |

2

| Claimant | Claim to be Disallowed and Expunged | Claim Amount | Priority Status | Reason For Disallowance |
|---|---|---|---|---|
| MILL POND INC | 245 | $20,000.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| MOULTON, AUGUST MICHAEL, DR | 242 | $60,000.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| MURRAY, JEAN | 166 | $15,000.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| NEWMAN, JOHN AND SYLVIA | 170 | $5,000.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| PITTMAN, ILA K | 31 | $13,550.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| PITTMAN, ILA K | 34 | $6,830.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| PITTMAN, JOHN L | 30 | $45,915.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| PITTMAN, JOHN L | 32 | $13,585.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| POWELL, MARY N | 241 | $25,000.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| PRESCOTT, MONTY | 45 | $10,000.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| PUND, CAREY | 289 | $1,000.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| RAINER, STERLING P | 168 | $10,000.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| RISEN, BONNY L | 89 | $14,000.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| SALKIN-SHORE, CAREN | 77 | $10,000.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| SHIRLEY, ROBERT C | 173 | Unliquidated | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| SMITH, LEWIS AND ROSE | 94 | $25,000.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| STANLEY, CAREY PHILIP | 249 | $10,000.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| STANLEY, CAREY PHILIP | 248 | $6,000.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| SUNDERLAND, JAMES W, TTEE | 137 | $100,000.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| THOMPSON, JOAN K | 176 | Unliquidated | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| TORCZYNSKI, ROBERT ANDREW | 140 | $10,000.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| TROTSKY-ZUIDEMA, SALLY | 275 | $49,312.50 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| V. SCOTT KINGDON IRA | 72 | $20,000.00 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| WERNECKE, SCOTT RICHARD | 113 | $39,522.78 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| WEYCKER, MARIS JAN | 67 | $19,959.44 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |
| WILLIAMS, TIMOTHY & MAGALLY LUQUE | 10040 | $146,997.50 | General Unsecured | Claim is duplicative of Unsecured Notes Claims allowed pursuant to the Plan. |

**Schedule 4**

Insufficient Documentation Claims (*see* Objection ¶¶ 21-24)

| Claimant | Claim to be Disallowed and Expunged | Claim Amount | Priority Status | Debtor Name | Reason for Disallowance |
|---|---|---|---|---|---|
| LEAHY, TREVOR | 10105 | $607.61 | General Unsecured | AEGEAN MARINE PETROLEUM NETWORK INC. | Claim does not include sufficient information to determine validity of claim. |
| PATRIOT PETROLEUM | 75 | Unliquidated | General Unsecured | AEGEAN MARINE PETROLEUM NETWORK INC. | Claim does not include sufficient information to determine validity of claim. |

## EXHIBIT B

**Kravitz Declaration**

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Philip C. Dublin
Abid Qureshi
Brian T. Carney
Kevin Zuzolo

*Counsel to the Litigation Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AEGEAN MARINE PETROLEUM | ) Case No. 18-13374 (MEW) |
| NETWORK INC., *et al.*,[1] | ) |
| | ) Jointly Administered |
| Debtors. | ) |

**DECLARATION OF PETER KRAVITZ IN SUPPORT OF THE
LITIGATION TRUST'S FIRST OMNIBUS OBJECTION TO CLAIMS
(AMENDED AND SUPERSEDED CLAIMS, DUPLICATE CLAIMS, DUPLICATE
NOTEHOLDER CLAIMS, AND INSUFFICIENT DOCUMENTATION CLAIMS)**

I, Peter Kravitz, declare as follows under penalty of perjury:

1.      I am a Principal of Province, Inc. and the litigation trustee (the "Litigation Trustee")

for the litigation trust (the "Litigation Trust") established to facilitate the implementation of the

*Joint Plan of Reorganization of Aegean Marine Petroleum Network Inc. and Its Debtor Affiliates*

*Pursuant to Chapter 11 of the Bankruptcy Code*, dated March 22, 2019.  In my capacity as

Litigation Trustee, I am generally familiar with the Debtors' business, financial affairs, and books

---

[1] A complete list of the Debtors in the chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/aegean.

and records.  I am also familiar with the claims reconciliation process undertaken in connection with the Debtors' chapter 11 cases.

