**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| AEGEAN MARINE PETROLEUM NETWORK INC., *et al.* | Case No. 18-13374 (MEW) |
| Debtors.[1] | (Jointly Administered) |

**DELOITTE & TOUCHE LLP'S OPPOSITION TO APPLICATION**
**BY THE AEGEAN LITIGATION TRUST FOR ENTRY OF AN ORDER**
**PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**
**<u>AUTHORIZING EXAMINATION AND RELATED DISCOVERY</u>**

William R. Maguire
Kenneth M. Katz
Jeffrey S. Margolin
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000

*Attorneys for Deloitte & Touche LLP*

---

1.  Due to the large number of Debtors in these chapter 11 cases, a complete list of the Debtors and the last four digits of each Debtor's tax identification, registration, or like numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/aegean.

**TABLE OF CONTENTS**

ARGUMENT................................................................................................................................1

    I.       The Application Should Be Denied ..........................................................................1

    II.     The Application Should Be Limited to Information Reasonably Related to Aegean....1

CONCLUSION.............................................................................................................................3

## TABLE OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

*In re Coffee Cupboard, Inc.*, 128 B.R. 509 (Bankr. E.D.N.Y. 1991) ...............................................2

*In re Mathews*, No. 18-MC-153-LPS, 2018 WL 5024167 (D. Del. Oct. 17, 2018) ........................2

*In re SunEdison, Inc.*, 562 B.R. 243 (Bankr. S.D.N.Y. 2017) ..........................................................2

*In re Texaco Inc.*, 79 B.R. 551 (Bankr. S.D.N.Y. 1987)...................................................................2

**Statutes and Rules**

Federal Rule of Bankruptcy Procedure 2004...............................................................................1, 2

Deloitte & Touche LLP ("Deloitte U.S.") respectfully submits this memorandum of law in opposition to the Application by the Aegean Litigation Trust (the "Trust") for Entry of an Order Pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 2004 Authorizing Examination and Related Discovery of Deloitte (ECF No. 616, the "Application").

## ARGUMENT

### I.      The Application Should Be Denied

1.      Deloitte U.S. joins in the arguments submitted by other firms opposing Applications by the Trust to take Bankruptcy Rule 2004 discovery, and does not repeat those arguments here.  *See* Oppositions dated November 27, 2019, submitted by: PricewaterhouseCoopers LLP (at Sections I and II); PricewaterhouseCoopers International Limited (at Sections I and II); and Deloitte Certified Public Accountants, S.A. f/k/a Deloitte Hadjipavlou Sofianos & Cambanis S.A. (at Section II).

### II.      The Application Should Be Limited to Information Reasonably Related to Aegean

2.      In the event that the Court were to grant the Application, Deloitte U.S. writes separately to preserve its objections to the requests, including, in particular, that they are overbroad and seek information that has no connection to Aegean Marine Petroleum Network Inc. ("Aegean") or any audits of Aegean.

3.      The Application acknowledges that Deloitte U.S. did not perform the Aegean audits, which were performed by two Greek firms—Deloitte Certified Public Accountants, S.A. f/k/a Deloitte Hadjipavlou Sofianos & Cambanis S.A., and PricewaterhouseCoopers S.A. Although the Application purports to seek information about the Aegean audits (Application at 2), its proposed requests seek broad discovery that is not even limited to Aegean.  (*See* ECF No. 616-3, Application Ex. 3 at 9-10 (Request Nos. 9-12, 17, 18); ECF No. 616-4, Application Ex. 4 at 3-4 (Topics for Examination 3-6, 8-12).)  And although the Trust claims to be investigating the

2015–2017 time period, its proposed document requests go back to 2013, (ECF No. 616-3, Application Ex. 3 at 4 (Instruction No. 1)), as do six of its proposed deposition topics, and seven topics contain no date restriction whatsoever.  (ECF No. 616-4, Application Ex. 4 at 3 (Topics for Examination 1-13).)  The Application provides no cause for such sweeping requests.

4.       "The party seeking [Bankruptcy] Rule 2004 discovery has the burden to show good cause for the examination it seeks, and relief lies within the sound discretion of the Bankruptcy Court."  *In re SunEdison, Inc.*, 562 B.R. 243, 249 (Bankr. S.D.N.Y. 2017) (denying requested discovery to the extent that it did not reasonably relate to the debtors' cases); *see also In re Texaco Inc.*, 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987) (Bankruptcy Rule 2004 examination is "not limitless; the examination should not be so broad as to be more disruptive and costly to the debtor than beneficial to the creditor."); *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514, 516 (Bankr. E.D.N.Y. 1991) ("The examination of a witness about matters having no relationship or no effect on the administration of an estate is improper", and limiting related document requests); *In re Mathews*, No. 18-MC-153-LPS, 2018 WL 5024167, at *2 (D. Del. Oct. 17, 2018) (finding that "sweeping requests for . . . an extensive examination impose burdens and expense that are not warranted under the circumstances").

5.       Accordingly, if the Court were to permit the Trust to proceed with Bankruptcy Rule 2004 discovery, any such discovery should be subject to reasonable limits and the resolution of Deloitte U.S.'s objections.

2

**CONCLUSION**

For the foregoing reasons, the Court should deny the Application and

alternatively, in the event that the requested discovery were to be allowed, Deloitte U.S. should

be permitted to object to individual requests, and the parties should be required to set reasonable

limits on the proposed discovery, including, in particular, that the requests be limited to

information concerning the 2015–2017 Aegean audits.

Dated: New York, New York
        November 27, 2019

                                        Respectfully submitted,

                                        HUGHES HUBBARD & REED LLP

                                        By:     /s/  William R. Maguire
                                            William R. Maguire
                                            Kenneth M. Katz
                                            Jeffrey S. Margolin
                                            HUGHES HUBBARD & REED LLP
                                            One Battery Park Plaza
                                            New York, New York 10004
                                            Telephone: (212) 837-6000

                                        *Attorneys for Deloitte & Touche LLP*

## CERTIFICATE OF SERVICE

I hereby certify that I am over the age of 18 and not a party to this action and that on the

27th day of November 2019, I caused a true and correct copy of Deloitte & Touche LLP's

*Opposition to Application by the Aegean Litigation Trust for Entry of an Order Pursuant to*

*Federal Rule of Bankruptcy Procedure 2004 Authorizing Examination and Related Discovery* to

be served via email and first-class mail on the parties listed below, in addition to those parties

receiving electronic notification through the ECF filing system.

I further certify under penalty of perjury that the foregoing is true and correct.

| | |
|---|---|
| D. Farrington Yates | Brian S. Masumoto |
| Kobre & Kim LLP | Andrew Velez-Rivera |
| 800 Third Avenue | Office of the United States Trustee |
| New York, New York 10022 | 201 Varick Street, Suite 1006 |
| Tel.: (212) 488-1200 | New York, New York 10014 |
| Email: farrington.yates@kobrekim.com | |
| | *United States Trustee for the Southern* |
| *Counsel to Peter Kravitz, as the* | *District of New York* |
| *Litigation Trustee for the Aegean Litigation* | |
| *Trust* | |

Dated: November 27, 2019
         New York, New York

By: */s/ Grace E. Ha*
     Grace E. Ha