> **PLEASE TAKE NOTICE THAT THIS OBJECTION SEEKS TO MODIFY, RECLASSIFY, DISALLOW, AND/OR EXPUNGE CERTAIN FILED PROOFS OF CLAIM. YOU SHOULD LOCATE YOUR NAME AND YOUR CLAIM(S) ON THE SCHEDULES ATTACHED HERETO. AS A RESULT OF THIS OBJECTION, YOUR CLAIM(S) MAY BE DISALLOWED, EXPUNGED, RECLASSIFIED, OR OTHERWISE AFFECTED. THEREFORE, PLEASE READ THIS NOTICE AND THE ACCOMPANYING OBJECTION VERY CAREFULLY.**

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Philip C. Dublin
Abid Qureshi
Brian T. Carney
Kevin Zuzolo

*Counsel to the Litigation Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| AEGEAN MARINE PETROLEUM NETWORK INC., *et al.*,[1] | Case No. 18-13374 (MEW) |
| Debtors. | Jointly Administered |

### NOTICE OF HEARING ON LITIGATION TRUST'S SECOND OMNIBUS OBJECTION TO CLAIMS (EQUITY INTEREST CLAIMS)

**PLEASE TAKE NOTICE** that, on May 15, 2020, the litigation trust (the "Litigation Trust") established to facilitate the implementation of the *Joint Plan of Reorganization of Aegean Marine Petroleum Network, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the*

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/aegean.

*Bankruptcy Code*, dated March 22, 2019, filed the *Litigation Trust's Second Omnibus Objection to Claims (Equity Interest Claims)* (the "Objection").

**PLEASE TAKE FURTHER NOTICE that a hearing to consider the Objection shall be held before the Honorable Michael E. Wiles, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on June 16, 2020, at 10:00 a.m. (prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that any responses to the Objection must be made in writing; shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York; shall be filed with the Bankruptcy Court with a hard copy delivered to Chambers, and served so as to be actually received by: (i) Province, Inc., 2360 Corporate Circle, Suite 330, Henderson NV, 89074, Attn: Peter Kravitz and Amanda Demby, Email: ademby@provincefirm.com; (ii) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: Philip C. Dublin and Kevin Zuzolo, counsel to the Litigation Trust; and (iii) those parties on the Service List (as defined in the *Order Establishing Certain Notice, Case Management, and Administrative Procedures* [Docket No. 109]), no later than **June 9, 2019 at 4:00 p.m. (prevailing Eastern Time)**.

[*Remainder of Page Intentionally Left Blank*]

Dated:  New York, New York
       May 15, 2020

AKIN GUMP STRAUSS HAUER & FELD LLP

By: /s/  *Philip C. Dublin*

Philip C. Dublin
Abid Qureshi
Brian T. Carney
Kevin Zuzolo
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

*Counsel to the Litigation Trust*

**Hearing Date: June 16, 2020 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: June 9, 2020 at 4:00 p.m. (prevailing Eastern Time)**

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Philip C. Dublin
Abid Qureshi
Brian T. Carney
Kevin Zuzolo

*Counsel to the Litigation Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| AEGEAN MARINE PETROLEUM NETWORK INC., *et al.*,[1] | 18-13374 (MEW) |
| Debtors. | Jointly Administered |

## LITIGATION TRUST'S SECOND OMNIBUS OBJECTION TO CLAIMS (EQUITY INTEREST CLAIMS)

The litigation trust (the "Litigation Trust") established to facilitate the implementation of the *Joint Plan of Reorganization of Aegean Marine Petroleum Network Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code*, dated March 22, 2019 [Docket No. 503-1] (the "Plan"),[2] hereby files this omnibus objection (the "Objection") for entry of an order, substantially in the form annexed hereto as **Exhibit A** (the "Proposed Order"), reclassifying as equity interests each of the claims listed in on **Schedule 1** to the Proposed Order (the "Disputed Claims") pursuant to Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

---

[1] A complete list of the Debtors in the chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/aegean.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

Rules"). In support of this Objection, the Litigation Trust relies on the *Declaration of Peter Kravitz in Support of the Litigation Trust's Second Omnibus Objection to Claims (Equity Interest Claims)* (the "Kravitz Declaration"), attached hereto as **Exhibit B**. In further support of this Objection, the Litigation Trust respectfully states as follows:

## JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are section 502 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

### A.      General Case Background

4.      On November 6, 2018 (the "Petition Date"), Aegean Marine Petroleum Network Inc. ("Aegean") and certain of its affiliates (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5.      On March 29, 2019, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Joint Plan of Reorganization of Aegean Marine Petroleum Network Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 503] (the "Confirmation Order"). On April 3, 2019, the Plan was substantially consummated and the effective date of the Plan occurred (the "Effective Date").[3]

---

[3] *See Notice of (A) Entry of Order Confirming the Joint Plan of Reorganization of Aegean Marine Petroleum Network Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code and (B) Occurrence of the Effective Date* [Docket No. 514].

