> **PLEASE TAKE NOTICE THAT THIS OBJECTION SEEKS TO MODIFY, RECLASSIFY, DISALLOW, AND/OR EXPUNGE CERTAIN FILED PROOFS OF CLAIM. YOU SHOULD LOCATE YOUR NAME AND YOUR CLAIM(S) ON THE SCHEDULES ATTACHED HERETO. AS A RESULT OF THIS OBJECTION, YOUR CLAIM(S) MAY BE DISALLOWED, EXPUNGED, RECLASSIFIED, OR OTHERWISE AFFECTED. THEREFORE, PLEASE READ THIS NOTICE AND THE ACCOMPANYING OBJECTION VERY CAREFULLY.**

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Philip C. Dublin
Abid Qureshi
Kevin Zuzolo
Edan Lisovicz

*Counsel to the Litigation Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>AEGEAN MARINE PETROLEUM NETWORK INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-13374 (MEW)<br><br>Jointly Administered |

**NOTICE OF HEARING ON LITIGATION TRUST'S FOURTH OMNIBUS OBJECTION TO CLAIMS (EQUITY INTEREST CLAIMS, DUPLICATE NOTEHOLDER CLAIMS AND INSUFFICIENT DOCUMENTATION CLAIMS)**

  **PLEASE TAKE NOTICE** that, on February 5, 2021, the litigation trust (the "Litigation

Trust") established to facilitate the implementation of the *Joint Plan of Reorganization of Aegean*

---

[1] Pursuant to orders of the Court, the chapter 11 cases of the Reorganized Debtors other than Aegean Marine Petroleum S.A. (Case No. 18-13400 (MEW)) have been closed. Aegean Marine Petroleum Network, Inc. (Case No. 18-17334 (MEW)) ("Aegean") is not a Reorganized Debtor.

*Marine Petroleum Network, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code*, dated March 22, 2019, filed the *Litigation Trust's Fourth Omnibus Objection to Claims (Equity Interest Claims, Duplicate Noteholder Claims and Insufficient Documentation Claims)* (the "Objection"), and a hearing to consider the Objection shall be held before the Honorable Michael E. Wiles, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **March 9, 2021, at 10:00 a.m.** (prevailing Eastern Time) (the "Hearing"), or at such other time as the Court may determine.

**PLEASE TAKE FURTHER NOTICE** that pursuant to General Order M-543, dated March 20, 2020 (Morris, C.J.) ("General Order M-543"), the Hearing will be conducted telephonically.[2] Parties wishing to appear at, or attend, the Hearing must refer to and comply with the Court's guidelines for telephonic appearances[3] and make arrangements with Court Solutions LLC by telephone at (917) 746-7476.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or at a later hearing.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Objection must be filed with the Court in accordance with the *Order Establishing Certain Notice, Case Management, and Administrative Procedures* (ECF Doc. No. 109) (the "Case Management Order") and served so as to be actually received by: (i) Province, Inc., 2360 Corporate Circle, Suite 330, Henderson NV, 89074, Attn: Peter Kravitz and Amanda Demby, Email: ademby@provincefirm.com; (ii) Akin

---

[2] A copy of General Order M-543 can be obtained by visiting:
http://www.nysb.uscourts.gov/news/courtoperationsunder- exigent-circumstances-created-covid-19.

[3] The Court's procedures for telephonic appearances are available at:
http://www.nysb.uscourts.gov/telephonicappearances-white-plains.

Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: Philip C. Dublin, Email: pdublin@akingump.com, Kevin Zuzolo, Email: kzuzolo@akingump.com, and Edan Lisovicz, Email: elisovicz@akingump.com, counsel to the Litigation Trust; and (iii) those parties on the Service List (as defined in the *Order Establishing Certain Notice, Case Management, and Administrative Procedures* [Docket No. 109]), no later than **March 2, 2021 at 4:00 p.m. (prevailing Eastern Time)** (the "Response Deadline").

PLEASE TAKE FURTHER NOTICE that any parties filing a response are required to attend the Hearing, and failure to appear may result in relief being granted upon default, *provided* that responding parties shall attend the Hearing telephonically so long as General Order M-543 is in effect or unless otherwise ordered by the Court.

PLEASE TAKE FURTHER NOTICE that if no responses are timely filed and served with respect to the Objection, the Litigation Trust may, on or after the Response Deadline, submit to the Court an order substantially in the form of the proposed order annexed to the Objection, which order may be entered without further notice or opportunity to be heard.

PLEASE TAKE FURTHER NOTICE that copies of the Objection may be obtained free of charge by visiting the website: https://dm.epiq11.com/case/aegean/dockets. You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

*[Remainder of Page Intentionally Left Blank]*

Dated:  New York, New York          AKIN GUMP STRAUSS HAUER & FELD LLP
        February 5, 2021            By: /s/ *Philip C. Dublin*
                                    Philip C. Dublin
                                    Abid Qureshi
                                    Kevin Zuzolo
                                    Edan Lisovicz
                                    One Bryant Park
                                    New York, NY 10036
                                    Telephone: (212) 872-1000
                                    Facsimile: (212) 872-1002

                                    *Counsel to the Litigation Trust*

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Philip C. Dublin
Abid Qureshi
Kevin Zuzolo
Edan Lisovicz

*Counsel to the Litigation Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| AEGEAN MARINE PETROLEUM NETWORK INC., *et al.*,[1] | 18-13374 (MEW) |
| Debtors. | Jointly Administered |

**LITIGATION TRUST'S FOURTH OMNIBUS OBJECTION TO CLAIMS**
**(EQUITY INTEREST CLAIMS, DUPLICATE NOTEHOLDER CLAIMS**
**AND INSUFFICIENT DOCUMENTATION CLAIMS)**