2.      I submit this declaration in support of the *Litigation Trust's First Omnibus Objection to Claims (Amended and Superseded Claims, Duplicate Claims, Duplicate Noteholder Claims, and Insufficient Documentation Claims)* (the "Objection"), dated as of the date hereof and filed contemporaneously herewith.

3.      Except as otherwise indicated herein, all statements in this Declaration are based upon my personal knowledge, my review (or the review of the advisors or consultants under my supervision) of (a) business records kept by the Debtors in the ordinary course of business, (b) the relevant proofs of claim, (c) the Schedules,[2] or (d) the official register of claims maintained in the Debtors' cases (the "Claims Register").  If called upon to testify, I could and would testify competently to the facts set forth herein on that basis.

4.      The proofs of claim subject to the Objection were carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel from the Debtors, Epiq Corporate Restructuring, LLC, Province, Inc. and/or Akin Gump Strauss Hauer & Feld LLP.  These efforts resulted in the identification of the Disputed Claims listed in **Schedules 1-4** to the Proposed Order to the Objection.

5.      The information contained in the Objection and **Schedules 1-4** to the Proposed Order is true and correct to the best of my knowledge and belief.

6.      As a result of my review of the proofs of claim filed in these chapter 11 cases, I have determined that the two (2) Amended and Superseded Claims identified in the column titled "Claim to be Disallowed and Expunged" on **Schedule 1** to the Proposed Order have been amended

---

[2] Capitalized terms used herein but not otherwise defined have the meaning ascribed to them in the Objection.

and superseded by subsequently filed claims.  The subsequently-filed surviving claims that amended and superseded the Amended and Superseded Claims are identified on Schedule 1 in the column entitled "Surviving Claims."  Claimants holding the Amended and Superseded Claims will not be prejudiced by having their respective Amended and Superseded Claims disallowed and expunged because their surviving claims will remain on the claims register after the corresponding Amended and Superseded Claims are expunged.

7.       As a result of my review of the proofs of claim filed in these chapter 11 cases, I have determined that the eight (8) Duplicate Claims identified in the column titled "Claim to be Disallowed and Expunged" on **Schedule 2** to the Proposed Order are duplicative of another proof of claim filed in these cases because such proofs of claim were filed by the same creditor, assert claims in the same amounts against the same Debtor, and do not otherwise contain any documentation or other indication that such proofs of claim are on account of different claims. The claimants holding the Duplicate Claims will not be prejudiced by having their respective Duplicate Claims disallowed and expunged because their surviving claims will remain on the claims register after the corresponding Duplicate Claims are expunged.

8.       As a result of my review of the proofs of claim filed in these chapter 11 cases, I have determined that the sixty-seven (67) Duplicate Noteholder Claims identified in the column titled "Claim to be Disallowed and Expunged" on **Schedule 3** to the Proposed Order are duplicative of Unsecured Notes Claims allowed pursuant to the Plan.  The claimants holding Duplicate Noteholder Claims will not be prejudiced by having their respective claims disallowed and expunged because such claims under the Unsecured Notes Indenture have already been Allowed pursuant to the Plan.  The Plan also provides that the Unsecured Notes Indentures remain in effect for the purposes of enabling holders of Allowed Unsecured Notes Claims to receive

distributions as set forth in the Plan.  Thus, the Duplicate Noteholder Claims must be disallowed and expunged to prevent the holders of such claims from receiving multiple distributions on account of a single liability, thus prejudicing other similarly situated creditors.

9.      As a result of my review of the proofs of claim filed in these chapter 11 cases, I have determined that the two (2) Insufficient Documentation Claims identified in the column titled "Claim to be Disallowed and Expunged" on **Schedule 4** failed to assert a claim or provide sufficient documentation to ascertain the validity of such claims because such claims (a) failed to include on the proof of claim form sufficient information to determine the amount and/or the basis of the claim being asserted and/or (b) failed to include any documentation to indicate the existence of a claim.  Additionally, each Insufficient Documentation Claim was compared to the Debtors' books and records to ensure that no prepetition amounts were outstanding.  The Insufficient Documentation Claims, however, do not contain enough information to allow me to determine from the proofs of claim themselves what amount, if any, is owed to the claimant.

10.     For the reasons set forth above, I respectfully submit that the Disputed Claims listed on **Schedules 1-4** to the Proposed Order should be disallowed in their entirety.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 18th day of October, 2019.

/s/ *Peter Kravitz*
Peter Kravitz
*Solely in his capacity as Litigation Trustee*