6.     On the Effective Date, the Litigation Trust was created pursuant to the Plan and the Litigation Trust Agreement, dated as of April 3, 2019 (the "Litigation Trust Agreement"), by and among Aegean, the other Debtors and the Non-Debtor Subsidiaries, as settlors, and Peter Kravitz, as trustee of the Litigation Trust (the "Litigation Trustee").  Pursuant to Article VIII.B.2. of the Plan, the Litigation Trust has the sole authority to file, withdraw or litigate to judgment objections to Disputed Aegean Unsecured Claims in Class 4A, Disputed Section 510(b) Claims in Class 7, and Disputed Aegean Interests in Class 8.

**B.     Schedules, Bar Date, and Notice**

7.     On December 11, 2018, the Debtors filed the *Debtors' Motion for Entry of an Order (I) Setting Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, and (III) Approving Notice Thereof* [Docket No. 199] (the "Bar Date Motion"). On December 18, 2018, the Bankruptcy Court entered an order granting the relief set forth in the Bar Date Motion [Docket No. 240] (the "Bar Date Order"), which established certain procedures and deadlines for filing proofs of claim against the Debtors and approved the form and manner of the bar date notice (the "Bar Date Notice").  Pursuant to the Bar Date Order and the Bar Date Notice, the deadline for certain persons and entities to file proofs of claim in these chapter 11 cases was February 21, 2019 at 5:00 p.m. Eastern Time (the "General Bar Date") and the deadline for governmental units to file proofs of claim in the Debtors' chapter 11 cases was May 6, 2019 at 5:00 p.m. Eastern Time.  The Bar Date Notice was served on January 3, 2019 and published in *The New York Times* (national and international editions), *Financial Times* (international edition), and *Tradewinds* on January 7, 2019, January 8, 2019, and January 11, 2019, respectively.

8.     On January 2, 2019, the Debtors filed their Schedules of Assets and Liabilities and Statements of Financial Affairs. *See, e.g.*, Docket Nos. 262-63.

C.    **Claims Resolution Process**

9.    The Litigation Trustee and the Litigation Trust's advisors are in the process of reviewing proofs of claim filed in these cases, including any supporting documentation attached thereto, and reconciling the proofs of claim with the Debtors' books and records to determine the validity of the proofs of claim.    On October 18, 2019, the Litigation Trust filed the *Litigation Trust's First Omnibus Objection to Claims (Amended and Superseded Claims, Duplicate Claims, Duplicate Noteholder Claims, and Insufficient Documentation Claims)* [Docket No. 610] (the "First Omnibus Claims Objection").    On November 19, 2019, the Court entered the *Order Disallowing and Expunging Claims* [Docket No. 626], which sustained the First Omnibus Claims Objection and disallowed and expunged various claims as set forth on Schedules 1-4 thereto.    The Litigation Trust is in the process of preparing additional omnibus objections to certain categories of claims that the Litigation Trust and its advisors believe should be disallowed, expunged, or reclassified.

## RELIEF REQUESTED

10.    Pursuant to Bankruptcy Code section 502(b) and Bankruptcy Rule 3007, the Litigation Trust respectfully requests entry of the Proposed Order attached hereto as **Exhibit A** reclassifying as equity interests the Disputed Claims on **Schedule 1** to the Proposed Order.

## CLAIM OBJECTIONS

11.    When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant.    *See In re Marino*, 90 B.R. 25, 29 (Bankr. D. Conn. 1988); *Matter of Int'l Match Corp.*, 69 F. 2d 73, 76 (2d Cir. 1934) (finding that a proof of claim should at least allege facts from which legal liability can be seen to exist).    Where the claimant alleges sufficient facts to support its claim, its claim is

afforded *prima facie* validity. *In re Vanegas*, 290 B.R. 190, 193 (Bankr. D. Conn. 2003); Fed. R. Bankr. P. 3001(f).