The litigation trust (the "<u>Litigation Trust</u>") established to facilitate the implementation of

the *Joint Plan of Reorganization of Aegean Marine Petroleum Network Inc. and Its Debtor*

*Affiliates Pursuant to Chapter 11 of the Bankruptcy Code*, dated March 22, 2019 [Docket No. 503-

1] (the "<u>Plan</u>"),[2] hereby files this omnibus objection (the "<u>Objection</u>") for entry of an order,

substantially in the form annexed hereto as **Exhibit A** (the "<u>Proposed Order</u>"), reclassifying as

Aegean Interests each of the claims listed on **Schedule 1** to the Proposed Order and disallowing

---

[1] Pursuant to orders of the Court, the chapter 11 cases of the Reorganized Debtors other than Aegean Marine Petroleum S.A. (Case No. 18-13400 (MEW)) have been closed. Aegean Marine Petroleum Network, Inc. (Case No. 18-17334 (MEW)) ("<u>Aegean</u>") is not a Reorganized Debtor.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

and expunging each of the claims listed on **Schedules 2-3** to the Proposed Order pursuant to Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Objection, the Litigation Trust relies on the *Declaration of Peter Kravitz in Support of the Litigation Trust's Fourth Omnibus Objection to Claims (Equity Interest Claims and Section 510(b) Claims)* (the "Kravitz Declaration"), attached hereto as **Exhibit B**. In further support of this Objection, the Litigation Trust respectfully states as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are section 502 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

**A.    General Case Background**

4. On November 6, 2018 (the "Petition Date"), Aegean and certain of its affiliates (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5. On March 29, 2019, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Joint Plan of Reorganization of Aegean Marine Petroleum Network Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 503]

(the "<u>Confirmation Order</u>").  On April 3, 2019, the Plan was substantially consummated and the effective date of the Plan occurred (the "<u>Effective Date</u>").[3]

6.        On the Effective Date, the Litigation Trust was created pursuant to the Plan and the Litigation Trust Agreement, dated as of April 3, 2019 (the "<u>Litigation Trust Agreement</u>"), by and among Aegean, the other Debtors and the Non-Debtor Subsidiaries, as settlors, and Peter Kravitz, as trustee of the Litigation Trust (the "<u>Litigation Trustee</u>").  Pursuant to Article VIII.B.2. of the Plan, the Litigation Trust has the sole authority to file, withdraw or litigate to judgment objections to Disputed Aegean Unsecured Claims in Class 4A, Disputed Section 510(b) Claims in Class 7, and Disputed Aegean Interests in Class 8.  Pursuant to Article VIII.B.1. of the Plan, the Reorganized Debtors have the sole authority to file, withdraw or litigate to judgment objections to Claims and Interests other than Disputed Aegean Unsecured Claims in Class 4A, Disputed Section 510(b) Claims in Class 7, and Disputed Aegean Interests in Class 8.[4]

**B.        Schedules, Bar Date, and Notice**

7.        On December 11, 2018, the Debtors filed the *Debtors' Motion for Entry of an Order (I) Setting Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, and (III) Approving Notice Thereof* [Docket No. 199] (the "<u>Bar Date Motion</u>"). On December 18, 2018, the Bankruptcy Court entered an order granting the relief set forth in the Bar Date Motion [Docket No. 240] (the "<u>Bar Date Order</u>"), which established certain procedures

---

[3] *See Notice of (A) Entry of Order Confirming the Joint Plan of Reorganization of Aegean Marine Petroleum Network Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code and (B) Occurrence of the Effective Date* [Docket No. 514].

[4] The proof of claim forms for certain of the claims subject to this Objection assert that such claims are other than Disputed Aegean Unsecured Claims, Disputed Section 510(b) Claims, or Disputed Aegean Interests (*e.g.*, secured or priority claims).  Based on the Litigation Trust's review of the proof of claim form and supporting documentation attached to such claims, however, it is apparent that such claims are in fact Duplicate Noteholder Claims or Equity Interest Claims (each as defined herein) that are properly subject to the review and objection of the Litigation Trust. The Litigation Trust consulted with counsel to the Reorganized Debtors regarding the foregoing and the Reorganized Debtors consent to the Litigation Trust objecting to such claims.

and deadlines for filing proofs of claim against the Debtors and approved the form and manner of the bar date notice (the "Bar Date Notice"). Pursuant to the Bar Date Order and the Bar Date Notice, the deadline for certain persons and entities to file proofs of claim in these chapter 11 cases was February 21, 2019 at 5:00 p.m. Eastern Time (the "General Bar Date") and the deadline for governmental units to file proofs of claim in the Debtors' chapter 11 cases was May 6, 2019 at 5:00 p.m. Eastern Time. The Bar Date Notice was served on January 3, 2019 and published in *The New York Times* (national and international editions), *Financial Times* (international edition), and *Tradewinds* on January 7, 2019, January 8, 2019, and January 11, 2019, respectively.

8.     On January 2, 2019, the Debtors filed their Schedules of Assets and Liabilities and Statements of Financial Affairs. *See, e.g.*, Docket Nos. 262-63.