12.    As a result, a party wishing to dispute such a claim must produce evidence in sufficient force to negate the claim's *prima facie* validity. *In re Vanegas*, 290 B.R. 190, 193 (Bankr. D. Conn. 2003). The objecting party must produce evidence that would refute at least one of the allegations essential to the claim's legal sufficiency. *Id.* Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. *In re Rockefeller Ctr. Properties*, 241 B.R. 804, 817 (Bankr. S.D.N.Y. 1999).

A.    **Equity Interest Claims (Schedule 1)**

13.    Bankruptcy Rule 3007(d)(7) allows omnibus objections to claims that are "are interests, rather than claims." Fed. R. Bankr. P. 3007(d)(7). The rationale for allowing objections to such claims is obvious. The Bankruptcy Code differentiates between a "claim" and an "equity security." *See* 11 U.S.C. §§ 101(5), 101(16). Under the Bankruptcy Code, those who have "claims" against the Debtors are called "creditors" while those who hold "equity securities" are called "equity security holders." *See id*. §§ 101(10), 101(17). While creditors are entitled to file proofs of claim to preserve their rights to distributions on account of their claims, equity security holders are not entitled to file proofs of claim to preserve their rights, if any, based solely on their ownership of equity interests. *See* Bar Date Order ¶ 9(h) (providing that proofs of claim need not be submitted for "any Claim that is exclusively with respect to the claimant's equity interest in the Debtors that is not a Claim against the Debtors *relating to* such interest or to *the purchase or sale* of such interest (*i.e.*, a Claim that solely documents a claimant's equity interest in the Debtors)"); *see also McGimsey v. USA Capital Diversified Trust Deed Fund, LLC (In re USA Commercial*

5

*Mortg. Co.)*, 377 B.R. 608, 615 (9th Cir. B.A.P. 2007) ("It is axiomatic that an allowed proof of claim requires something more than mere equity ownership").

14.    Based on a review of the claims filed in these chapter 11 cases, the Litigation Trust has identified one hundred (100) proofs of claim (the "Equity Interest Claims") listed in the column titled "Claim To Be Reclassified as Aegean Interest" on **Schedule 1** that assert equity interests in Aegean (*i.e.*, Aegean Interests)[4] as opposed to claims against Aegean.[5]  Pursuant to the Plan, Aegean Unsecured Claims (*i.e.*, general unsecured claims against Aegean) are entitled to their *pro rata* share of Class A Litigation Trust Units and Aegean Interests are entitled to their *pro rata* share of Class B Litigation Trust Units.  *See* Plan § III.B.9.  In accordance with the foregoing, each Aegean Interest was satisfied and replaced on the Effective Date by a Class B Litigation Trust Unit that was identifiable by an escrow CUSIP.  In accordance with the priorities set forth in the Bankruptcy Code, the holders of Class B Litigation Trust Units will only receive a distribution from the Litigation Trust after holders of Class A Litigation Trust Units receive Payment in Full. *See* Plan § V.K.  To the extent the Class B Litigation Trust Units become entitled to a recovery, holders of Allowed Aegean Interests shall receive such recovery through the Class B Litigation Trust Units and corresponding escrow CUSIP.

15.    At this time, the Litigation Trust is seeking only to reclassify the Equity Interest Claims as Aegean Interests and is not seeking allowance or disallowance.  Thus, claimants that filed Equity Interest Claims will not be prejudiced by reclassifying such claims as Aegean Interests, subject to the rights of the Litigation Trust to seek disallowance or object on any other grounds in the event that further reconciliation of the Aegean Interests becomes necessary after

---

[4] *See* Plan § I.A.5.

[5] The Litigation Trustee has identified additional Equity Interest Claims which are included in a separate omnibus claims objection.

Payment in Full of the Aegean Unsecured Claims.  Reclassifying the Equity Interest Claims will also result in a more accurate Claims Register and facilitate the claims resolution process.