**C.     Claims Resolution Process**

9.     The Litigation Trustee and the Litigation Trust's advisors are in the process of reviewing proofs of claim filed in these cases, including any supporting documentation attached thereto, and reconciling the proofs of claim with the Debtors' books and records to determine the validity of the proofs of claim. On October 18, 2019, the Litigation Trust filed the *Litigation Trust's First Omnibus Objection to Claims (Amended and Superseded Claims, Duplicate Claims, Duplicate Noteholder Claims, and Insufficient Documentation Claims)* [Docket No. 610] (the "First Omnibus Claim Objection"), which sought to disallow and expunge two Amended and Superseded Claims, eight Duplicate Claims, 67 Duplicate Noteholder Claims and two Insufficient Documentation Claims (each as defined therein) (the "First Omnibus Claims Objection"). On November 19, 2019, the Court entered the *Order Disallowing and Expunging Claims* [Docket No. 626], which sustained the First Omnibus Claims Objection and disallowed and expunged the foregoing claims as set forth on Schedules 1-4 thereto.

10.     On May 15, 2020, the Litigation Trust filed the *Litigation Trust's Second Omnibus Objection to Claims (Equity Interest Claims)* [Docket No. 690] (the "Second Omnibus Claim Objection"), which sought to reclassify as Aegean Interests 100 proofs of claim filed on behalf of equity interests, and the *Litigation Trust's Third Omnibus Objection to Claims (Equity Interest Claims and Section 510(b) Claims)* [Docket No. 691] (the "Third Omnibus Claim Objection"), which sought to reclassify as Aegean Interests 51 proofs of claim filed on behalf of equity interests and to reclassify as Section 510(b) Claims 19 proofs of claim that asserted claims under Bankruptcy Code section 510(b).   On June 15, 2020, the Bankruptcy Court entered orders sustaining the Second Omnibus Claim Objection and the Third Omnibus Claim Objection and reclassifying the foregoing claims as Aegean Interests or Section 510(b) Claims, as applicable. The Litigation Trust is in the process of preparing additional objections to certain claims that the Litigation Trust and its advisors believe should be disallowed, expunged, or reclassified.

## RELIEF REQUESTED

11.     Pursuant to Bankruptcy Code section 502(b) and Bankruptcy Rule 3007, the Litigation Trust respectfully requests entry of the Proposed Order attached hereto as **Exhibit A** reclassifying as Aegean Interests the claims identified on **Schedule 1** to the Proposed Order and disallowing and expunging the claims identified on **Schedules 2-3** to the Proposed Order.

## CLAIM OBJECTIONS

12.     When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant.  *See In re Marino*, 90 B.R. 25, 29 (Bankr. D. Conn. 1988); *Matter of Int'l Match Corp.*, 69 F. 2d 73, 76 (2d Cir. 1934) (finding that a proof of claim should at least allege facts from which legal liability can be seen to exist).  Where the claimant alleges sufficient facts to support its claim, its claim is

afforded *prima facie* validity. *In re Vanegas*, 290 B.R. 190, 193 (Bankr. D. Conn. 2003); Fed. R. Bankr. P. 3001(f).

13.     As a result, a party wishing to dispute such a claim must produce evidence in sufficient force to negate the claim's *prima facie* validity. *In re Vanegas*, 290 B.R. 190, 193 (Bankr. D. Conn. 2003). The objecting party must produce evidence that would refute at least one of the allegations essential to the claim's legal sufficiency. *Id.* Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. *In re Rockefeller Ctr. Properties*, 241 B.R. 804, 817 (Bankr. S.D.N.Y. 1999).

**A.     Equity Interest Claims (Schedule 1)**

14.     Bankruptcy Rule 3007(d)(7) allows omnibus objections to claims that are "are interests, rather than claims." Fed. R. Bankr. P. 3007(d)(7). The rationale for allowing objections to such claims is obvious. The Bankruptcy Code differentiates between a "claim" and an "equity security." *See* 11 U.S.C. §§ 101(5), 101(16). Under the Bankruptcy Code, those who have "claims" against the Debtors are called "creditors" while those who hold "equity securities" are called "equity security holders." *See id.* §§ 101(10), 101(17). While creditors are entitled to file proofs of claim to preserve their rights to distributions on account of their claims, equity security holders are not entitled to file proofs of claim to preserve their rights, if any, based solely on their ownership of equity interests. *See* Bar Date Order ¶ 9(h) (providing that proofs of claim need not be submitted for "any Claim that is exclusively with respect to the claimant's equity interest in the Debtors that is not a Claim against the Debtors *relating to* such interest or to *the purchase or sale* of such interest (*i.e.*, a Claim that solely documents a claimant's equity interest in the Debtors)"); *see also McGimsey v. USA Capital Diversified Trust Deed Fund, LLC (In re USA Commercial*

*Mortg. Co.*), 377 B.R. 608, 615 (9th Cir. B.A.P. 2007) ("It is axiomatic that an allowed proof of claim requires something more than mere equity ownership").

15.     Based on a review of the claims filed in these chapter 11 cases, the Litigation Trust has identified nine (9) proofs of claim (the "Equity Interest Claims") listed in the column titled "Claim to be Reclassified as Aegean Interest" on **Schedule 1** that represent equity interests in Aegean (*i.e.*, Aegean Interests)[5] as opposed to claims against Aegean.  Pursuant to the Plan, Aegean Unsecured Claims (*i.e.,* general unsecured claims against Aegean) are entitled to their *pro rata* share of Class A Litigation Trust Units and Aegean Interests are entitled to their *pro rata* share of Class B Litigation Trust Units.  *See* Plan § III.B.9.  In accordance with the foregoing, each Aegean Interest was satisfied and replaced on the Effective Date by a Class B Litigation Trust Unit that was identifiable by an escrow CUSIP.  In accordance with the priorities set forth in the Bankruptcy Code, the holders of Class B Litigation Trust Units will only receive a distribution from the Litigation Trust after holders of Class A Litigation Trust Units receive Payment in Full. To the extent the Class B Litigation Trust Units become entitled to a recovery, holders of Allowed Aegean Interests shall receive such recovery through the Class B Litigation Trust Units and corresponding escrow CUSIP.