16.    For the foregoing reasons, the Litigation Trust requests entry of an order reclassifying the Equity Interest Claims in **Schedule 1** as Aegean Interests.  The Litigation Trust reserves the right to file subsequent objections to, or seek expungement or reduction of, any Equity Interest Claim or Aegean Interest on any ground.[6]

## COMPLIANCE WITH THE BANKRUPTCY RULES

17.    The Litigation Trust respectfully submits that the content of this Objection complies with the Bankruptcy Rules for the following reasons:

(a)    the Objection conspicuously states on the first page that claimants receiving the objection should locate their names and claims in the Objection;

(b)    **Schedule 1** states the grounds of the objection to each claim and provides a cross-reference to the pages in the Objection pertinent to the stated grounds;

(c)    the title of the Objection states the identity of the objecting party and the grounds for the Objection;

(d)    each schedule to the Proposed Order includes only the claims to which there is a common basis for the Objection;

(e)    claimants subject to the Objection are listed alphabetically by claimant name, with a cross-reference to claim numbers in the applicable Schedule;

(f)    the Objection contains no more than 100 objections; and

(g)    the Objection will be set for hearing at least 30 days after the filing of this Objection.

*See*  Fed. R. Bankr. P. 3007.

---

[6] Pursuant to the Plan, all Aegean Interests are Disputed until such Aegean Interests are Allowed. *See* Plan § I.A.10.

## SEPARATE CONTESTED MATTERS

18.     To the extent a response is filed regarding any claim listed in the Objection and the Litigation Trust is unable to resolve the response, the Objection by the Litigation Trust to such claim shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim subject thereto.

## RESERVATION OF RIGHTS

19.     The Litigation Trust hereby reserves the right to (i) file subsequent objections to any claims subject hereto on any ground, (ii) amend, modify, and/or supplement this Objection, including, without limitation, the filing of objections to further amended or newly-filed claims, (iii) seek expungement or reduction of any claim to the extent all or a portion of such claim has been paid; and (iv) settle any claim for less than the asserted amount.  Nothing in this Objection should be construed as a waiver of the rights of the Litigation Trust with regard to any rights the Litigation Trust may have with respect to the foregoing.  Separate notice and a hearing will be provided in respect of any such additional objections.

## NOTICE

20.     Notice of this Objection will be provided by electronic mail, facsimile, regular or overnight mail, and/or hand delivery to (a) each of the claimants listed on **Schedule 1** of the Proposed Order and (b) all parties listed on the Master Service List, as defined in the *Order Establishing Certain Notice, Case Management, and Administrative Procedures* [Docket No. 109].  In light of the nature of the relief requested, the Litigation Trust respectfully submits that no further notice is necessary.

## NO PREVIOUS REQUEST

21.    No previous request for the relief sought herein has been made by the Litigation Trust to this or any other court.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Litigation Trust respectfully requests entry of an order, substantially in the form annexed hereto as **Exhibit A**: (i) reclassifying the Equity Interest Claims as Aegean Interests, and (ii) granting such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        May 15, 2020

**AKIN GUMP STRAUSS HAUER & FELD LLP**

By:  /s/ *Philip C. Dublin*
Philip C. Dublin
Abid Qureshi
Brian T. Carney
Kevin Zuzolo
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
pdublin@akingump.com
aqureshi@akingump.com
bcarney@akingump.com
kzuzolo@akingump.com

*Counsel to the Litigation Trust*

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ) | |
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| AEGEAN MARINE PETROLEUM ) | Case No. 18-13374 (MEW) |
| NETWORK INC., *et al.*,[1] ) | |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | |

## ORDER RECLASSIFYING CLAIMS

Upon the *Litigation Trust's Second Omnibus Objection to Claims (Equity Interest Claims)* (the "Objection"),[2] pursuant to Bankruptcy Code section 502(b) and Bankruptcy Rule 3007; and the Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection being adequate and appropriate under the particular circumstances; and the Court having considered the Kravitz Declaration and found and determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED**:

1.    The Objection is sustained to the extent provided herein.

2.    The Equity Interest Claims listed on **Schedule 1** annexed hereto under the heading labeled "Claim to be Reclassified as Aegean Interest" are reclassified as Aegean Interests.  The

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/aegean.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

Aegean Interests are neither allowed nor disallowed and remain subject to the rights of the Litigation Trustee to file subsequent objections on any ground.

3.      The form of the Objection as an omnibus objection is approved.

4.      The Litigation Trust's rights, to (i) file subsequent objections to any claims on any ground; (ii) amend, modify, or supplement the Objection, including, without limitation, the filing of objections to further amended or newly-filed claims; (iii) seek to expunge or reduce any claim to the extent all or a portion of such claim has been paid; and (iv) settle any claim for less than the asserted amount are expressly preserved.