16.     At this time, the Litigation Trust is seeking only to reclassify the Equity Interest Claims as Aegean Interests and is not seeking allowance or disallowance.  Thus, claimants that filed Equity Interest Claims will not be prejudiced by reclassifying such claims as Aegean Interests, subject to the rights of the Litigation Trust to seek disallowance or object on any other grounds in the event that further reconciliation of the Aegean Interests becomes necessary after

---

[5] *See* Plan § I.A.5.

Payment in Full of the Aegean Unsecured Claims. Reclassifying the Equity Interest Claims will also result in a more accurate Claims Register and facilitate the claims resolution process.

17.     For the foregoing reasons, the Litigation Trust requests entry of an order reclassifying the Equity Interest Claims in **Schedule 1** as Aegean Interests. The Litigation Trust reserves the right to file subsequent objections to, or seek expungement or reduction of, any Equity Interest Claim or Aegean Interest on any ground.[6]

## B.     Duplicate Noteholder Claims (Schedule 2)

18.     Bankruptcy Rule 3007(d)(1) allows omnibus objections to claims that duplicate other claims. Fed. R. Bankr. P. 3007(d)(1). Based on a review of the claims filed in these chapter 11 cases, the Litigation Trust has identified twenty-eight (28) proofs of claim (the "Duplicate Noteholder Claims") listed on **Schedule 2** that are duplicative of Unsecured Notes Claims that were Allowed pursuant to the Plan. The Litigation Trust has identified the Duplicate Noteholder Claims in the column titled "Claim to be Disallowed and Expunged" on **Schedule 2** along with certain additional information regarding each Duplicate Noteholder Claim, including the identity of the claimant and the claim amount.

19.     The claimants holding Duplicate Noteholder Claims will not be prejudiced by having their respective Duplicate Noteholder Claims disallowed and expunged because such claims under the Unsecured Notes Indentures have already been Allowed pursuant to the Plan.[7] *See* Plan Art. III.A.4 ("The Unsecured 4.00% Notes Claims shall be Allowed in the aggregate principal amount of $94,550,000.00, plus accrued and unpaid interest, as of the Petition Date. The

---

[6] Pursuant to the Plan, all Aegean Interests are Disputed until such Aegean Interests are Allowed. *See* Plan § I.A.10.

[7] Pursuant to the Bar Date Order, creditors asserting "any Claim for principal, interest, or applicable fees or charges on account of any note, bond, or debenture issued by the Debtors pursuant to an indenture or a credit agreement with respect to such Claim" were not required to file proofs of claim. Bar Date Order ¶ 9(d). In reviewing the proof of claim form and any supporting documentation attached to each Duplicate Noteholder Claim, the Litigation Trust has determined that each Duplicate Noteholder Claim was filed exclusively on account of an Unsecured Notes Claim.

Unsecured 4.25% Notes Claims shall be Allowed in the aggregate principal amount of $172,500,000.00, plus accrued and unpaid interest, as of the Petition Date."). Further, the Plan provides that the Unsecured Notes Indentures remain in effect for the purpose of enabling holders of Allowed Unsecured Notes Claims to receive distributions as set forth in the Plan. *Id.* Art. IV.H. Accordingly, should the Duplicate Noteholder Claims not be disallowed and expunged, the holders of such claims may receive multiple distributions on account of a single liability, thus prejudicing other similarly situated creditors. Multiple recoveries of this sort are not permitted under the Bankruptcy Code and the Litigation Trust should not be required to satisfy the same obligation twice.

20.     For the foregoing reasons, the Litigation Trust (a) objects to the Duplicate Noteholder Claims listed on **Schedule 2** and (b) requests entry of an order disallowing and expunging the Duplicate Noteholder Claims in their entirety.

**C.      Insufficient Documentation Claims (Schedule 3)**

21.     A proof of claim must "set forth the facts necessary to support the claim," *In re Chain*, 255 B.R. 278, 280 (Bankr. D. Conn. 2000), and must, at a minimum, "contain sufficient information for a party in interest to evaluate the basis of the claim." *In re Today's Destiny, Inc.*, No. 05-90080, 2008 Bankr. LEXIS 3577, at *22 (Bankr. S.D. Tex. Nov. 26, 2008). Thus, Bankruptcy Rule 3007(d)(6) allows omnibus objections to claims that are "presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance." Fed. R. Bankr. P. 3007(d)(6). Moreover, where a claim is based on a writing, a copy of the writing must be filed with the proof of claim. *See* Fed. R. Bankr. P. 3001(c); *see also* Bar Date Order ¶ 7(b) (requiring proofs of claim to include supporting documentation or an explanation as to why documentation is not available).

If a claim fails to comply with the documentation requirements of Bankruptcy Rule 3001(c), it is not entitled to *prima facie* validity and may be disallowed. *See Minbatiwalla*, 424 B.R. 104, 119 (Bankr. S.D.N.Y. 2010) ("[I]n certain circumstances, claims can be disallowed for failure to support the claim with sufficient evidence . . . because absent adequate documentation, the proof of claim is not sufficient for the objector to concede the validity of a claim."); *In re Porter*, 374 B.R. 471, 480 (Bankr. D. Conn. 2007); *Feinberg v. Bank of N.Y. (In re Feinberg)*, 442 B.R. 220-22 (Bankr. S.D.N.Y. 2010).