5.      The objection by the Litigation Trust to each claim, as addressed in the Objection and as set forth in **Schedule 1** attached hereto, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order shall be deemed a separate Order with respect to each claim that is the subject of the Objection.  Any stay of this Order pending appeal by any claimants whose claims are subject to this Order shall only apply to the contested matter that involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to any other contested matters addressed in the objection and this Order.

6.      The terms and conditions of this order shall be immediately effective and enforceable upon its entry.

7.      The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this order.

Dated: _____, 2020
        New York, New York

                                                    _____
                                                    The Honorable Michael E. Wiles
                                                    United States Bankruptcy Judge

## **Schedule 1**

Equity Interest Claims (*see* Objection ¶¶ 13-16)

| No. | Name of Claimant | Claim to be Reclassified as Aegean Interest | Claim Amount | Reason for Reclassification |
|---|---|---|---|---|
| 1) | ADAMS, JORDAN | 10011 | Unliquidated General Unsecured | Claim is based on equity interest. |
| 2) | AMEEN, TERESA | 134 | $11,064.00 General Unsecured | Claim is based on equity interest. |
| 3) | AMERI, SATTAR | 255 | $60,000.00 General Unsecured | Claim is based on equity interest. |
| 4) | APRILE, ROBERT | 117 | $9,800.00 General Unsecured | Claim is based on equity interest. |
| 5) | BASIT, SALEHA | 58 | Unliquidated General Unsecured | Claim is based on equity interest. |
| 6) | BAUMGARTEN, OLGA | 319 | $9,813.32 General Unsecured | Claim is based on equity interest. |
| 7) | BENDER, WILLIAM H | 60 | $17,880.38 General Unsecured | Claim is based on equity interest. |
| 8) | BERNSTEIN, ROBERT | 95 | Unliquidated General Unsecured | Claim is based on equity interest. |
| 9) | BLANK, JOHN JEROME | 38 | $15,343.63 General Unsecured | Claim is based on equity interest. |
| 10) | BLANK, JOHN JEROME | 53 | $4,194.82 General Unsecured | Claim is based on equity interest. |
| 11) | BLANKEN, DIEDERIK | 10019 | $215.49 General Unsecured | Claim is based on equity interest. |
| 12) | BOTES, STEVE G | 10092 | $5,079.95 General Unsecured | Claim is based on equity interest. |
| 13) | BRADLEY N BROWN REV LIV TR DTD 3/20/2001 | 107 | $112,456.00 General Unsecured | Claim is based on equity interest. |

| No. | Name of Claimant | Claim to be Reclassified as Aegean Interest | Claim Amount | Reason for Reclassification |
|---|---|---|---|---|
| 14) | BRADLEY N BROWN REV LIV TR DTD 3/20/2001 | 106 | $10,946.00 General Unsecured | Claim is based on equity interest. |
| 15) | BRINO, FRANCO DI | 10041 | Unliquidated General Unsecured | Claim is based on equity interest. |
| 16) | BROSTERMAN, KATHREEN ADAMS & THOMAS P | 39 | $21,432.00 General Unsecured | Claim is based on equity interest. |
| 17) | BROWN, BRADLEY N | 102 | $47,982.00 General Unsecured | Claim is based on equity interest. |
| 18) | BROWN, JAMES EDWARD | 22 | $2,092.95 General Unsecured | Claim is based on equity interest. |
| 19) | BURKE, ALAN | 10033 | $1,630.48 General Unsecured | Claim is based on equity interest. |
| 20) | BUSTOS, JAMES L | 105 | $13,349.76 General Unsecured | Claim is based on equity interest. |
| 21) | CARACO, STEVEN | 10024 | $4,835.00 General Unsecured | Claim is based on equity interest. |
| 22) | CARICO, JOHN | 10007 | Unliquidated General Unsecured | Claim is based on equity interest. |
| 23) | CASTOE, JEFF | 35 | $15,000.00 General Unsecured | Claim is based on equity interest. |
| 24) | CERNIAUSKIENE, AUSRA | 57 | $1,015.00 General Unsecured | Claim is based on equity interest. |
| 25) | CHENG, HAO-TIEN | 10090 | $13,678.14 General Unsecured | Claim is based on equity interest. |
| 26) | CLEMMENSEN, MARK LEE | 36 | $21,026.82 General Unsecured | Claim is based on equity interest. |
| 27) | COLBERT, TINA MARIE | 190 | $1,426.63 General Unsecured | Claim is based on equity interest. |