22.     Based on a review of the claims filed in these chapter 11 cases, the Litigation Trust has identified eleven (11) proofs of claim listed in the column titled "Claim to be Disallowed and Expunged" on **<u>Schedule 3</u>** that do not contain sufficient information to ascertain the validity of such claims (the "<u>Insufficient Documentation Claims</u>") because each such claim either (a) fails to indicate on the proof of claim form a Debtor in the chapter 11 cases against which the claim is being asserted and/or the basis of the claim asserted or (b) is based on a writing and fails to include any supporting documentation indicating the existence of a claim. Specifically: (a) nine (9) of the Insufficient Documentation Claims list the case number for Aegean (*i.e.*, Case No. 18-13374) in the "Case number" section of the proof of claim form, but list an entity other than Aegean—and that was not a Debtor in the chapter 11 cases—in the "Debtor" section of the proof of claim form;[8] and (b) two (2) of the Insufficient Documentation Claims appear to be based on a writing but fail to attach any documentation in support of the claim and fail to otherwise provide sufficient information to ascertain the basis of the claim.[9] Each Insufficient Documentation Claim was

---

[8] The Bar Date Order requires each proof of claim to specify by name and case number the Debtor against which the claim is submitted, and provides that claims submitted under Case No. 18-13374 that do not identify a Debtor will be treated as submitted only against Aegean. Bar Date Order ¶ 7(d).

[9] In addition, one such claim (Claim No. 322) was filed on March 18, 2019, nearly one month after the deadline established under the Bar Date Order. Accordingly, even if the holder of such claim was able to provide documentation to support such claim, it should be disallowed and expunged in accordance with the applicable

compared to the Debtors' books and records and the Litigation Trust is unable to determine from the proof of claim itself what amount, if any, is owed to each claimant.

23.     Based on the foregoing, the Insufficient Documentation Claims should be disallowed and expunged. Accordingly, the Litigation Trust (a) objects to the Insufficient Documentation Claims listed on **Schedule 3** and (b) requests entry of an order disallowing and expunging the Insufficient Documentation Claims in their entirety.

## COMPLIANCE WITH THE BANKRUPTCY RULES

24.     The Litigation Trust respectfully submits that the content of this Objection complies with the Bankruptcy Rules for the following reasons:

(a)     the Objection conspicuously states on the first page that claimants receiving the objection should locate their names and claims in the Objection;

(b)     **Schedules 1-3** state the grounds of the objection to each claim and provide a cross-reference to the pages in the Objection pertinent to the stated grounds;

(c)     the title of the Objection states the identity of the objecting party and the grounds for the Objection;

(d)     each schedule to the Proposed Order includes only the claims to which there is a common basis for the Objection;

(e)     claimants subject to the Objection are listed alphabetically by claimant name, with a cross-reference to claim numbers in the applicable Schedule;

(f)     the Objection contains no more than 100 objections; and

(g)     the Objection will be set for hearing at least 30 days after the filing of this Objection.

*See* Fed. R. Bankr. P. 3007.

---

provisions of the Bankruptcy Code and the Bar Date Order. *See* 11 U.S.C. § 502 ("[I]f [an] objection to a claim is made, the court, after notice and a hearing, shall . . . allow such claim . . . except to the extent that . . . proof of such claim is not timely filed."); Bar Date Order ¶¶ 3, 6 (providing that a holder of a claim that fails to timely file a proof of claim shall not be treated as a creditor with respect to such claim for the purposes of distributions in these chapter 11 cases on account of such claim).

## SEPARATE CONTESTED MATTERS

25.     To the extent a response is filed regarding any claim listed in the Objection and the Litigation Trust is unable to resolve the response, the Objection by the Litigation Trust to such claim shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim subject thereto.

## RESERVATION OF RIGHTS

26.     The Litigation Trust hereby reserves the right to: (i) file subsequent objections to any claims subject hereto on any ground; (ii) amend, modify, and/or supplement this Objection, including, without limitation, the filing of objections to further amended or newly-filed claims; (iii) seek expungement or reduction of any claim to the extent all or a portion of such claim has been paid; and (iv) settle any claim for less than the asserted amount. Nothing in this Objection should be construed as a waiver of the rights of the Litigation Trust with regard to any rights the Litigation Trust may have with respect to the foregoing. Separate notice and a hearing will be provided in respect of any such additional objections.

## NOTICE

27.     Notice of this Objection will be provided by electronic mail, facsimile, regular or overnight mail, and/or hand delivery to (a) each of the claimants listed on **Schedules 1-3** to the Proposed Order and (b) all parties listed on the Master Service List, as defined in the *Order Establishing Certain Notice, Case Management, and Administrative Procedures* [Docket No. 109]. In light of the nature of the relief requested, the Litigation Trust respectfully submits that no further notice is necessary.

**NO PREVIOUS REQUEST**

28.     No previous request for the relief sought herein has been made by the Litigation Trust to this Court or any other court.

**CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Litigation Trust respectfully requests entry of an order, substantially in the form annexed hereto as **Exhibit A**:  (i) reclassifying as Aegean Interests the Equity Interest Claims identified on **Schedule 1** to the Proposed Order; (ii) disallowing and expunging the Duplicate Noteholder Claims identified on **Schedule 2** to the Proposed Order; (iii) disallowing and expunging the Insufficient Documentation Claims identified on **Schedule 3** to the Proposed Order; and (iv) granting such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        February 5, 2021

**AKIN GUMP STRAUSS HAUER & FELD LLP**
By: _/s/ Philip C. Dublin_
Philip C. Dublin
Abid Qureshi
Kevin Zuzolo
Edan Lisovicz
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
pdublin@akingump.com
aqureshi@akingump.com
kzuzolo@akingump.com
elisovicz@akingump.com

_Counsel to the Litigation Trust_

# EXHIBIT A

## Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ) | |
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| AEGEAN MARINE PETROLEUM ) | Case No. 18-13374 (MEW) |
| NETWORK INC., *et al.*,[1] ) | |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | |

## ORDER RECLASSIFYING AND DISALLOWING AND EXPUNGING CLAIMS

Upon the *Litigation Trust's Fourth Omnibus Objection to Claims (Equity Interest Claims, Duplicate Noteholder Claims and Insufficient Documentation Claims)* (the "Objection"),[2] pursuant to Bankruptcy Code section 502(b) and Bankruptcy Rule 3007; and the Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection being adequate and appropriate under the particular circumstances; and the Court having considered the Kravitz Declaration and found and determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED**:

1.      The Objection is sustained to the extent provided herein.

---

[1] Pursuant to orders of the Court, the chapter 11 cases of the Reorganized Debtors other than Aegean Marine Petroleum S.A. (Case No. 18-13400 (MEW)) have been closed. Aegean Marine Petroleum Network, Inc. (Case No. 18-17334 (MEW)) ("Aegean") is not a Reorganized Debtor.

[2] Capitalized terms used and not otherwise defined in this Order shall have the meanings ascribed to such terms in the Objection.

2.     The Equity Interest Claims listed on **Schedule 1** annexed hereto under the heading labeled "Claim to be Reclassified as Aegean Interest" are reclassified as Aegean Interests. Such Aegean Interests are neither allowed nor disallowed and remain subject to the rights of the Litigation Trust to file subsequent objections on any ground.

3.     The Duplicate Noteholder Claims listed on **Schedule 2** annexed hereto under the heading "Claim to be Disallowed and Expunged" are disallowed and expunged in their entirety.

4.     The Insufficient Documentation Claims listed on **Schedule 3** annexed hereto under the heading "Claim to be Disallowed and Expunged" are disallowed and expunged in their entirety.

5.     The form of the Objection as an omnibus objection is approved.

6.     The Litigation Trust's rights, to: (i) file subsequent objections to any claims on any ground; (ii) amend, modify, or supplement the Objection, including, without limitation, the filing of objections to further amended or newly-filed claims; (iii) seek to expunge or reduce any claim to the extent all or a portion of such claim has been paid; and (iv) settle any claim for less than the asserted amount are expressly preserved.

7.     The objection by the Litigation Trust to each claim, as addressed in the Objection and as set forth in **Schedules 1-3** attached hereto, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate Order with respect to each claim that is the subject of the objection. Any stay of this Order pending appeal by any claimants whose claims are subject to this Order shall only apply to the contested matter that involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to any other contested matters addressed in the objection and this Order.

8.     The terms and conditions of this order shall be immediately effective and enforceable upon its entry.

9.      The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this order.

Dated: _____, 2021
        New York, New York

_____
The Honorable Michael E. Wiles
United States Bankruptcy Judge

## **Schedule 1**

Equity Interest Claims (*see* Objection ¶¶ 14-17)

| No. | Name of Claimant | Claim to be Reclassified as Aegean Interest | Claim Amount | Reason for Reclassification |
|---|---|---|---|---|
| 1) | BASS, ROBERT SCOTT | 71 | $4,462.00 | Claim is based on equity interest. |
| 2) | DAVE, CHANDRAKANT P | 146 | $0.00 | Claim is based on equity interest. |
| 3) | KAWASH, AMJAD | 10006 | $477.50 | Claim is based on equity interest. |
| 4) | KUMAR, RAJEEV | 278 | $3,718.00 | Claim is based on equity interest. |
| 5) | LECKERT, MARK | 10035 | $0.00 | Claim is based on equity interest. |
| 6) | NGUYEN, BINH | 10029 | $6,000.00 | Claim is based on equity interest. |
| 7) | PAUL L PEDRETTI ROTH IRA | 54 | $11,765.80 | Claim is based on equity interest. |
| 8) | SHIMMEL, JAMES H & DOROTHY K - JTWROS | 86 | $91.60 | Claim is based on equity interest. |
| 9) | WILLIAMS, DARLENE SELENA | 17 | $0.00 | Claim is based on equity interest. |

## **Schedule 2**

Duplicate Noteholder Claims (*see* Objection ¶¶ 18-20)