| No. | Name of Claimant | Claim to be Reclassified as Aegean Interest | Claim Amount | Reason for Reclassification |
|---|---|---|---|---|
| 28) | COLLINS, FREDERICK B | 81 | Unliquidated General Unsecured | Claim is based on equity interest. |
| 29) | CRIMES, WILLIE | 10023 | $102.15 General Unsecured | Claim is based on equity interest. |
| 30) | CUTRUZZULA, CYNTHIA | 21 | $125.00 General Unsecured | Claim is based on equity interest. |
| 31) | DALES, DANNY JOE | 55 | $14,900.90 General Unsecured | Claim is based on equity interest. |
| 32) | DALLAIRE, JOSEE | 189 | Unliquidated General Unsecured | Claim is based on equity interest. |
| 33) | DANIELSON, KATHY A | 121 | $14,116.3 General Unsecured | Claim is based on equity interest. |
| 34) | DAVIS, DAVID M, JR | 128 | Unliquidated General Unsecured | Claim is based on equity interest. |
| 35) | DELIMA, FRANK | 149 | Unliquidated General Unsecured | Claim is based on equity interest. |
| 36) | DETWEILER, DAVID & CANDACE | 141 | $4,906.28 General Unsecured | Claim is based on equity interest. |
| 37) | DICKINSON, DAVID S | 131 | $81,926.33 General Unsecured | Claim is based on equity interest. |
| 38) | DRUCKER, DOUG | 174 | Unliquidated General Unsecured | Claim is based on equity interest. |
| 39) | DUNFORD, MARK J | 10031 | $7,069.50 General Unsecured | Claim is based on equity interest. |
| 40) | DUNFORD, MARK J | 10032 | $281.00 General Unsecured | Claim is based on equity interest. |
| 41) | EZRA, DANIELLE | 96 | $2,445.00 General Unsecured | Claim is based on equity interest. |

3

| No. | Name of Claimant | Claim to be Reclassified as Aegean Interest | Claim Amount | Reason for Reclassification |
|---|---|---|---|---|
| 42) | FANIYI, VICTORIA OMOTAYO | 148 | Unliquidated General Unsecured | Claim is based on equity interest. |
| 43) | FARMER, STEVEN CHARLES, JR | 10112 | $264.60 General Unsecured | Claim is based on equity interest. |
| 44) | FRANCISCO, ENRICK | 10021 | $2,445.00 General Unsecured | Claim is based on equity interest. |
| 45) | FREEDMAN, MARY | 272 | $4,923.35 General Unsecured | Claim is based on equity interest. |
| 46) | GALLOWAY, LINDA | 10062 | $255.83 General Unsecured | Claim is based on equity interest. |
| 47) | GAVRILOS, DEMETRIOS | 179 | $1,996.27 General Unsecured | Claim is based on equity interest. |
| 48) | GEHRIS, JOHN & MINDY | 268 | $25,936.75 General Unsecured | Claim is based on equity interest. |
| 49) | GEORGE WEISSFISCH IRA A-1 | 82 | $129,769.98 General Unsecured | Claim is based on equity interest. |
| 50) | GLOCK, TAYLOR KATHRYN | 92 | $9,217.20 General Unsecured | Claim is based on equity interest. |
| 51) | GROSS, DAVID BART | 28 | $2,825.47 General Unsecured | Claim is based on equity interest. |
| 52) | GUPTA, JIWAN | 78 | $4,871.10 General Unsecured | Claim is based on equity interest. |
| 53) | GUREVICH, EDWARD | 10028 | $73.54 General Unsecured | Claim is based on equity interest. |
| 54) | HAHN, KENNETH F | 10030 | $22,040.50 General Unsecured | Claim is based on equity interest. |
| 55) | HARRISON, ANITA & HEIDI CHAIN | 240 | $9,680.00 General Unsecured | Claim is based on equity interest. |