| No. | Name of Claimant | Claim to be Disallowed and Expunged | Claim Amount | Reason for Disallowance |
|---|---|---|---|---|
| 1) | BAKER, GALEN K | 306 | $20,000.00 | Claim is duplicative of Unsecured Notes Claim allowed pursuant to the Plan. |
| 2) | DARMSTATTER, RICHARD L | 309 | $15,000.00 | Claim is duplicative of Unsecured Notes Claim allowed pursuant to the Plan. |
| 3) | DAVID COOK IRA | 267 | $20,000.00 | Claim is duplicative of Unsecured Notes Claim allowed pursuant to the Plan. |
| 4) | DELIA, BARBARA A, TTEE | 48 | $10,000.00 | Claim is duplicative of Unsecured Notes Claim allowed pursuant to the Plan. |
| 5) | DELIA, ROBERT J, TTEE | 47 | $20,000.00 | Claim is duplicative of Unsecured Notes Claim allowed pursuant to the Plan. |
| 6) | DEUTSCH, JEFFREY K & LISA A | 310 | $20,000.00 | Claim is duplicative of Unsecured Notes Claim allowed pursuant to the Plan. |
| 7) | EASTWOLD, SYLVIA & MARK | 297 | $15,000.00 | Claim is duplicative of Unsecured Notes Claim allowed pursuant to the Plan. |
| 8) | HALPERIN, LINDA R | 320 | $25,000.00 | Claim is duplicative of Unsecured Notes Claim allowed pursuant to the Plan. |
| 9) | JANICE E FRENS TRUST | 251 | $10,000.00 | Claim is duplicative of Unsecured Notes Claim allowed pursuant to the Plan. |
| 10) | JEAN HELEN RICHTER REVOCABLE LIVING- | 308 | $20,000.00 | Claim is duplicative of Unsecured Notes Claim allowed pursuant to the Plan. |
| 11) | JOELNER, F ERIC | 312 | $40,000.00 | Claim is duplicative of Unsecured Notes Claim allowed pursuant to the Plan. |
| 12) | JUDSON AFMAN TRUST | 301 | $15,000.00 | Claim is duplicative of Unsecured Notes Claim allowed pursuant to the Plan. |
| 13) | LISCHER, DORIS M | 152 | $15,000.00 | Claim is duplicative of Unsecured Notes Claim allowed pursuant to the Plan. |
| 14) | MEYER, SONDRA S | 307 | $15,000.00 | Claim is duplicative of Unsecured Notes Claim allowed pursuant to the Plan. |

| No. | Name of Claimant | Claim to be Disallowed and Expunged | Claim Amount | Reason for Disallowance |
|-----|------------------|-------------------------------------|--------------|-------------------------|
| 15) | MITCHINER, WILLIAM C | 18 | $15,000.00 | Claim is duplicative of Unsecured Notes Claim allowed pursuant to the Plan. |
| 16) | NADLER, CAROL J | 305 | $25,000.00 | Claim is duplicative of Unsecured Notes Claim allowed pursuant to the Plan. |
| 17) | NIEBOER, ELNA | 252 | $12,000.00 | Claim is duplicative of Unsecured Notes Claim allowed pursuant to the Plan. |
| 18) | PEMBROKE, EILEEN | 339 | $10,000.00 | Claim is duplicative of Unsecured Notes Claim allowed pursuant to the Plan. |
| 19) | PRICE, BARBARA J & BEVERLY J | 253 | $8,000.00 | Claim is duplicative of Unsecured Notes Claim allowed pursuant to the Plan. |
| 20) | SANTERRE, TERESA MARIE | 302 | $25,000.00 | Claim is duplicative of Unsecured Notes Claim allowed pursuant to the Plan. |
| 21) | SCHICK, PAUL F | 279 | $1,209.95 | Claim is duplicative of Unsecured Notes Claim allowed pursuant to the Plan. |
| 22) | SHAW, LAURA | 157 | $22,775.00 | Claim is duplicative of Unsecured Notes Claim allowed pursuant to the Plan. |
| 23) | STAH, RONALD F & DONNA E | 340 | $20,000.00 | Claim is duplicative of Unsecured Notes Claim allowed pursuant to the Plan. |
| 24) | SUTTON, DANIEL JAMES | 282 | $6,000.00 | Claim is duplicative of Unsecured Notes Claim allowed pursuant to the Plan. |
| 25) | SUTTON, JEAN AND ROBERT | 283 | $3,000.00 | Claim is duplicative of Unsecured Notes Claim allowed pursuant to the Plan. |
| 26) | VAN EECKHOUTE, JOSEPH C & PAULA J | 311 | $5,000.00 | Claim is duplicative of Unsecured Notes Claim allowed pursuant to the Plan. |
| 27) | WALTER, CHARLES G. | 324 | $34,728.89 | Claim is duplicative of Unsecured Notes Claim allowed pursuant to the Plan. |
| 28) | ZYSK TRUST | 250 | $10,000.00 | Claim is duplicative of Unsecured Notes Claim allowed pursuant to the Plan. |

## **Schedule 3**

Insufficient Documentation Claims (*see* Objection ¶¶ 21-23)

| No. | Name of Claimant | Claim to be Disallowed & Expunged | Claim Amount | Reason for Disallowance |
|---|---|---|---|---|
| 1) | ANTIPOLLUTION SINGLE MEMBER SA | 193 | $3,183.87 | Claim does not contain sufficient information to determine validity of claim. |
| 2) | ANTIPOLLUTION SINGLE MEMBER SA | 194 | $819.71 | Claim does not contain sufficient information to determine validity of claim. |
| 3) | ANTIPOLLUTION SINGLE MEMBER SA | 195 | $1,345.14 | Claim does not contain sufficient information to determine validity of claim. |
| 4) | ANTIPOLLUTION SINGLE MEMBER SA | 196 | $1,669.99 | Claim does not contain sufficient information to determine validity of claim. |
| 5) | ANTIPOLLUTION SINGLE MEMBER SA | 199 | $42,126.00 | Claim does not contain sufficient information to determine validity of claim. |
| 6) | ANTIPOLLUTION SINGLE MEMBER SA | 200 | $1,572.68 | Claim does not contain sufficient information to determine validity of claim. |
| 7) | ANTIPOLLUTION SINGLE MEMBER SA | 207 | $209.44 | Claim does not contain sufficient information to determine validity of claim. |
| 8) | ANTIPOLLUTION SINGLE MEMBER SA | 214 | $9,955.31 | Claim does not contain sufficient information to determine validity of claim. |
| 9) | ANTIPOLLUTION SINGLE MEMBER SA | 220 | $665.65 | Claim does not contain sufficient information to determine validity of claim. |
| 10) | ISOM, DAWN CHARNETTE | 322 | $40.00 | Claim does not contain sufficient information to determine validity of claim. |
| 11) | KHAN, MATIUR | 10005 | $35.41 | Claim does not contain sufficient information to determine validity of claim. |