| No. | Name of Claimant | Claim to be Reclassified as Aegean Interest | Claim Amount | Reason for Reclassification |
|---|---|---|---|---|
| 56) | HEYNE, MARK | 156 | $1,883.96 General Unsecured | Claim is based on equity interest. |
| 57) | HIRSCH, LAURENCE | 49 | $16,182.00 General Unsecured | Claim is based on equity interest. |
| 58) | HOWIE, ROB | 180 | $72,325.80 General Unsecured | Claim is based on equity interest. |
| 59) | IRILLI, JOSEPH P AND DORIS L | 138 | Unliquidated General Unsecured | Claim is based on equity interest. |
| 60) | JAWORSKI, JANET | 237 | $3,855.00 General Unsecured | Claim is based on equity interest. |
| 61) | JENKINSON, CATHY | 142 | $1,800.00 General Unsecured | Claim is based on equity interest. |
| 62) | KHAN, AKRAM | 10034 | $7,193.00 General Unsecured | Claim is based on equity interest. |
| 63) | KISHNER, IRWIN | 136 | Unliquidated General Unsecured | Claim is based on equity interest. |
| 64) | LAM, LISA W | 93 | $2,64.95 General Unsecured | Claim is based on equity interest. |
| 65) | LAMBOUSIS, DIONYSIOS I | 124 | $5,006.45 General Unsecured | Claim is based on equity interest. |
| 66) | LAMBOUSIS, MARIA I | 123 | $1,129.90 General Unsecured | Claim is based on equity interest. |
| 67) | LAURA ROSENBERY & | 16 | $31,673.70 General Unsecured | Claim is based on equity interest. |
| 68) | LI, JUN | 97 | $5,040.15 General Unsecured | Claim is based on equity interest. |
| 69) | LIN, TOM CHUNG-TONG & TINA MEI-JEN | 151 | $5,193.90 General Unsecured | Claim is based on equity interest. |

| No. | Name of Claimant | Claim to be Reclassified as Aegean Interest | Claim Amount | Reason for Reclassification |
|---|---|---|---|---|
| 70) | LIN, TOM CHUNG-TONG & TINA MEI-JEN | 150 | $3,092.95 General Unsecured | Claim is based on equity interest. |
| 71) | LISI, FRANK & CAROL | 24 | $236.85 General Unsecured | Claim is based on equity interest. |
| 72) | LISI, FRANK AND CAROL | 23 | $2,856.56 General Unsecured | Claim is based on equity interest. |
| 73) | LOSI, JAMES G | 104 | $471.15 General Unsecured | Claim is based on equity interest. |
| 74) | LUNIYI CONSULTING INC | 147 | Unliquidated General Unsecured | Claim is based on equity interest. |
| 75) | MAMONE, ANNE | 85 | $2,839.75 General Unsecured | Claim is based on equity interest. |
| 76) | MARBLE, PHILLIP | 10013 | $190,280.84 General Unsecured | Claim is based on equity interest. |
| 77) | MATSIS, DEMOSTHENES | 120 | $4,100.00 General Unsecured | Claim is based on equity interest. |
| 78) | MCCLURE, MELISSA | 64 | $84.83 General Unsecured | Claim is based on equity interest. |
| 79) | MCDONALD, SHANE | 10016 | $270. General Unsecured | Claim is based on equity interest. |
| 80) | MEARES, NICHOLAS W | 238 | $4,507.13 General Unsecured | Claim is based on equity interest. |
| 81) | MEYER, JOAN | 116 | $10,000.00 General Unsecured | Claim is based on equity interest. |
| 82) | MOYER, DAN | 10003 | Unliquidated General Unsecured | Claim is based on equity interest. |
| 83) | NERCESSIAN, OHANNES | 40 | $9,075.79 General Unsecured | Claim is based on equity interest. |

6

| No. | Name of Claimant | Claim to be Reclassified as Aegean Interest | Claim Amount | Reason for Reclassification |
|---|---|---|---|---|
| 84) | O'CONNOR, JOHN D | 186 | $918.35 General Unsecured | Claim is based on equity interest. |
| 85) | PAI, VIDHYA | 187 | $11,500.00 General Unsecured | Claim is based on equity interest. |
| 86) | PARROTT, LYDIA | 14 | $606.90 General Unsecured | Claim is based on equity interest. |
| 87) | PATEL, SANJAY & SNEHA | 10061 | $39,438.82 General Unsecured | Claim is based on equity interest. |
| 88) | PHILLIPS, TIMOTHY MATTHEW | 10027 | $94.41 General Unsecured | Claim is based on equity interest. |
| 89) | POLITES, JOHN G | 10065 | $21.20 General Unsecured | Claim is based on equity interest. |
| 90) | POOLE FAMILY PARTNERSHIP | 56 | $430.00 General Unsecured | Claim is based on equity interest. |
| 91) | RATLIFF, JEFFREY | 10203 | $29,362.00 General Unsecured | Claim is based on equity interest. |
| 92) | REICH, JEREMY | 10059 | Unliquidated General Unsecured | Claim is based on equity interest. |
| 93) | ROBERT WELDON MORRIS ROLLOVER IRA | 115 | $24,641.00 General Unsecured | Claim is based on equity interest. |
| 94) | ROBINSON, CHARLES A, JR | 66 | $1,750.00 General Unsecured | Claim is based on equity interest. |
| 95) | ROBINSON, CHARLES A, JR | 70 | $250.00 General Unsecured | Claim is based on equity interest. |
| 96) | ROBINSON, SUSAN DIANE | 69 | $5,000.00 General Unsecured | Claim is based on equity interest. |
| 97) | RODERICK, JOHN T | 42 | $1,282.56 General Unsecured | Claim is based on equity interest. |