# EXHIBIT B

## Kravitz Declaration

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Philip C. Dublin
Abid Qureshi
Kevin Zuzolo
Edan Lisovicz

*Counsel to the Litigation Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>AEGEAN MARINE PETROLEUM<br>NETWORK INC., *et al.*,[1]<br><br>                          Debtors. | Chapter 11<br><br>Case No. 18-13374 (MEW)<br><br>Jointly Administered |

**DECLARATION OF PETER KRAVITZ IN SUPPORT OF THE LITIGATION
TRUST'S FOURTH OMNIBUS OBJECTION TO CLAIMS
(EQUITY INTEREST CLAIMS, DUPLICATE NOTEHOLDER CLAIMS
AND INSUFFICIENT DOCUMENTATION CLAIMS)**

I, Peter Kravitz, declare as follows under penalty of perjury:

        1.        I am a Principal of Province, Inc. and the trustee (the "Litigation Trustee") for the

litigation trust (the "Litigation Trust") established to facilitate the implementation of the *Joint Plan*

*of Reorganization of Aegean Marine Petroleum Network Inc. and Its Debtor Affiliates Pursuant to*

*Chapter 11 of the Bankruptcy Code*, dated March 22, 2019. In my capacity as Litigation Trustee,

I am generally familiar with the Debtors' day-to-day operations, business, financial affairs, and

---

[1] Pursuant to orders of the Court, the chapter 11 cases of the Reorganized Debtors other than Aegean Marine Petroleum S.A. (Case No. 18-13400 (MEW)) have been closed. Aegean Marine Petroleum Network, Inc. (Case No. 18-17334 (MEW)) ("Aegean") is not a Reorganized Debtor.

books and records.  I am also familiar with the claims reconciliation process undertaken in connection with the Debtors' chapter 11 cases.

2.      I submit this declaration in support of the *Litigation Trust's Fourth Omnibus Objection to Claims (Equity Interest Claims, Duplicate Noteholder Claims and Insufficient Documentation Claims)* (the "Objection"), dated as of the date hereof and filed contemporaneously herewith.

3.      Except as otherwise indicated herein, all statements in this Declaration are based upon my personal knowledge, my review (or the review of the advisors or consultants under my supervision) of (a) business records kept by the Debtors in the ordinary course of business, (b) the relevant proofs of claim, (c) the Schedules,[2] or (d) the official register of claims maintained in the Debtors' chapter 11 cases (the "Claims Register").  If called upon to testify, I could and would testify competently to the facts set forth herein on that basis.

4.      The proofs of claim subject to the Objection were carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel from the Reorganized Debtors, Epiq Corporate Restructuring, LLC, Province, Inc. and/or Akin Gump Strauss Hauer & Feld LLP. These efforts resulted in the identification of the disputed claims listed in **Schedules 1-3** to the Proposed Order to the Objection.

5.      The information contained in the Objection and **Schedules 1-3** to the Proposed Order is true and correct to the best of my knowledge and belief.

6.      As a result of my review of the proofs of claim filed in these chapter 11 cases, I have determined that the nine (9) Equity Interest Claims identified in the column titled "Claim to Reclassified as Aegean Interest" on **Schedule 1** to the Proposed Order represent alleged equity

---

[2] Capitalized terms used herein but not otherwise defined have the meanings ascribed to them in the Objection.

interests in Aegean (*i.e.*, Aegean Interests) as opposed to claims against Aegean. Reclassification of the Equity Interest Claims is necessary because the Plan provides that each holder of an Allowed Aegean Interest shall receive in satisfaction of such interest its *pro rata* share of Class B Litigation Trust Units. *See* Plan § III.B.9. Thus, holders of Equity Interest Claims will not be prejudiced by the relief sought in the Objection.

7. As a result of my review of the proofs of claim filed in these chapter 11 cases, I have determined that the twenty-eight (28) Duplicate Noteholder Claims identified in the column titled "Claim to be Disallowed and Expunged" on **Schedule 2** to the Proposed Order are duplicative of Unsecured Notes Claims allowed pursuant to the Plan. The claimants asserting Duplicate Noteholder Claims will not be prejudiced by having their respective claims disallowed and expunged because such claims under the Unsecured Notes Indentures have already been allowed pursuant to the Plan. The Plan also provides that the Unsecured Notes Indentures remain in effect for the purpose of enabling holders of Allowed Unsecured Notes Claims to receive distributions as set forth in the Plan. Thus, the Duplicate Noteholder Claims must be disallowed and expunged to prevent the holders of such claims from receiving multiple distributions on account of a single liability, thus prejudicing other similarly situated creditors.

8. As a result of my review of the proofs of claim filed in these chapter 11 cases, I have determined that each of the eleven (11) claims identified in the column titled "Claim to be Disallowed and Expunged" on **Schedule 3** to the Proposed Order failed to assert a claim or provide sufficient documentation to ascertain the validity of such claims because such claims either (a) fail to indicate on the proof of claim form a Debtor in the chapter 11 cases against which the claim is being asserted and/or the basis of the claim asserted or (b) fails to include any supporting documentation to indicate the existence of a claim. Additionally, each Insufficient Documentation

Claim was compared to the Debtors' books and records to ensure that no prepetition amounts were outstanding. The Insufficient Documentation Claims, however, do not contain enough information to allow me to determine from the proofs of claim themselves what amount, if any, is owed to the claimant.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 5th day of February, 2021.

/s/
Peter Kravitz
*Solely in his capacity as Litigation Trustee*