| No. | Name of Claimant | Claim to be Reclassified as Aegean Interest | Claim Amount | Reason for Reclassification |
|-----|-----------------|---------------------------------------------|--------------|----------------------------|
| 98) | RUHE-KAHLE, TYLER G | 101 | $3,129.97 General Unsecured | Claim is based on equity interest. |
| 99) | RYAN, CHARLOTTE | 280 | $887.90 General Unsecured | Claim is based on equity interest. |
| 100) | RYDER, ROBER AND JOYCE | 79 | $108,550.18 General Unsecured | Claim is based on equity interest. |

8

## **EXHIBIT B**

**Kravitz Declaration**

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Philip C. Dublin
Abid Qureshi
Brian T. Carney
Kevin Zuzolo

*Counsel to the Litigation Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>AEGEAN MARINE PETROLEUM<br>NETWORK INC., *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 18-13374 (MEW)<br>)<br>) Jointly Administered<br>)<br>) |

**DECLARATION OF PETER KRAVITZ IN SUPPORT OF THE LITIGATION TRUST'S
SECOND OMNIBUS OBJECTION TO CLAIMS (EQUITY INTEREST CLAIMS)**

I, Peter Kravitz, declare as follows under penalty of perjury:

1.      I am a Principal of Province, Inc. and the trustee (the "Litigation Trustee") for the

litigation trust (the "Litigation Trust") established to facilitate the implementation of the *Joint Plan*

*of Reorganization of Aegean Marine Petroleum Network Inc. and Its Debtor Affiliates Pursuant to*

*Chapter 11 of the Bankruptcy Code*, dated March 22, 2019.  In my capacity as Litigation Trustee,

I am familiar with the claims reconciliation process undertaken in connection with the Debtors'

chapter 11 cases.

---

[1] A complete list of the Debtors in the chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/aegean.

2.      I submit this declaration in support of the *Litigation Trust's Second Omnibus Objection to Claims (Equity Interest Claims)* (the "Objection"), dated as of the date hereof and filed contemporaneously herewith.

3.      Except as otherwise indicated herein, all statements in this Declaration are based upon my personal knowledge, my review (or the review of the advisors or consultants under my supervision) of (a) business records kept by the Debtors in the ordinary course of business, (b) the relevant proofs of claim, (c) the Schedules,[2] or (d) the official register of claims maintained in the Debtors' cases (the "Claims Register").  If called upon to testify, I could and would testify competently to the facts set forth herein on that basis.

4.      The proofs of claim subject to the Objection were carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel from the Debtors, Epiq Corporate Restructuring, LLC, Province, Inc. and/or Akin Gump Strauss Hauer & Feld LLP.  These efforts resulted in the identification of the Disputed Claims listed in **Schedule 1** to the Proposed Order to the Objection.

5.      The information contained in the Objection and **Schedule 1** to the Proposed Order is true and correct to the best of my knowledge and belief.

6.      As a result of my review of the proofs of claim filed in these chapter 11 cases, I have determined that the one hundred (100) Equity Interest Claims identified in the column titled "Claim to Reclassified" on **Schedule 1** to the Proposed Order represent alleged equity interests in Aegean (*i.e.*, Aegean Interests) as opposed to claims against Aegean.  Reclassification of the Equity Interest Claims is necessary because the Plan provides that each holder of an Allowed Aegean Interest shall receive in satisfaction of such interest its *pro rata* share of Class B Litigation

---

[2] Capitalized terms used herein but not otherwise defined have the meaning ascribed to them in the Objection.

3

Trust Units.  *See* Plan § III.B.9.  Thus, holders of Equity Interest Claims will not be prejudiced by the relief sought in the Objection.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 15th day of May, 2020.

/s/ _____
Peter Kravitz
*Solely in his capacity as Litigation Trustee*